IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ROCCO TOMMASEO, et al )<br>       Plaintiffs )<br>)<br>V. )<br>)<br>THE UNITED STATES )<br>)<br>       Defendant ) | 1:05-cv-1119 SGB<br>Hon. Susan G. Braden |

## FIRST AMENDED CLASS ACTION COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come ROCCO TOMMASEO, and, THOMAS TOMMASEO, and ROCKY AND CARLO, INC., and STEVEN BORDELON, husband of, and CYNTHIA BORDELON and STEVE'S MOBILE HOME & R.V. REPAIR, INC., appearing individually and on behalf of all persons similarly situated, who respectfully submit this First Amended Complaint and represent as follows:

### STATEMENT OF JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1491(a)(1). This is a claim seeking compensation from the United States for the taking of private property for public use pursuant to Amendment V of the U.S. Constitution.

### PARTIES

2. Plaintiffs ROCCO TOMMASEO, and THOMAS TOMMASEO, and STEVEN BORDELON, husband of, and CYNTHIA BORDELON, citizens of the United States of America and residents of St. Bernard Parish, Louisiana, are individuals of the full age of

1

majority and plaintiffs ROCKY AND CARLO, INC. and STEVE'S MOBILE HOME & R.V. REPAIR, INC., are Louisiana Corporations with their principal places of business in St. Bernard Parish, Louisiana (hereinafter referred to collectively as "Plaintiffs") who bring this claim individually and on behalf of all other persons similarly situated.

3. Made defendant herein is the United States of America (the "United States"), a sovereign and body politic.

## FACTS

4. The Mississippi River Gulf Outlet ("MRGO") is a 76-mile-long man-made channel between the Gulf of Mexico and the City of New Orleans created as a navigation project by the United States and designed and maintained by the U.S. Army Corps of Engineers. Congress authorized the construction of the MRGO in 1956 by passing the River and Harbor Act of 1956 to create a means of direct access for deep water vessels from the Gulf of Mexico to the Port of New Orleans and to promote economic development of the Port of New Orleans and adjacent St. Bernard Parish.

5. The construction of the MRGO was originally authorized to a depth of 36 feet, a surface width of 650 feet, and a bottom width of 500 feet. The 76-mile channel bisected the marshes of lower St. Bernard Parish and the shallow waters of Chandeleur Sound and cut through then existing marsh land which had acted as a natural barrier against hurricane winds and storm surge.

6. The original design and construction of the MRGO was such that the surface width was wider than the bottom width creating a foreseeable and inevitable condition whereby the natural consequence of wake and wave action in the channel would be the continued eroding and widening of the MRGO.

7. In addition, the MRGO allowed salt water from the Gulf of Mexico to flow into the marshes of St. Bernard Parish, thereby killing plants and vegetation which had served to hold land and soil in place.

8. The wetland loss and deterioration from the MRGO have allowed for expanded tidal amplitude and duration, increasing the flooding risk to interior portions of St. Bernard Parish and Orleans Parish and further providing a direct line of access for hurricane-related storm surge to reach St. Bernard and Orleans Parishes.  This presented a threat of flooding in the event of a severe hurricane such as Hurricanes Katrina and Rita as described herein below.

9. The United States, acting through the U.S. Army Corps of Engineers, has repeatedly and continuously dredged the bottoms of the MRGO, removing soil that had eroded from the banks of the MRGO into the bottom of the channel and placing the dredged soil into the Gulf of Mexico.  On information and belief, such dredging continued on a regular basis until recently and may continue into the future.

10. Plaintiffs are residents of Louisiana who owned real property with improvements thereon including both residential and commercial property in southeast Louisiana.  In addition to owning such property, plaintiffs owned and operated commercial ventures in southeast Louisiana.  Thus, plaintiffs had vested property rights in the real property they owned as well as the commercial activity in which they engaged.

11. On or about August 29, 2005, Hurricane Katrina struck southeastern Louisiana and the Mississippi Gulf Coast pushing a storm surge through the MRGO and into St. Bernard Parish.  The result was massive flooding and the destruction of plaintiffs' property.

12.     This flooding was a direct, natural or probable result of the creation of the MRGO and the continued operation, maintenance, and dredging thereof by the United States.

13.     On information and belief, but for the creation and maintenance of the MRGO by the United States, the flooding and devastation of Plaintiffs' property would not have occurred.

14.     The actions of the United States have deprived Plaintiffs of all economically viable use of their property.

## COUNT I – PERMANENT TAKING OF PROPERTY

15.     Plaintiffs reallege paragraphs one through 14 in this Complaint and incorporate them herein by reference as if set forth in full.

16.     As a natural and direct result of the creation of the MRGO and the continued operation, maintenance, and dredging thereof, the plaintiffs have been deprived of the use, occupancy, and enjoyment of their real property and the improvements thereon thereby resulting in a permanent taking of their property for a public use.

