IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROCCO TOMMASEO, and<br>THOMAS TOMMASEO, and<br>ROCKY AND CARLO, INC., and<br>STEVEN BORDELON, husband of,<br>and CYNTHIA BORDELON and,<br>STEVE'S MOBILE HOME & R.V. REPAIR,<br>INC.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 05-1119L<br><br>Hon. Susan G. Braden |

**JOINT PRELIMINARY STATUS REPORT**

Plaintiffs Rocco Tommaseo, et al., and Defendant United States of America by and through their respective counsel, hereby submit this Joint Preliminary Status Report pursuant to the Rules of the United States Court of Federal Claims, Appendix A (RCFC).

**A. JURISDICTION**

Assuming that Plaintiffs can establish the necessary facts, the parties agree that the Tucker Act, 28 U.S.C. § 1491, confers jurisdiction on this Court to adjudicate a claim of a Fifth Amendment taking.

**B. PARTIES**

The parties do not believe this case should be consolidated with any other case.

**C. BIFURCATION**

The parties believe that this case should be bifurcated between liability and damages for reasons of judicial and litigant efficiency. In the liability phase, the Court can adjudicate

whether there has been a taking of Plaintiffs' respective property interests. It will be far more efficient to prepare and litigate the damages phase of the case only after it has been clearly established what property interests, if any, have been taken by Defendant.

**D. DEFERRAL OF PROCEEDINGS**

The parties do not believe that this case should be deferred and the parties are not aware of any case pending before this Court which would necessitate the deferral of this action.

**E. REMAND OR SUSPENSION**

The parties are not seeking a remand or suspension.

**F. ADDITIONAL PARTIES**

This case has been styled a class action. In the interest of judicial and litigant efficiency, the parties believe that Plaintiffs' counsel should be named interim class counsel while the Defendant's potential liability, if any, is developed. The parties agree that the process of identifying and certifying a class should be postponed in the interim and any deadlines for putative class members to opt in should be deferred. Defendants do not concede that this is an appropriate case for class certification.

**G. MOTIONS**

Defendant anticipates that it will file a motion for summary judgment pursuant to RCFC 56 after the close of discovery.

**H. RELEVANT FACTUAL AND LEGAL ISSUES**

**Plaintiff's Statement**

Plaintiff believes the primary issues in this litigation are as follows:

1) Whether the actions of the Defendant constituted a taking of plaintiffs' property interests.

2) Whether this matter is appropriate as a class.

3) The amount of damages suffered.

**Defendant's Statement**

Defendant believes the primary issues in this litigation are as follows;

1) Whether Plaintiffs' claims are barred by the applicable statute of limitations?

2) Whether Plaintiffs' claims sound in Tort, thereby depriving the Court of jurisdiction over this matter?

3) Whether Defendant's actions amount to a taking of an interest in Plaintiffs' properties without compensation, in violation of the Fifth Amendment?

4) If Defendant's actions amount to an unconstitutional taking, what amount of compensation are Plaintiffs due?

**I. SETTLEMENT**

The parties believe that in-depth discussions regarding settlement and/or alternative dispute resolution are premature at this point in time and that settlement discussions are unlikely to be successful at least until further discovery has occurred. The Defendant also believes that any potential settlement discussions would be more productive following a RCFC 56 motion and the resultant narrowing of the issues at play in this case.

**J. TRIAL**

Defendant believes that this case can be resolved by dispositive motion. Should the case not be resolved on dispositive motions, the parties anticipate that this case will proceed to trial on those issues that remain. The parties do not request expedited trial scheduling. The parties agree that the trial should be held in Louisiana.

**K. ELECTRONIC CASE MANAGEMENT NEEDS**

There are no special issues regarding electronic case management needs.

**L. OTHER**

1) The parties would like to draw the Court's attention to Nicholson v. United States, No. 05-1259 (Fed. Cl. filed Dec. 2, 2005) (Baskir, J.). Nicholson is a Fifth Amendment taking claim brought in this Court as a class action on behalf of all residents of the City of New Orleans. In Nicholson, the plaintiffs allege that flooding caused by the breach of the levees abutting the Seventeenth Street, Industrial Avenue and London Avenue canals effected a taking. Their demand is for $100 billion.

2) The parties would also like to draw the Court's attention to the at least twenty tort cases which have been filed in Louisiana arising from Hurricane Katrina. Most are putative class actions, including several against the federal government. In several suits, Katrina victims sued the Army Corps of Engineers and Coast Guard alleging negligence in the design of the levees.

3) At this early stage, the parties stipulate to the waiver of initial pretrial disclosures, pursuant to RCFC 26(a)(1).

**M. DISCOVERY PLAN**

The parties request an initial eight-month period in which to conduct discovery. The parties believe that this schedule is appropriate in light of the magnitude of this case which will likely require several depositions, pursuant to RCFC 30(a)(1), the production of numerous documents and the evaluation of a great deal of physical evidence.

Further, important studies of the events surrounding Hurricane Katrina are in progress. In particular, ongoing studies by the United States Army Corps of Engineers (the "Corps") and the Interagency Performance Evaluation Task Force ("IPET") will assist in providing a record of what occurred in St. Bernard Parish during and after Hurricane Katrina. These reports are

scheduled to be completed on or around June 1, 2006. The parties feel that it would not be appropriate to begin expert discovery prior to the completion of these studies. Defendant believes that an additional four-month period should be allotted for this task.

Dated: March 7, 2006

Respectfully submitted this 7th day of March, 2006.

F. Gerald Maples (#25960)
MAPLES & KIRWAN, LLC
902 Julia Street
New Orleans, LA 70113
Telephone: (504) 569-8732
Facsimile: (504) 525-6932

-and-

J. Wayne Mumphrey (#9824)
MUMPHREY LAW FIRM, LLC
9061 West Judge Perez Drive
Chalmette, LA 70043
Telephone: (504) 277-8989

-and-

John H. Musser, IV (#9863)
322 Lafayette St.
New Orleans, LA 70130
Telephone: (504) 566-1218
Facsimile: (504) 566-7185

-and-

Randall A. Smith (#2117)
Stephen M. Wiles (#17865)
Tiffany H. Davis (#20855)
SMITH & FAWER, L.L.C.
201 St. Charles Avenue, Suite 3702
New Orleans, Louisiana 70170
Telephone: (504) 525-2200
Fax: (504) 525-2205

COUNSEL FOR PLAINTIFFS

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

s/ Fred Disheroon by Mark T. Romley
FRED R. DISHEROON, Special Litigation Counsel
MARK T. ROMLEY, Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
601 D. St. N.W., Room 3022
Washington, D.C. 20004
Telephone: (202) 616-9649
Fax: (202) 616-9667

COUNSEL FOR DEFENDANT