IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROCCO TOMMASEO, et al<br>Plaintiffs | ) | |
| V. | ) | 1:05-cv-1119 SGB<br>Hon. Susan G. Braden |
| THE UNITED STATES<br>Defendant | ) | |

**MOTION (AND INCORPORATED MEMORANDUM IN SUPPORT) TO COMPEL**

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs Rocco Tommaseo, et al., who hereby move this Honorable Court for an Order compelling the United States to provide more complete responses to Interrogatories and Requests for Production of Documents which were propounded upon Defendant on 16 June 2006.[1] The Government answered the written discovery on 17 July 2006,[2] and verified responses were prepared and served by the Government the next day, but with identical substance in the actual responses and objections.[3]

Despite good faith efforts on the part of all counsel to resolve this discovery dispute, the parties have reached an impasse and a motion to compel is required to obtain full and complete responses to the aforementioned written discovery.[4]

[1] The Interrogatories and Requests for Production of Documents are attached as Exhibit 1.
[2] The initial responses are attached as Exhibit 2.
[3] The verified responses of Randall Merchant, Counsel for the United States Army Corps of Engineers, are attached as Exhibit 3.
[4] The full detail correspondence of the undersigned counsel, dated 19 July 2006 requesting supplementation from counsel for the Government is attached as Exhibit 4.

**Necessity of Obtaining These Discovery Materials to Defend The Rule 56 Motion for Summary Judgment Scheduled to be Filed No Later Than 18 September 2006**

As the Court will recall from the most recent telephone status conference in this matter, Counsel for the Government volunteered, and the Court so ordered, that the Government's dispositive motions, which the Government advised would be filed under Rule 56 of the Rules of the United States Court of Federal Claims, would be filed no later than 18 September 2006. Further to those advices, and regarding the discovery which was outstanding for a month before the most recent telephone status conference, Plaintiffs' counsel has been attempting to obtain materials in discovery from the Government. Notwithstanding the provisions of Rule 56(f) of the Rules of the United States Court of Federal Claims, which entitles parties to appropriate discovery to defend a Motion for Summary Judgment, counsel for the Government advised that no additional discovery responses would be provided, except perhaps some limited document review to occur several weeks in the future.[5] Repeated attempts have been made to actually schedule that document production, but to no avail as of this writing. Consequently, to the extent that the Government advised in its discovery responses that it was going to make certain documents available, Plaintiffs seek a Court Order compelling that production to take place in New Orleans, as promised.

With respect to the balance of the discovery dispute, the position of the Government, which is fully detailed in its 16 July 2006 correspondence,[6] clearly indicates that the Government believes that Plaintiffs are not entitled to any discovery at this time. This is despite the direct advices of defense counsel that he was going to file dispositive motions on the following bases:

---

[5] Defense counsel has indicated that the Corps is too busy with other matters right now to produce the documents which even the Government agreed it would produce in response to the written discovery.

[6] Attached as Exhibit 5.

1. That the case is barred by the applicable statute of limitations, 28 U.S.C. § 2501;

2. That the claims asserted sound in tort, rather than being appropriately couched as Fifth Amendment takings; and

3. That "the Corps is not responsible for hurricanes."[7]

There is obviously a clear difference of opinion as to the necessity of these materials at this juncture, as set forth below.

The discovery sought here is not beyond the scope of the coming motion to dismiss, as the Government intends to argue all of its defenses – to the entire case – in the Rule 56 motion which is currently being drafted. Consequently, Plaintiffs need to obtain the information to prove that the statute of limitations has not expired, that the Corps is responsible for the failures of its engineering with respect to the design, construction and maintenance of the navigational structure at issue – the MR-GO, as well as the fact that there is an actual cause of action for a Fifth Amendment taking of the property of the deluged plaintiffs in this matter. In other words, it is a full assault by the Government on the Plaintiffs' claims, so the Plaintiffs need to obtain this discovery to properly defend the motion.

