**DEPARTMENT OF THE ARMY**
NEW ORLEANS DISTRICT, CORPS OF ENGINEERS
P.O. BOX 60267
NEW ORLEANS, LOUISIANA 70160-0267

REPLY TO
ATTENTION OF

July 18, 2006

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

CEMVN-OC

JUL 20

SUBJECT: Tommaseo, et al. v. United States of America, U.S. Court Fed. Claims, No. 05-1119L

√F. Gerald Maples
Carlos A. Zelaya
Maples and Kirwan, LLC
902 Julia Street
New Orleans, LA 70113

Stephen M. Wiles
Randall A. Smith
Smith and Fawer, LLC
201 St. Charles Ave., Suite 3702
New Orleans, LA 70170

J. Wayne Mumphrey
Mumphrey Law Firm, LLC
9061 West Judge Perez Drive
Chalmette, LA 70043

John H. Musser, IV
322 Lafayette St.
New Orleans, LA 70130

Counsel:

Enclosed are the United States' Responses to the Interrogatories and Request for Production of Documents.

Sincerely,

Randall C Merchant

Randall Merchant
Assistant District Counsel

Enclosures

7004 1350 0005 5696

EXHIBIT
3

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROCCO TOMMASEO, and<br>THOMAS TOMMASEO, and<br>ROCKY AND CARLO, INC., and<br>STEVEN BORDELON, husband of,<br>and CYNTHIA BORDELON and,<br>STEVE'S MOBILE HOME & R.V. REPAIR, INC.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 05-1119L<br><br>Hon. Susan G. Braden |

**RESPONSE OF DEFENDANT TO PLAINTIFFS' INTERROGATORIES & REQUEST FOR PRODUCTION OF DOCUMENTS**

Comes now the United States of America, Defendant herein, and files its response to Plaintiffs' Interrogatories and Requests for Production of Document, and respond, as follows:

**I. INTERROGATORY NO. 1:**

Please identify all studies commissioned or performed by the United States of America or any of its agencies, including, without limitation, the United States Department of the Interior, the Environmental Protection Agency, the United States Army Corps of Engineers and the Department of Justice, including specification of all reports, memoranda and other documents which were generated as a result of such studies or other analyses, with respect to flood events in St. Bernard Parish which occurred as a result of tropical cyclonic storms. The period of this request is from the initial conception of the MRGO

project through the present date. In identifying all such studies, reports, memoranda and related analysis, please provide the following information:

a) All persons involved in each such study, as well as the agency for whom each such person worked, and a complete recitation of that individual's job duties, each such person's job title and a specification of the mandate (including the origin of the mandate) for the work undertaken by each such person.

b) With respect to the studies, etc. aforementioned, an identification of the Executive Order, Congressional statute or directive, Department of Justice mandate or other empowering resolution is requested with respect to the formation of each such group, along with identification of the directing documents and the names of the specific study groups, task forces or other confabs, as well as the purpose of each such study.

c) With respect to each such study, we would like a full recitation of the findings of each, including a specification of the task force or other groups or individuals undertaking such study and analysis.

d) With respect to any and all recommendations made by such groups pursuant to their studies and other work, we would like to know what action was taken, which recommendations were specifically implemented versus which recommendations were not implemented, and a full explanation of why or why not.

e) With respect to the aforementioned studies and analysis, we request full details of all funding, on a study by study basis.

f) We want to know which individual or individuals were the ultimate decision makers with respect to implementation *vel non* of the recommendations in respect of the decisions regarding design, construction, dredging, maintenance and consideration of closure of the MRGO (to the extent that any of these matters were discussed by the aforementioned study groups and task forces).

g) We would like to know if there was any oversight in the form of expert triangulation with respect to the conclusions and recommendations of these individuals and groups.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**RESPONSE TO INTERROGATORY NO. 1 AND REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:** This interrogatory and request for production is objected to as being in non-compliance with Court of Federal Claims Rule 33, and as being burdensome, oppressive and not likely to lead to the discovery of relevant evidence. Further objecting, Defendant avers that the request is only relevant to claims (which assume that the construction of the Mississippi River Gulf Outlet Project was the cause of the flooding complained of in 2006 as a result of Hurricane Katrina) that are both without any factual foundation and are barred by the statute of limitations in Defendant's view.

