SMITH & FAWER LLC
ATTORNEYS AT LAW

Stephen M. Wiles, Esq.
201 St Charles Avenue, Suite 3702
New Orleans, Louisiana 70170
Telephone: 504-525-2200
Facsimile: 504-525-2205

**VIA E-MAIL & TELECOPY** 19 July 2006 **File # 7140**
**fdishero@usdoj.gov**
**(202) 616-9667**

Fred R Disheroon, Esq
U S Department of Justice
Environment and Natural Resources Division
Special Litigation Unit
P O Box 7397
Ben Franklin Station
Washington, DC 20044-7397

Re: Rocco Tommaseo, et al v The United States
The United States Court of Federal Claims
No 05-1119L

Dear Mr Disheroon:

It was a pleasure visiting with you on the telephone Monday evening. We thank you in advance for your promise to obtain more complete responses to our written discovery from your contacts at the Corps, and to help you with that endeavor, we will direct your attention to a few of the draft responses which we contend need supplementation before they are finalized and acceptable to the Plaintiffs That way we can head off a Motion to Compel on the front end, especially considering your 18 September 2006 Dispositive Motion filing deadline

First, with respect to your response to the set of discovery which includes our Requests for Admissions, we do need actual definitive responses to Requests for Admissions 13, 14, 15 and 16, as the responses in your draft version, nor the amended Responses of yesterday, do not comport with Rule 36 We do recall that you indicated that you were going to seek some specific clarification from the Corps with respect to your responses to some of our Requests for Admissions, so we are hoping 13 - 16 are included in that group

There was also a single Interrogatory and single Request for Production included with that initial set of Requests for Admissions With respect to your draft response to that Interrogatory (paragraph 17 of your Response to Requests for Admissions), which you submitted in draft on 17 July 2006, we would like a formal supplemental and verified response to this Interrogatory which indicates and confirms that the United States of America relies upon nothing other than the IPET Report in support of the various



EXHIBIT
4

denials We also ask for the same confirmation with respect to that request for production of documents (listed as your number 18 in the 17 July 2006 draft responses), *viz* that there is no documentary evidence other than the IPET Report to confirm the denials Hopefully that will take care of the obvious issues with respect to the Requests for Admissions For your ease of reference, and to facilitate your correspondence with the Corps, we have attached a copy of those Requests for Admissions and the tag along Interrogatory and Request for Production of Documents

Next we have the responses of the United States of America to the set of Interrogatories and Requests for Production of Documents dated 16 June 2006 We have also attached a copy of that for your ease of reference and to assist you in communicating with the Corps

Regarding your objection to Interrogatory and Request for Production number 1, please note that we obviously have a genuine dispute here as to the scope of discovery and we believe that we are owed a supplemental response to all subsections (a - g) of Interrogatory number 1 These issues are all highly relevant to the activity of the Defendant in respect of these recurring flood events occasioned by the MR-GO, but we would like to see if the Corps is interested in responding to this Interrogatory, or if it intends to stand on the objection. Please favor us with that response within ten days, which is the same time period we ask for your response to all of the issues raised in this correspondence

Pursuant to your averment that you will make all non-objectionable documents available for inspection at the New Orleans District Offices of the United States Army Corps of Engineers, please advise of the first available date for us to undertake this document review Please note that we will have two lawyers conducting this document review, which will take as long as it takes, depending on the size and organization of the production We would like to start on this as soon as possible, and we will await your urgent advices in that regard

The next set of responses to which we require supplementation concern Interrogatory and Request for Production number 3 We are certainly entitled to have your client identify "all witness, documents [and] tangible items of evidence" which support the affirmative defenses asserted in this case, as well as the denials contained in your Answer If the only thing that your client has to support these affirmative defenses and the denials is within the four corners of the IPET Report, then please specify such and the date of the version relied upon, and that will be the end of this inquiry However, if there are any additional items of evidence, we do need those identified and produced

Next we have the Government's response to Interrogatory and Request for Production number 5 If there are versions of the IPET Report which did not contain the "liability disclaimer," we are certainly entitled to obtain those, as the Government appears – by your answers to this written discovery – to be relying upon the IPET Report as its be all and end all in defense of this case Consequently, the

IPET Report is subject to scrutiny and the Plaintiffs are entitled to see the various versions of this document before it was publically released Futhermore, the Government's reliance on this report for defense certainly obviates your non-specified assertion of "privilege" in the response to Interrogatory and Request for Production number 5. This is a very important issue, and we ask that we be provided with this material and discovery as the people of this country should certainly be entitled to see how the Government arrived their conclusions

With respect to the Government's response to Interrogatory and Request for Production number 6, we simply want to make certain that we receive a verified response from an appropriate government witness attesting to the lack of knowledge in this regard and confirming this denial We will then appreciate it if you would provide us with dates for the deposition of that person.

