U.S. Department of Justice

Environment and Natural Resources Division

*Special Litigation Unit*
*P.O. Box 7397*
*Ben Franklin Station*
*Washington, DC 20044-7397*

*Telephone (202) 616-9646*
*Facsimile (202) 616-9667*

July 28, 2006

Stephen M. Wiles, Esq.
201 St. Charles Ave, Suite 3702
New Orleans, La. 70170

Re: Tommasseo v. United States, No. 05-1119L
United States Court of Federal Claims.

Dear Mr. Wiles,

This is in reply to your letter of July 19, 2006 concerning your requests for discovery in this case. I first must note that your requests are very broad and extensive at a time when the Court has yet to approve a plan for discovery, and, in our view, inconsistent with the comments of the Court in our April status conference that discovery should be very limited pending rulings on dispositive motions. I believe many of your requests are premature and should await the court's rulings on our jurisdictional motions. Before getting into a discovery dispute on these matters, it would be better, we think, to seek guidance from the Court as to the appropriateness of the sweeping discovery requests you are now making.

At the April Status Conference, I indicated to the Court our desire to take depositions from the Plaintiffs to ascertain the basis for the claims in this case. In response the Court indicated that she thought such discovery was premature and that we should not at this early stage of the case expose Plaintiffs to the expenses associated with such a request. As a result of that discussion, we did not ask for such depositions but rather filed relatively minimal interrogatories which you have already responded to in a limited fashion.

I do not believe that your current requests as set forth in your letter of July 19 are consistent with that discussion and would suggest that you consider awaiting disposition of our jurisdictional motions before asking for much of the information you now seek, since if we are successful in our motion, very little of what you request would be necessary

In the interest of maintaining a cooperative approach to this case, I will respond to your requests but ask that you keep the foregoing matters in mind when reviewing our explanations.

We will continue to review Corps files for available information that you can inspect at the present time and will provide you with further information in a relatively short time, however, please be aware that while the Corps is now searching it files as to the matters indicated in our response to your requests, it will likely be another 2 to 3 weeks before we can suggest a time for inspection since it

EXHIBIT
5

will take that amount of time - consistent with the Corps' numerous other obligations - to complete that review.

1. In specific response to your request for further responses to Requests for Admissions 13 through 16, given the ambiguous and imprecise nature of your questions, we cannot at this time provide any further response. For example, in request 13 you ask that we admit that plaintiffs property in St. Bernard Parish was flooded on August 29. Until we received the responses to our interrogatories, we had no information as to what property your clients claim to own. We are still not able to answer specifically what effect the hurricane had on those properties and your use of the unqualified term "flooding" makes it difficult for us to respond. Further, number 15 contains the same ambiguity, and number 16 does not identify what computer modeling you are referring to so we are in no position to respond to such a request. It is not possible to respond to such a speculative request as number 14 which requires prediction of the future, not a factual response. You are respectfully referred to the IPET report for our best information as to the effects of Hurricane Katrina. If you wish to narrow and clarify your questions and make them specific to factual matters, it may be that we could be more responsive.

2. Insofar as a verification of the responses to the single interrogatory and request for production, I will obtain such a verification and file an amended response shortly.

3. We continue to maintain our objection to your interrogatory number 1, including for the reasons of economy discussed above. Further, we cannot accept your characterization of "flood events occasioned by the MRGO" which we deny exist. Perhaps your review of the documents the Corps will produce will provide you with more information on this request.

4. As noted above, we will let you know as soon as we can when the documents will be available for inspection.

5. As to our response to interrogatory number 3, in asserting our affirmative defenses, we will be relying on legal defenses, and Congressional documents subject to judicial notice for such defenses, and we identified those documents. We referenced the IPET report as the best available information on the Hurricane effects. We may later develop or discover additional factual information on which we may rely if this case gets to a hearing on factual matters, and we will supplement our response if we have further evidence to rely on. However, as we stated in our response, we have not yet identified any further documents or evidence on which we intend to rely, but we certainly reserve the right to do so.

6. With respect to our response to interrogatory number 5, we continue to object to that request. Preliminary drafts of a document are subject to the deliberative process privilege and do not constitute relevant evidence, particularly in a fifth amendment taking case. We will not produce any such drafts but will rely on the final report when it is issued as the definitive position of the United States. Further, we continue to reserve the right to develop additional evidence in response to Plaintiffs' claims and are not limited to what is available at this moment in this case.

7. You have already been provided a verified response to all requested interrogatories by mail from Randall Merchant during the week of July 17.

8. As noted above, our motion for summary judgment on statue of limitation grounds will rely on legal issues and Congressional documents and will not rely on the type of information asked for in interrogatory number 8. We did provide you with a list of contracts relating to the project, and you may be able to review such contracts when we arrange for your inspection of documents later on.

9. As to interrogatory number 12, we continue to adhere to our objection. Information as to currently pending cases are publicly available to you and the burden on obtaining such information by you in that manner is not greater than what the government would have to do to compile that information. There is only one other Court of Federal Claims case arising out of Hurricane Katrina and it does not complain of the MRGO.

10. As to number 13, we adhere to our objection and dispute that opinions of the Department of the Interior issued in the 1950's are remotely relevant to the present case, where the Congress of the United States has authorized the MRGO after considering the comments of the DOI. Further, such documents could likely have been obtained by Plaintiffs by a FOIA request to DOI or from publicly available Congressional documents so there is no need to impose this task on the Defendant in this case.

11. As to number 17, I do not understand the relevance of this request to our statute of limitations defense and nothing in your complaint identifies a valid claim to which such evidence would be relevant. We would be willing to discuss this further to understand what you believe the relevance to be.

12. As noted above, you have already received a verified response to all requests, including numbers 18 and 19.

13. As to number 20, we have no privilege log to produce and adhere to our objection. Draft deliberative process documents are not "documents" subject to a request for production.

14. As to number 21, see paragraph 5 above.

15. As to number 22, as noted above, our summary judgment motion will not be based on evidentiary matters, but on legal considerations based on the allegations in the complaint.

16. As to number 28, verification has been provided.

17. As to number 30, we adhere to our objection and dispute your contention that there have been many material changes to the MRGO since its conception.

18. As to number 31, it has been addressed above.

Finally, in connection with our upcoming motion on jurisdictional grounds, we would be willing to discuss our view of the law and what matters are relevant

to that motion since there appears to be a major divergence of views as to those matters, and perhaps we can clarify some of those. We are relying primarily on the allegations in your complaint as the basis for our motion and do not expect to produce factual matters except by way of historical background materials. We are willing to be cooperative in this regard, but as you must understand, we cannot adopt a view of these issues that is incompatible with the interest of the United States.

Sincerely,

Fred R. Disheroon