17.     In addition to their real property loss, plaintiffs have been deprived of the continued operation of their commercial ventures as a direct result of the destruction of their business location.

## COUNT II – TEMPORARY TAKING OF PROPERTY

18.     Plaintiffs reallege paragraphs one through 14 in this Complaint and incorporate them herein by reference as if set forth in full.

19.     In the alternative, and only in the event that the MRGO is closed and plaintiffs' real property can be redeveloped in the future, plaintiffs have been deprived of the use, occupancy and enjoyment of their real property for the indefinite future and have suffered a temporary taking of their real property.

20. Nevertheless, even if plaintiffs' real property can be redeveloped in the future, the improvements on the property have been rendered uninhabitable and effectively destroyed thereby depriving plaintiffs of the use, occupancy and enjoyment of the improvements on their real property resulting in a permanent taking of their property.

## COUNT III – PERMANENT TAKING OF FLOWAGE EASEMENT

21. Plaintiffs reallege paragraphs one through thirteen in this Complaint and incorporate them herein by reference as if set forth in full.

22. Following the destruction of plaintiffs' property in August 2005, on or about September 24, 2005 Hurricane Rita struck the Louisiana coast causing another storm surge to travel up the MRGO, leading to a second flood of St. Bernard and Orleans Parishes and plaintiffs' property.

23. On information and belief, storm surges associated with Category 4 or 5 hurricanes in the future will travel the MRGO and repeat the flooding of and damage to Plaintiffs' property.

24. The flooding of plaintiffs' property is recurring and is necessarily incident to and an inevitable consequence of the creation and maintenance of the MRGO.

25. As a result, and in the alternative to the other causes of action stated herein, the United States has created a flowage easement on plaintiffs' property thereby resulting in a permanent taking of plaintiffs' property for a public purpose.

## REQUEST FOR CLASS ACTION CERTIFICATION

26. Plaintiffs reallege paragraphs one through 25 in this Complaint and incorporate them herein by reference as if set forth in full.

27. Plaintiffs bring this action individually and on behalf of all other persons similarly situated (*i.e.* property owners residing, owning property and/or engaging in commercial

enterprises in St. Bernard Parish or Orleans Parish, Louisiana whose property was appropriated by the United States all as described hereinabove).

28. Maintaining this action as a class action is appropriate because

(a) the class is so numerous (approximately 65,000 residents of St. Bernard Parish occupying over 27,000 residences) that joinder of all members is impracticable,

(b) there are questions of law and fact common to the class (*i.e.* the action of the United States in creating the MRGO and the direct and natural result of the taking of the plaintiffs' property as well as that of others similarly situated),

(c) the claims of the representative parties (plaintiffs herein) are typical of the claims of the proposed class, and

(d) the plaintiffs herein (as representative parties) will fairly and adequately protect the interests of the class.

29. Plaintiffs have retained counsel who are experienced in and capable of prosecuting class action litigation and who will devote the appropriate resources necessary to prosecute these claims.

### **PRAYER**

WHEREFORE, the premises considered, plaintiffs pray:

(a) that this matter be maintained and certified as a class action on behalf of all those persons residing, owning property and/or engaging in commercial enterprises in St. Bernard Parish or Orleans Parish, Louisiana which property was taken by the United States for a public purpose through the construction and continued operation, maintenance and dredging of the Mississippi River Gulf Outlet;

(b) for judgment in their favor individually and on behalf of all persons similarly situated and against the United States of America finding that plaintiffs' property as well as the property of all persons similarly situated has been taken for a public purpose entitling plaintiffs, and all persons similarly situated, to just compensation in accordance with Amendment V of the U.S. Constitution in the amount of $50,000,000,000;

(c) for an award of all reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees pursuant to 42 U.S.C. Section 4654(c); and

(d) for such other and further relief to which this Honorable Court deems plaintiffs to be entitled.

Respectfully submitted this _____ day of January, 2006.

<u>S/ F. Gerald Maples</u>
F. Gerald Maples (#25960)
MAPLES & KIRWAN, LLC
902 Julia Street
New Orleans, LA  70113
Telephone: (504) 569-8732
Facsimile: (504) 525-6932

-and-

J. Wayne Mumphrey (#9824)
MUMPHREY LAW FIRM, LLC
9061 West Judge Perez Drive
Chalmette, LA 70043
Telephone: (504) 277-8989

-and-

John H. Musser, IV (#9863)
322 Lafayette St.
New Orleans, LA  70130
Telephone: (504) 566-1218
Facsimile: (504) 566-7185

-and-

Randall A. Smith (#2117)
Stephen M. Wiles (#17865)
Tiffany H. Davis (#20855)
SMITH & FAWER, L.L.C.
201 St. Charles Avenue, Suite 3702
New Orleans, Louisiana 70170
Telephone: (504) 525-2200

**COUNSEL FOR PLAINTIFFS**