**Statute of Limitations**

28 U.S.C. § 2501 is the six year statute of limitation which governs this case. However, extensive discovery is required to properly flesh this out, especially in the case of a flowage easement or recurrent flooding case. For example in, *Northwest Louisiana Fish & Game Preserve Comm. v. U.S.*, 446 F. 3d 1285 (Fed. Cir. 2006), the Federal Circuit reversed and rendered with respect to a 28

[7] Defense counsel advised of the specifics of these Motions during the 7 August 2006 discovery conference in this matter.

U.S.C. § 2501 dismissal pursuant to the "stabilization doctrine" in a flowage easement case. The following passage from that case is instructive:

> When the damages from a taking only gradually emerge, e.g., as in recurrent flooding, a litigant may postpone a suit for taking until "the situation becomes stabilized" and "the consequences of inundation have so manifested themselves that a final account may be struck."

*Northwest Louisiana Fish & Game Preserve Comm. v. U.S.*, 446 F. 3d at 1290-1291, citing *U.S. v. Dickinson*, 331 U.S. 745 (1947). This decision raises several important issues which are addressed by the Interrogatories and Requests for Production of Document to which the Government has objected. Certain of these issues are:

- "Slow natural process" does not start the clock until "stabilized."
- On page 1287, the Court noted that the continuing study by the Corps regarding the hazard extant keeps this issue open, akin to a continuing tort.
- On page 1288, the Court noted that although the FTCA claims were not viable, the takings claims, which were pled in the alternative, were transferred to the Court of Federal Claims pursuant to the Tucker Act.
- On pages 1289-90, the Court expressly recognized that flowage + flood = a Fifth Amendment taking.
- Pages 1290-91 indicate that the Plaintiff does not have to file suit until stabilization has occurred or "the consequences of inundation have so manifested themselves that a final account may be struck."

In other words, this case sets forth the relevance, or more precisely the outcome dispositive nature, of the very items to which the Government has lodged objection.

Another case which is appropriate for analysis here is *Banks v. U.S.*, 314 F. 3d. 1304 (Fed. Cir. 2003). *Banks* indicates that "mitigation efforts" by the Corps can determine whether or not activity qualifies as a "taking." Consequently, the activity of the Corps, both before and after the

events which form the subject matter of this suit, are highly relevant to the Court's analysis of whether or not a taking has occurred. All of the disputed Interrogatories and Requests for Production of Documents are relevant and need to be answered.

**Specific Interrogatories and Requests for Production of Documents**

For the sake of order, Plaintiffs' counsel drafted the Interrogatories and Requests for Production of Documents in companion pairs. For ease of reference in this Motion, the entirety of each Interrogatory, and its companion Request for Production of Documents will be reproduced along with the response/objection of the Government to same. Afterwards, a brief analysis will be provided for the Court.

**Interrogatory No. 1:**

Please identify all studies commissioned or performed by the United States of America or any of its agencies, including, without limitation, the United States Department of the Interior, the environmental Protection Agency, the United States Army Corps of engineers and the Department of Justice, including specification of all reports, memoranda and other documents which were generated as a result of all reports, memoranda and other documents which were generated as a result of such studies or other analyses, with respect to flood events in St. Bernard Parish which occurred as a result of tropical cyclonic storms. The period of this request is from the initial conception of the MR-GO project through the present date. In identifying all such studies reports, memoranda and related analysis, please provide the following information:

a) All persons involved in each such study, as well as the agency for whom each such person worked, and a complete recitation of that individual's job duties, each such person's job title and a specification of the mandate (including the origin of the mandate) for the work undertaken by each such person.

b) With respect to the studies, etc. aforementioned, an identification of the Executive Order, Congressional statute or directive, Department of Justice mandate or other empowering resolution is requested with respect to the formation of each such group, along with identification of the directing documents and the names of the specific study group, task forces or other confabs, as well as the purpose of each such study.