Without waiving the foregoing objections, Defendant responds that the Mississippi River Gulf Outlet Project was authorized by the U.S. Congress in the Rivers and Harbors

Act of 1956, (P.L. 82-455) as supplemented by Section 186 of P.L. 94-587 in 1976 and Section 844 of the Water Resources Development Act of 1986, 100 Stat. 4177. These documents are publicly available from the Library of Congress. Defendant further refers Plaintiffs to the Interagency Performance Evaluation Task Force Report (IPET Report) (which Plaintiffs presumable already have since they refer to it in these interrogatories) which provides the most current information available as to the causes and effects of flooding due to Hurricane Katrina.

Pursuant to CFC Rule 33(d), Defendant will make these documents available for inspection by Plaintiffs upon reasonable notice at the New Orleans District offices.

**II. INTERROGATORY NO. 2:**

With respect to the construction of the MRGO, its design, its maintenance, its dredging, and all decisions touching upon this federal project, we ask for identification and specification of all legislation, executive orders, federal regulations, memoranda of understanding, advisory memoranda and other statutes, laws and regulations which authorized the activity undertaken by the federal government in respect of the MRGO.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**RESPONSE TO INTERROGATORY NO. 2 AND REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2**: See Response to Interrogatory No. 1.

**III. INTERROGATORY NO. 3:**

In the Answer which you have filed in response to the Amended Complaint in this matter, specific affirmative defenses have been asserted by you. With respect to each affirmative defense, we request that you identify all witnesses, documents, tangible items of evidence and any other factual basis which you contend supports each and every affirmative defense you have asserted. Similarly, with respect to the denials contained in your Answer, the same supporting information which you contend provides a legitimate factual basis for each such denial is requested to be identified as specified earlier in this Interrogatory.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**RESPONSE TO INTERROGATORY NO. 3 AND REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

Defendant, the same as Plaintiffs have stated in response to our own interrogatories, has yet to identify any witnesses, documents or other evidentiary items for this case and therefore cannot respond to this request at this time but will supplement this response at an appropriate time. Responding further, Defendant refers Plaintiffs to the IPET Report, and the authors and contributors thereto, as the best information available at this time and the persons who may be called as witnesses in this case should it come to an evidentiary hearing.

**IV. INTERROGATORY NO. 4:**

Given the fact that St. Bernard Parish had over 67,000 residents prior to the flooding occasioned by the MRGO on 29 August 2005, and the fact that there are currently – according to best available census data – less than 10% of those residents still living in St. Bernard Parish, please articulate exactly how you claim that this was not a permanent taking or at least a temporary taking.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

Please produce all documents containing the information requested in the foregoing Interrogatory.

**RESPONSE TO INTERROGATORY NO. 4 AND REQUEST FOR PRODUCTION OF DOCUMENTS NO.4:**

This request is objected to as argumentative and irrelevant. Defendant further responds that the number of persons living in St. Bernard Parish is not a relevant question in determining whether a fifth amendment taking has occurred.

**V. INTERROGATORY NO. 5:**

In the IPET Report prepared in respect of the MRGO flooding which was released on 1 June 2006, a tome of some 6,600 pages – please provide each and every fact, piece of evidence, witness or other basis which supports the report's contentions that neither the U.S.A. nor any of its contractors were guilty of negligence, misfeasance or malfeasance; as stated on page I-5 of the Executive Summary and Overview as follows: "There was no evidence of government or contractor negligence or malfeasance." We also want

identification of all drafts of the IPET report which did not contain this "liability disclaimer" and we request identification of the author(s) of this "liability disclaimer," as well as any persons who reviewed and/or approved same.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

Please produce all documents containing the information requested in the foregoing interrogatory, paying particular attention to the "liability disclaimer" language and drafts.

**RESPONSE TO INTERROGATORY NO. 5 AND REQUEST FOR PRODUCTION OF DOCUMENTS NO.5:**

Defendant objects to these requests as calling for the production or disclosure of privileged documents insofar as they ask for draft documents. Defendant responds that the IPET Report itself contains all of the relevant information that Plaintiffs seek by this request, and refers Plaintiffs to that document.