Next we have Interrogatory and Request for Production number 7 and your objections regarding statutes of limitations and jurisdiction. As we suspect that your dispositive motions which are due on 18 September 2006 will include such contentions, we are certainly entitled to obtain discovery on these issues, especially as Rule 56 affords the party opposing such a dispositive motion with the opportunity to obtain discovery as to the issues in play Consequently, we ask to be provided with full and complete responses to these inquiries.

Next, with respect to Interrogatory and Request for Production number 10, these repeat flood events are very much relevant to whether or not a taking exists in this case, so we do ask for a complete response to this area on inquiry This goes directly to the issue of taking *vel non,* so we are certainly entitled to this information, especially in light of the fact that the Government intends on bringing dispositive motions in this regard

With respect to Interrogatory and Request for Production number 12, these items are germane to this lawsuit, especially as the Court of Federal Claims version of Rule 23 is an "opt-in" class action, so this is clearly relevant and material evidence to which Plaintiffs are entitled, especially with respect to the class action ramifications We ask that those documents please be provided

Next is Interrogatory and Request for Production number 13 and your objection to same Certainly the Department of the Interior's own analysis of the effect the creation of the MR-GO would have upon the property at issue in this litigation is very relevant evidence to the taking aspect of this case, so we ask that you reconsider and favor us with that information

Regarding Interrogatory and Request for Production number 17 , we believe that your objection is in error as the Government's analysis of the appropriate issue during the time period of this request (from 2004 forward) certainly cuts at the heart of the statute of limitations defense which you have

asserted in this case For this reason and others, we request a full response here

With respect to Interrogatory and Request for Production numbers 18 - 19, we would like a complete and verified response regarding the existence of any insurance or potential indemnity agreements (perhaps with dredging companies and other government contractors who worked on the MR-GO) This is specifically discoverable pursuant to Rule 26, so we would like a clear and definitive response

Concerning Interrogatory 20, we have asked for a privilege log to be created for documents to which you have lodged a privilege objection You have made some privilege objections, and Plaintiffs are entitled to a privilege log such that a determination can be made as to whether these items are genuinely privileged or if arguments can be made for their production Consequently, we do ask for preparation and tender of a privilege log

Regarding Interrogatory and Request for Production number 21, please confirm that you have no other factual basis, or any documents in support of any defenses other than the defense specified in your response already

With respect to Interrogatory and Request for Production number 22, as this jurisdictional issue is going to be featured in the Government's dispositive motion which is coming later this summer, we are certainly entitled to discover all factual underpinings for these assertions Please provide same

Regarding Request for Production number 28, we simply want a verified response from the Government that it does not claim any such pre-existing rights of ownership, easements, etc with respect to the affected property

With respect to Request for Production number 30, we do ask that you correspond with the Corps and have them actually provide you with the documents which indicate material changes to the MR-GO since its original authorization These changes were many, and we suspect you will see that these directly impact your statute of limitations defense We are entitled to these documents, and we ask that they be produced

With respect to Request for Production number 31, we ask that you advise when we can undertake the document review at the Corps' New Orleans offices as promised in your response

We trust that you will accept the foregoing in the spirit in which it was intended, i e to have a full exchange of information before the Government brings its dispositive motion on the very issues touched upon by these Interrogatories and Requests for Production of Documents, and the Requests for

Admissions We ask that you favor us with verified and complete responses within ten days of this request, such that this would give Plaintiffs an appropriate amount of time to analyze the material prior to receipt of your Motion for Summary Judgment Furthermore, we do ask for your assistance in expediting the scheduling of the document review at the Corps' New Orleans offices. We thank you in advance for your courtesies in this regard.

Cordially,

Stephen M Wiles

SMW:let
Enclosures (2)
cc: F Gerald Maples, Esq (via e-mail, w/o encls.)
Carlos A Zelaya, II, Esq (via e-mail, w/o encls.)
Mark Romely (via e-mail, w/o encls.)
J Wayne Mumphrey, Esq (via e-mail, w/o encls.)
John H Musser, IV, Esq (via e-mail, w/o encls.)