c) With respect to each study, we would like a full recitation of the findings of each, including a specification of the task force or other groups or individuals undertaking such study and analysis

d) With respect to any and all recommendations made by such groups pursuant to their studies and other work, we would like to know what action was taken, which recommendations were specifically implemented versus which recommendations were not implemented, and full explanation of why or why not.

e) With respect to the aforementioned studies and analysis, we request full details of all funding, on a study by study basis.

f) We want to know which individual or individuals were the ultimate decisions makers with respect to implementation *vel non* of the recommendations in respect of the decisions regarding design, construction, dredging, maintenance and consideration of closure of the MR-GO (to the extent that any of these matters were discussed by the aforementioned study groups and task forces).

g) We would like to know if there was any oversight in the form of expert triangulation with respect to the conclusions and recommendations of these individuals and groups.

**Defendant's Response:**

This interrogatory and request for production is being objected to as being in non-compliance with Court of Federal Claims Rule 33, and as being burdensome, oppressive and not likely to lead to the discovery of relevant evidence. Further objecting, Defendant avers that the request is only relevant to claims (which assume that the construction of the Mississippi River Gulf Outlet Project was the cause of the flooding complained of in 2006 as a result of Hurricane Katrina) that are both without any factual foundation and are barred by the statute of limitations in Defendant's view.

Without waiving the foregoing objections, Defendant responds that the Mississippi River Gulf Outlet Project was authorized by the U.S. Congress in the Rives and Harbors Act of 1956, (P.L. 82-455) as supplemented by Section 186 of P.L. 94-587 and section 844 of the Water Resources Development Act of 1986, 100 Stat. 4177. These documents are publicly available from the Library of Congress. Defendant further refers Plaintiffs to the Interagency Performance Evaluation Task Force Report (IPET Report) (which Plaintiffs presumable already have since they refer to it in these interrogatories) which provides the most current information available as to the causes and effects of flooding due to Hurricane Katrina.

Pursuant to CFC Rule 33(d), Defendant will make these documents available for inspection by Plaintiffs upon reasonable notice at the New Orleans District offices.

**Plaintiffs' Analysis of Item 1**

This is one of the most important areas of inquiry as it covers all three of the defenses which the Government will urge as support for its dispositive Motion for Summary Judgment. The

*Northwest Louisiana Fish & Game Preserve Comm.* and *Banks* cases clearly demonstrate the importance of all of these topics to the looming motion. The Defendant has essentially objected to providing any information in response to this area of inquiry, except for the empty promise to produce some documents upon reasonable notice at the New Orleans District offices of the Corps. Full and complete responses to this area of inquiry should be ordered, and that document production should be compelled.

**Interrogatory No. 3:**

In the Answer which you have filed in response to the Amended Complaint in this matter, specific affirmative defenses have been asserted by you. With respect to each affirmative defense, we request that you identify all witnesses, documents, tangible items of evidence and any other factual basis which you contend supports each and every affirmative defense you have asserted. Similarly, with respect to the denials contained in your Answer, the same supporting information which you contend provides a legitimate factual basis for each such denial is requested to be identified as specified earlier in this Interrogatory.

**Request for Production of Documents No. 3:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**Defendant's Response:**

Defendant, the same as Plaintiffs have stated in response to our own interrogatories, has yet to identify any witnesses, documents or other evidentiary items for this case and therefore cannot respond to this request at this time but will supplement this response at an appropriate time. Responding further, Defendant refers Plaintiffs to the IPET Report, and the authors and contributors thereto, as the best information available at this time and the persons who may be called as witnesses in this case should it come to an evidentiary hearing.

**Analysis of Item 3**

Aside from the blanket objection aforementioned, the only item of note with respect to the response of the Government here is its referral to "the IPET Report" as support for the very affirmative defenses which are the foundation of its incoming Motion for Summary Judgment. Not

only are full and complete responses warranted to item 3, but this is also very important with respect to the next area of inquiry (regarding draft versions of the IPET Report).