**VI. INTERROGATORY NO. 6:**

Since the creation of the MRGO, many tropical cyclonic storms caused flooding in St. Bernard Parish via the MRGO. Please provide the following information with respect to the aforementioned weather events.

a) identify what remedial action was taken by the United States of America or any of its agencies to prevent the MRGO from repeating these flood events in respect of future tropical cyclonic storms;

b) please identify all studies, task forces, commissions, committees and any other group or individual analysis of each event which was undertaken in an attempt to prevent the flooding from recurring;

c) please specify all reports, memoranda, documents and other writings which were created, and indicate all persons involved in the creation of these reports; and

d) please advise if any recommendations were made to prevent such flood events in the future, and if so, whether they were implemented or not. In the event that recommendations were not implemented, please provide a full explanation of why they were not implemented and specify the ultimate decision makers in respect of each refusal to implement these potentially mitigating recommendations.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**RESPONSE TO INTERROGATORY NO.6 AND REQUEST FOR PRODUCTION OF DOCUMENTS NO.6:**

Defendant has no knowledge of any such storms as defined in this request and therefore has no information to provide in response to these requests. Defendant

further responds that it categorically disputes and denies the allegation that "many cyclonic storms caused flooding in St. Bernard Parish via the MRGO.

VII. INTERROGATORY <u>NO. 7:</u>

To the extent that you acted through contractors or vendors to design, build, construct, dredge, maintain, survey, analyze for the safety of the residents of St. Bernard Parish, study the effects of wetlands erosion arising out of the MRGO, and create, build and maintain the locks, please identify each such contractor, vendor and specify the full details of each such contract, including a specification of the work to be performed, bid specifications, contract specifications, documented acceptance of the work, your inspection of the work prior to acceptance and all other matters touching upon your hiring of third parties to perform these services.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**RESPONSE TO INTERROGATORY NO. 7 AND REQUEST FOR PRODUCTION OF DOCUMENTS NO.7:**

This interrogatory is objected to as being burdensome and oppressive and not likely to lead to the discovery of any relevant evidence and relating only to claims barred by applicable statutes of limitation and beyond the jurisdiction of this court.

**VIII. INTERROGATORY NO. 8:**

Please indicate why the MRGO levees were not properly designed and maintained by you and/or your contractors.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**RESPONSE TO INTERROGATORY NO. 8 AND REQUEST FOR PRODUCTION OF DOCUMENTS NO.8:**

Defendant objects to this request as assuming untrue facts and as being irrelevant to a claim that a fifth amendment taking has occurred. Further Defendant refers Plaintiffs to the IPET Report and its conclusions that the MRGO was not a causal factor in the flooding complained of in this case.

**IX. INTERROGATORY NO. 9:**

Please identify all lobbyists who were involved in the efforts to create the MRGO in the first instance, to keep it open even after it was apparent that it was responsible for tragic flood events in both St. Bernard Parish and Orleans Parish, and identify all government employees and elected officials who had contact with these lobbyists regarding these matters. The period of this request is from the initial conception of the MRGO to the present date.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**RESPONSE TO INTERROGATORY NO. 9 AND REQUEST FOR PRODUCTION OF DOCUMENTS NO.9:**

Defendant objects to this request as assuming untrue facts and as being irrelevant to a claim that a fifth amendment taking has occurred. Further Defendant refers Plaintiffs to the IPET Report and its conclusions that the MRGO was not a causal factor in the flooding complained of in this case.

**X. INTERROGATORY NO. 10:**

Please identify all flood events in St. Bernard Parish which involve flood waters from the MRGO which resulted in the declaration of a federal emergency or a federal disaster, from the date of the opening of the MRGO to the present date. In respect of each such emergency or disaster declaration, we want full details, including the date of each such declaration, whether they were exclusively federal declarations or if they were also – known to you – state and/or local declarations of emergency or disaster, and we want a full recitation of the deployment of all United States Coast Guard, other United States military, FEMA, and other disaster management agencies of the United States who were involved in assisting the victims of these disasters.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**RESPONSE TO INTERROGATORY NO. 10 AND REQUEST FOR PRODUCTION OF DOCUMENTS NO.10:**

Defendant objects to this requests as irrelevant and not likely to lead to the discovery of relevant evidence to this case, Answering further, Defendant states that it has no knowledge of

any events that meet the definition stated in this request.