**Interrogatory No. 5:**

In the IPET Report prepared in respect of the MRGO flooding which was released on 1 June 2006, a tome of some 6,600 pages – please provide each and every fact, piece of evidence, witness or other basis which supports the report's contentions that neither the U.S.A. nor any of its contractors were guilty of negligence, misfeasance or malfeasance; as stated on page I-5 of the Executive Summary and Overview as follows: "There was no evidence of government or contractor negligence or malfeasance." We also want identification of all drafts of the IPET report which did not contain this "liability disclaimer" and we request identification of the author(s) of this "liability disclaimer," as well as any persons who reviewed and/or approved same.

**Request for Production of Documents No. 5:**

Please produce all documents containing the information requested in the foregoing interrogatory, paying particular attention to the "liability disclaimer" language and drafts.

**Defendant's Response:**

Defendant objects to these requests as calling for the production or disclosure of privileged documents insofar as they ask for draft documents. Defendant responds that the IPET Report itself contains all of the relevant information that Plaintiffs seek by this request, and refers Plaintiff to that document.

**Analysis of Item 5**

The very interesting thing here is that the earlier versions of the IPET Report (which even the Government contends is not yet in final, but which has been publicly disseminated) did not have the liability disclaimer which is specifically reproduced in Interrogatory No. 5. If the Government is going to set up the IPET Report as its defense, then the validity, reliability and admissibility of that report is to be properly tested before the Government tosses the Plaintiffs out on their ears; all

versions of this report should be produced in discovery so that an appropriate analysis can be made.[8]

A full and complete response – to seek the truth in this matter – should be ordered by the Court.

**Interrogatory No. 6:**

Since the creation of the MRGO, many tropical cyclonic storms caused flooding in St. Bernard Parish via the MRGO. Please provide the following information with respect to the aforementioned weather events.

a) identify what remedial action was taken by the United States of America or any of its agencies to prevent the MRGO from repeating these flood events in respect of future tropical cyclonic storms;
b) please identify all studies, task forces, commissions, committees and any other group or individual analysis of each event which was undertaken in an attempt to prevent the flooding from recurring;
c) please specify all reports, memoranda, documents and other writings which were created, and indicate all persons involved in the creation of these reports; and
d) please advise if any recommendations were made to prevent such flood events in the future, and if so, whether they were implemented or not. In the event that recommendations were not implemented, please provide a full explanation of why they were not implemented and specify the ultimate decision makers in respect of each refusal to implement these potentially mitigating recommendations.

**Request for Production of Documents No. 6:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**Defendant's Response:**

Defendant has no knowledge of any such storms as defined in this request and therefore has no information to provide in response to these requests. Defendant further responds that it categorically disputes and denied the allegation the "many cyclonic storms caused flooding in St. Bernard Parish via the MR-GO."

**Analysis of Item 6**

[8] See Rule 702 of the Federal Rules of Evidence, and the leading cases, *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).

The *Banks* case which is cited earlier in this Memorandum clearly indicates that any mitigation efforts by the Corps are highly relevant to the issue of whether and when there was a taking.[9] Clearly, a full and complete response to this area of inquiry should be ordered.

**Interrogatory No. 7:**

To the extent that you acted through contractors or vendors to design, build, construct, dredge, maintain, survey, analyze for the safety of the residents of St. Bernard Parish, study the effects of wetlands erosion arising out of the MRGO, and create, build and maintain the locks, please identify each such contractor, vendor and specify the full details of each such contract, including a specification of the work to be performed, bid specifications, contract specifications, documented acceptance of the work, your inspection of the work prior to acceptance and all other matters touching upon your hiring of third parties to perform these services.

**Request for Production of Documents No. 7:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**Defendant's Response**

This interrogatory is objected to as being burdensome and oppressive and not likely to lead to the discovery of any relevant evidence and relating only to claims barred by applicable statutes of limitation and beyond the jurisdiction of this court.