**XI. INTERROGATORY NO. 11:**

Do you contend that the MRGO is a federal navigation project? If so, please specify why, and if not, please provide that explanation.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**RESPONSE TO INTERROGATORY NO. 11 AND REQUEST FOR PRODUCTION OF DOCUMENTS NO.11:**

The United States Congress specifically authorized the MRGO project as one for navigation in 1956 (see response No. 1 above) and has referred to that determination in subsequent legislation - see e.g. P.L 109-234.

**XII. INTERROGATORY NO. 12:**

Please specify, by the names of the claimants, identification of Form 95s which have been filed, lawsuits which have been filed, administrative proceedings or other court proceedings, any and all suits, demands or claims which you have received, since the opening of the MRGO to the present, with respect to residents of St. Bernard Parish who claim to have suffered damage as a result of flooding emanating from the MRGO.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**RESPONSE TO INTERROGATORY NO. 12 AND REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

Defendant objects to this request as being burdensome and oppressive, not likely to lead to the discovery of relevant evidence, and as being immaterial to a claim of a fifth amendment taking. Without waiving the foregoing, Defendant responds that it is aware of only one lawsuit involving the MRGO and we will provide Plaintiffs with the name of that case shortly.

**XIII. INTERROGATORY NO. 13:**

In the late 1950's, the Department of the Interior issued various memoranda which discussed the negative impact on the wetlands of St. Bernard Parish which would arise out of the construction and maintenance of the MRGO. Please identify all persons involved in the studies and analysis which resulted in the creation of these memoranda, the persons to whom said memoranda were directed, state the conclusions set forth in these memoranda,

and state what action, if any, you took to heed the warnings which were contained in these memoranda.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**RESPONSE TO INTERROGATORY NO. 13 AND REQUEST FOR PRODUCTION OF DOCUMENTS NO.13:**

Defendant objects to this request as being burdensome and oppressive, not likely to lead to the discovery of relevant evidence, and as being immaterial to a claim of a fifth amendment taking.

**XIV. INTERROGATORY NO. 14:**

Please identify all persons whom you may call as witnesses at the trial of this matter, either as fact or expert witnesses, including their full legal name, current or last known address, current or last known telephone numbers, employer, occupation, educational background, age and a brief synopsis of their knowledge of the facts at issue in this litigation.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**RESPONSE TO INTERROGATORY NO. 14 AND REQUEST FOR PRODUCTION OF DOCUMENTS NO.14:**

Defendant has not yet determined which witnesses it may call in this case and therefore cannot respond to these requests at this time. We will provide a supplemental response at the appropriate time.

**XV. INTERROGATORY NO. 15:**

Identify any experts or potential experts with whom you have consulted about any issues in this matter, regardless of whether or not intend to call them as a witness at the trial of this matter, including their full legal name, current or last known address, current or last known telephone numbers, employer, occupation, educational background, age, and area of expertise for which you have consulted them and the date(s) on which each was consulted by you.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**RESPONSE TO INTERROGATORY NO. 15 AND REQUEST FOR PRODUCTION OF DOCUMENTS NO.15:**

Defendant has not yet identified any experts that it may call as witnesses in this case. However, we would direct Plaintiffs attention to the persons participating in the IPET Report as potential witnesses. Apart from the IPET report, we have no further documents to provide relating to this request.

**XVI. INTERROGATORY NO. 16:**

Please identify each and every document, writing, report, film, record, correspondence, e-mail, facsimile, report of testing, photograph, chemical assay, digital

compilation, video, audio/visual presentation, film or other tangible item of evidence (including demonstrative evidence), which you will or may use at the trial of this matter or which you otherwise know to exist.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**RESPONSE TO INTERROGATORY NO. 16 AND REQUEST FOR PRODUCTION OF DOCUMENTS NO.16:**

Defendant has not yet identified any documents that it may offer in evidence in this case. However, we would direct Plaintiffs attention to the IPET Report as a potential source for such evidence. Apart from the IPET report, we have no further documents to provide relating to this request.