**Analysis of Item 7**

Quite similar to topic 6, the items sought here in topic 7 go directly to the issue of when the statute of limitations begins to run.[10] The MR-GO was an ongoing project, and Plaintiffs would love to know which date which the Government says it was "finished," notwithstanding the obstacles which the "stabilization doctrine" places in the path of the Corps. A full and complete response to this area of inquiry should be ordered here to properly address the statute of limitations issue.

**Interrogatory No. 10:**

[9] *See Applegate v. U.S.*, 25 F. 3d 1579 (Fed. Cir. 1994), cited in *Banks* with respect to mitigation efforts.

[10] These are fact intensive inquiries, so Plaintiffs are entitled to discovery on this issue. *See Barnes v. U.S., 210 Ct. Cl. 467, 568 F. 2d 865, 873 (1976)*

Please identify all flood events in St. Bernard Parish which involve flood waters from the MRGO which resulted in the declaration of a federal emergency or a federal disaster, from the date of the opening of the MRGO to the present date. In respect of each such emergency or disaster declaration, we want full details, including the date of each such declaration, whether they were exclusively federal declarations or if they were also – known to you – state and/or local declarations of emergency or disaster, and we want a full recitation of the deployment of all United States Coast Guard, other United States military, FEMA, and other disaster management agencies of the United States who were involved in assisting the victims of these disasters.

**Request for Production of Documents No. 10:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**Defendant's Response**

Defendant objects to this request as irrelevant and not likely to lead to the discovery of relevant evidence to this case. Answering further, Defendant states that it has no knowledge of any events that meet the definition stated in this request.

**Analysis of Item 10**

This goes to the very heart of the matter as to whether or not there was repetitive flooding in St. Bernard Parish occasioned by activities attendant to the maintenance, design, construction and operation of the MR-GO by the Defendant, such that this Court can determine when the statute of limitations begins to run or whether there was a taking.[11] There is no doubt that a full and complete response is required to get to the truth of the matter.

**Interrogatory No. 12:**

Please specify, by the names of the claimants, identification of Form 95s which have been filed, lawsuits which have been filed, administrative proceedings or other court proceedings, any and all suits, demands or claims which you have received, since the opening of the MR-GO to the present, with respect to residents of St. Bernard Parish who claim to have suffered damage as a result of flooding emanating from the MR-GO.

---

[11] *See King v. U.S.*, 192 Ct. Cl. 548, 427 F. 2d 767, 769 (1970).

**Request for Production of Documents No. 12:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**Defendant's Response**

Defendant objects to this request as being burdensome and oppressive, not likely to lead to the discovery of relevant evidence, and as being immaterial to a claim of a Fifth Amendment taking. Without waiving the foregoing, Defendant responds that it is aware of only one lawsuit involving the MR-GO and we will provide Plaintiffs with the name of that case shortly.

**Analysis of Item 12**

Given the fact that one of the fundamental features of this flowage easement takings claim is that there have been repeated flood events, this area of inquiry is certainly relevant to the main demand – and the incoming Rule 56 Motion for Summary Judgment – to determine if anyone has previously, or subsequently, complained in the form of a lawsuit, written demand or administrative proceeding with respect to the MR-GO. As one of the fundamental issues which the Government admits it will address in its Motion for Summary Judgment, the Plaintiffs are entitled to full discovery in this regard as well.

**Interrogatory No. 13:**

In the late 1950's, the Department of the Interior issued various memoranda which discussed the negative impact on the wetlands of St. Bernard Parish which would arise out of the construction and maintenance of the MR-GO. Please identify all persons involved in the studies and analysis which resulted in the creation of these memoranda, the persons to whom said memoranda were directed, state the conclusions set forth in these memoranda, and state what action, if any, you took to heed the warnings which were contained in these memoranda.

**Request for Production of Documents No. 13:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**Defendant's Response:**

Defendant objects to this request as being burdensome and oppressive, not likely to lead to the discovery of relevant evidence, and as being immaterial to a claim of a Fifth Amendment taking.