**XVII. INTERROGATORY NO. 17:**

Please identify when your experts, consultants, contractors and/or employees inspected, tested and viewed the damaged property at issue in this litigation, and describe their activity, findings and conclusions. In answering this interrogatory, please identify the specific dates and purposes of each such inspection for the period of 1 June 2004 through the present date.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**RESPONSE TO INTERROGATORY NO. 17 AND REQUEST FOR PRODUCTION OF DOCUMENTS NO.17:**

Defendant objects to this request as being burdensome and oppressive, not likely to lead to the discovery of relevant evidence, and as being immaterial to a claim of a fifth amendment taking.

**XVIII. INTERROGATORY NO. 18:**

Please identify any and all insurance policies, protection and indemnity agreements and or club enrollments, indemnity contracts, defense agreements and/or hold harmless agreements (including those contained in any agreements with your contractors or vendors) which many potentially respond or provide coverage on your behalf with respect to any of the claims asserted by the plaintiff in this litigation.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**RESPONSE TO INTERROGATORY NO. 18 AND REQUEST FOR PRODUCTION OF DOCUMENTS NO.18:**

Defendant objects to this request as being burdensome and oppressive, not likely to lead to the discovery of relevant evidence, and as being immaterial to a claim of a fifth amendment

taking. Without waiving the foregoing, Defendant responds that it is not aware of any such documents.

**XIX. INTERROGATORY NO. 19:**

What is the status of any and all demands for coverage, defense and/or indemnity which you have made with respect to the claims asserted against you by the plaintiff in this litigation? Have there been acceptance, rejection or reservations of rights issued in response to any such demands?

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**RESPONSE TO INTERROGATORY NO. 19 AND REQUEST FOR PRODUCTION OF DOCUMENTS NO.19:**

See response to Interrogatory No. 18.

**XX. INTERROGATORY NO. 20:**

Please provide a privilege log for any documents or evidence to which you lodge a privilege objection.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:**

Please produce all documents containing the information requested in the foregoing interrogatory which you contend supports your assertions of privilege.

**RESPONSE TO INTERROGATORY NO. 20 AND REQUEST FOR PRODUCTION OF DOCUMENTS NO.20:**

Defendant has not prepared any privilege logs at this time.

**XXI. INTERROGATORY NO. 21:**

You assert that Plaintiffs' claims are barred by a statute of limitations. Please state each and every fact which supports, tends to support, or upon which you rely in support of this affirmative defense including, but not limited to, the date(s) you contend Plaintiffs' claims accrued and the facts giving rise to Plaintiffs' claims, as well as a specification of the statute or statutes of limitations your claim operates as a defense.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**RESPONSE TO INTERROGATORY NO. 21 AND REQUEST FOR PRODUCTION OF DOCUMENTS NO.21:**

Defendant objects to this interrogatory as seeking not facts but Defendant's legal theories and defenses. Without waiving the foregoing objection, Defendant responds that to the extent Plaintiffs claim that the existence of the MRGO was the basis for its claim, that such a claim would be barred by 28 U.S.C. 2401 unless filed within 6 years after the project went into operation.

**XXII. INTERROGATORY NO. 22:**

You assert that Plaintiffs' claims sound in tort. Please state each and every fact which supports, tends to support, or which upon you rely in support of this affirmative defense including, but not limited to, the specific acts of negligence which you claim give rise to Plaintiffs' claims and the persons responsible therefore.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 22:**

Please produce all documents containing the information requested in the foregoing interrogatory.

**RESPONSE TO INTERROGATORY NO. 22 AND REQUEST FOR PRODUCTION OF DOCUMENTS NO.22:**

Defendant objects to this Interrogatory as seeking not facts but Defendant's legal theories and defenses. Without waiving the foregoing objection, Defendant responds that in their complaint, Plaintiffs essentially rely on alleged failures to act or claimed negligent action and claims of damage to property as the basis for its claims in this court. As a matter of law, such claims sound in tort and do not give rise to a Fifth Amendment takings claim which must be founded upon a valid governmental action which deprives a plaintiff of property rights.

**XXIII. REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23:**

Please produce any all reports, memoranda and/or other documentation produced or reviewed by any of the experts you identified in response to the Interrogatories propounded to you in this matter, including or referring to any communications between you and the foregoing experts, including any statements, emails, test results, surveys, reports, tapes or notes. Please also produce a copy of the *curriculum vitae* or resumes of the foregoing experts, along with the Rule 26 testifying history of each expert.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23:**

Defendant objects to such request as calling for privileged information. Responding further, Defendant states that if has no such documents at this time.