**Analysis of Item 13**

Here the Plaintiffs want all information regarding the Department of the Interior's memoranda which specifically address the loss of the very property at issue in this litigation. The loss of wetlands occasioned by the design, construction, maintenance, and constant dredging by the Government of the MR-GO is relevant as to the fundamental issue of whether or not a taking occurred, and if so, when. Full and complete responses are in order here.

**Interrogatory No. 18:**

Please identify any and all insurance policies, protection and indemnity agreements and or club enrollments, indemnity contracts, defense agreements and/or hold harmless agreements (including those contained in any agreements with your contractors or vendors) which many potentially respond or provide coverage on your behalf with respect to any of the claims asserted by the plaintiff in this litigation.

**Request for Production of Documents No. 18:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**Defendant's Response:**

Defendant objects to this request as being burdensome and oppressive, not likely to lead to the discovery of relevant evidence, and as being immaterial to a claim of a Fifth Amendment taking. Without waiving the foregoing, Defendant responds that it is not aware of any such documents.

**Interrogatory No. 19:**

What is the status of any and all demands for coverage, defense and/or indemnity which you have made with respect to the claims asserted against you by the plaintiff in this litigation? Have there been acceptance, rejection or reservations of rights issued in response to any such demands?

**Request for Production of Documents No. 19:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**Defendant's Response:**

See response to Interrogatory No. 18.

**Analysis of Items 18 and 19**

These two are being treated together, not only to determine if there is insurance which is expressly discoverable under Rule 26, but also to determine if there were dredging companies or other contractors who may have defense and indemnity agreements with the Corps, the existence of which is highly relevant to the Plaintiffs' theories of recovery in this case. As the Government is contending that the statute of limitations has expired, f there is contractual evidence which indicates that activity was ongoing which would interrupt, suspend or otherwise dispose of the statute of limitations as a defense, that is certainly discoverable for Plaintiffs to use to defend the incoming motion.

**Interrogatory No. 20:**

Please provide a privilege log for any documents or evidence to which you lodge a privilege objection.

**Request for Production of Documents No. 20:**

Please produce all documents containing the information requested in the foregoing interrogatory which you contend supports your assertions of privilege

**Defendant's Response:**

Defendant has not prepared any privilege logs at this time.

**Analysis of Item 20**

The Government should be required to provide a privilege log as to items to which it is asserting a privilege. The Government needs to identify each particular item of evidence, specify the privilege and provide sufficient information such that opposing counsel can determine if in fact the

privilege needs to be tested, and for the Court to make an informed decision with respect to same. A privilege log should be produced by the Defendant.

**Interrogatory No. 21:**

You assert that Plaintiffs' claims are barred by a statute of limitations. Please state each and every fact which supports, tends to support, or upon which you rely in support of this affirmative defense including, but not limited to, the date(s) you contend Plaintiffs' claims accrued and the facts giving rise to Plaintiffs' claims, as well as a specification of the statute or statutes of limitations your claim operates as a defense.

**Request for Production of Documents No. 21:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**Defendant's Response:**

Defendant objects to this interrogatory as seeking not facts but Defendant's legal theories and defenses. Without waiving the foregoing objection, Defendant responds that to the extent Plaintiffs claim that the existence of the MR-GO was the basis for its claims, that such a claim would be barred by 28 U.S.C. 2401 unless filed within 6 years after the project went into operation.

**Analysis of Item 21**

As the statute of limitations defense, in the form of a Rule 56 Motion for Summary Judgment, is coming from the Government, certainly the Plaintiffs are entitled to find what evidence the Government has in support of this defense. Full and complete responses should be ordered here.

**Interrogatory No. 22:**

You assert that Plaintiffs' claims sound in tort. Please state each and every fact which supports, tends to support, or which upon you rely in support of this affirmative defense including, but not limited to, the specific acts of negligence which you claim give rise to Plaintiffs' claims and the persons responsible therefore.