**XXIV. REQUEST FOR PRODUCTION OF DOCUMENT NO. 24:**

Please produce all documents reflecting or referring to any communications between you and any lay witnesses identified in your response to the Interrogatories propounded to you in this case, including any statements, email, tapes, memoranda, transcripts, test results, surveys, reports, correspondence, notes or other items.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 24:**

No such witnesses have been identified.

**XXV. REQUEST FOR PRODUCTION OF DOCUMENTS NO. 25:**

Please produce any and all documents (or other items of evidence) which you may use at the trial of this matter and/or otherwise in this litigation, including depositions, motions and/or hearings, or documents and evidence of which you are otherwise aware.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 25:**

Defendant has no such documents at this time other than the IPET Report which Plaintiffs already have.

**XXVI. REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26:**

Please produce any and all documents containing information relevant to any issue extant in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26:**

Objected to as vague and indefinite as well as being burdensome and oppressive.

**XXVII. REQUEST FOR PRODUCTION OF DOCUMENTS NO. 27:**

Please produce all documents regarding compensation which you, your insurers or indemnitors have provided to any of your experts and/or consultants with respect to:

a) The work they have performed for you in respect of this matter/litigation;

b) Other work they have performed for you in the past;

c) Work they have performed in other matters involving your counsel (both in house and outside litigation counsel) in this matter; and

d) All records of billings, invoices and payments to date to such experts by you or your counsel.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 27:**

Defendant has no such documents at this time.

**XXVIII. REQUEST FOR PRODUCTION OF DOCUMENTS NO. 28:**

Please produce any and all documents reflecting your ownership of rights of way, servitudes, easements or other encumbrances on the property at issue in this litigation, including canals, levees, borrow pits, ditches, and other waterways.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 28:**

Defendant objects to this request as burdensome, oppressive, immaterial and unlikely to lead to the discovery of relevant evidence as well as being vague and indefinite as to the "property at issue in this litigation". Insofar as the named plaintiffs are concerned, Defendant at this time is unaware of any claim of ownership by the United States of any interest in their properties.

**XXIX. REQUEST FOR PRODUCTION OF DOCUMENTS NO. 29:**

Please produce any and all documents concerning any title searches you (or your agents) conducted or requested regarding any of the damaged of taken property at issue in this litigation, including the results of any such searches.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 29:**

Objected to as vague and indefinite. Defendant has not at this time asked for any title searches on the properties of the named plaintiffs.

**XXX. REQUEST <u>FOR PRODUCTION OF DOCUMENTS NO. 30:</u>**

Please produce any and all documents regarding the historical use, water flow, depth, width or other characteristics of properties of the MRGO, including all instances in which the MRGO was widened, deepened or otherwise modified.

**<u>RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 30:</u>**

Defendant Objects to this request as being burdensome and oppressive, vague and indefinite, and not likely to lead to the discovery of relevant evidence, or as relating to claims barred by the statue of limitations, 28 U.S.C. 4201. Without waiving the foregoing, Defendant responds that it has not at this time been able to identify any documents regarding any material changes in the MRGO project since its authorization.

**XXXI. REQUEST <u>FOR PRODUCTION OF DOCUMENTS NO. 31:</u>**

Please produce all dredging contracts for work in respect of the MRGO, from the date of its original construction through the present date.

**<u>RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 31:</u>**

Defendant objects to this request as relating to claims barred by the statute of limitations or asking for contracts completed prior to 1999. Without waiving the foregoing objection, see the attached Schedule which lists contracts for the MRGO. Pursuant to CFC Rule 33(d) Defendant will make available for inspection at its New Orleans District Offices on reasonable notice of any contracts during or after 1999.

Dated the 17th Day of July, 2006

for Randall Merchant

Fred R. Disheroon
Special Litigation Counsel
Environment and Natural Resources Division
United States Department of Justice
Washington, D.C. 20004
202-616 9649 202 616 9667 (fax)
Attorney for Defendants

I certify under penalty of perjury that to the best of my knowledge and belief the answers to the foregoing interrogatories are true and correct.

Randall C. Merchant

Randall C. Merchant
Asst. District Counsel
U.S. Army Corps of Engineers