**Request for Production of Documents No. 22:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**Defendant's Response:**

Defendant objects to this interrogatory as seeking not facts but Defendant's legal theories and defenses. Without waiving the foregoing objection, Defendant responds that in their complaint, Plaintiffs essentially rely on alleged failures to act or claimed negligent action and claims of damage to property as the basis for its claims in this court. As a matter of law, such claims sound in tort and do not give rise to a Fifth Amendment takings claim which must be founded upon a valid governmental action which deprive as plaintiff of property rights.

**Analysis of Item 22:**

Just like the foregoing topic, here the Plaintiffs are entitled to discover exactly what evidence the Government intends to offer with respect to its incoming motion claiming that there was no taking.

**Request for Production of Documents No. 30:**

Please produce any and all documents regarding the historical use, water flow, depth, width or other characteristics of properties of the MRGO, including all instances in which the MRGO was widened, deepened or otherwise modified.

**Defendant's Response:**

Defendant objects to this request as being burdensome and oppressive, vague and indefinite, and not likely to lead to the discovery of relevant evidence, or as relating to claims barred by the statute of limitations, 28 U.S.C. 4201. Without waiving the foregoing, Defendant responds has not at this time been able to identify any documents regarding any material changes in the MR-GO project since its authorization.

**Analysis of Item 30**

Documents regarding the widening, deepening and modification of the MR-GO cut at two of the three featured defenses of the Government, *viz.* (1) there was no activity which rises to the level of the taking and, even if it did, (2) the statute of limitations has run. The Government's continued activity with respect to the MR-GO is certainly relevant, as noted in the *Banks* decision previously cited.

**Request for Production of Documents No. 31:**

Please produce all dredging contracts for work in respect of the MRGO, from the date of its original construction through the present date.

**Defendant's Response:**

Defendant objects to this request as relating to claims barred by the statute of limitations or asking for contracts completed prior to 1999. Without waiving the foregoing objection, see the attached Schedule which lists contracts for the MR-GO. Pursuant to CFC Rule 33(d) Defendant will make available for inspection at its New Orleans District offices on reasonable notice of any contracts during or after 1999.

**Analysis of Item 31**

The dredging activity of the Corps in respect of the MR-GO is highly relevant. Although the Corps has promised that it would make these documents available, they have not done so. The least the Corps can do – after all of its mistakes to date – is to allow these documents to see the light of day. They are very relevant to the incoming motions and discovery should be ordered provided forthwith.

**Conclusion**

If the Plaintiffs are going to be allowed to properly defend the Rule 56 motion which the Government has stated it will be filing in one month, then the Plaintiffs should be provided with the requested information. The last thing the Plaintiffs want to hear at the time of the hearing on the Rule 56 motion is "you should have thought of this sooner." Plaintiffs have been diligently pursuing the discovery, and they are entitled to same. Consequently, Plaintiffs seek an Order compelling Defendant to provide full and complete responses Motion to Compel pursuant to Rule 37 of the Rules of the United States Court of Federal Claims.

Respectfully submitted this _16 th_ day of August, 2006.

s/ F. Gerald Maples
F. Gerald Maples (# 25960)
Stephen M. Wiles (# 17865)
Carlos A. Zelaya, II (# 22900)
MAPLES & KIRWAN, LLC
902 Julia Street
New Orleans, LA 70113
Telephone: (504) 569-8732
Facsimile: (504) 525-6932

-and-

J. Wayne Mumphrey (# 9824)
MUMPHREY LAW FIRM, LLC
9061 West Judge Perez Drive
Chalmette, LA 70043
Telephone: (504) 277-8989

-and-

John H. Musser, IV (# 9863)
201 St. Charles Ave. Ste 2500
New Orleans, LA 70170
Telephone: (504) 599-5964
Facsimile: (504)- 524-7979

Randall A. Smith (# 2117)
SMITH & FAWER, LLC
201 St. Charles Avenue, # 3702
New Orleans, LA 70170
Telephone: (504) 525-2200
Facsimile: (504) 525-2205

**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above and foregoing has been served upon all counsel of record via facsimile on this 16th day of August, 2006.

s/ F. Gerald Maples
F. Gerald Maples