# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROCCO TOMMASEO, et al<br>Plaintiffs<br><br>V.<br><br>THE UNITED STATES<br><br>Defendant | ) | 1:05-cv-1119 SGB<br>Hon. Susan G. Braden |

## PLAINTIFFS' ANSWERS TO DEFENDANTS' INTERROGATORIES

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs, Rocco Tommaseo, Thomas Tommaseo, Rocky and Carlo, Inc., Steven Bordelon husband of/and Cynthia Bordelon and Steve's Mobile Home & R.V. Repair, Inc., who respond to the Interrogatories propounded upon them by the Defendant, United States of America, as follows:

**INTERROGATORY NO. 1:**

Please identify all persons providing information used to respond to any of these interrogatories, specifying the interrogatory(ies) for which such persons provided information.

**Response:**

The sources of the information contained in the following answers to interrogatories are Plaintiffs Rocco Tommaseo, Thomas Tommaseo, Steven Bordelon and Cynthia Bordelon and their respective counsel.

Defendant's Exhibit
1

**INTERROGATORY NO. 2:**

Please specifically identify the property that you allege has been taken by the United States in this case, and provide a full description of the nature of such property rights, including any limitations thereon.

**Response:**

Plaintiff Rocco Tommaseo owns the following property in full ownership which he alleges was taken by the United States:

2215 Delille St., Chalmette, LA 70043
2021 Stander A, B, Chalmette, LA 70043
3610-12 Fenelon, Chalmette, LA 70043
3618-20 Fenelon, Chalmette, LA 70043
3614-16 Fenelon, Chalmette, LA 70043
3609 Sinclair, Chalmette, LA 70043
3612 Sinclair, Chalmette, LA 70043
3614 LaFontaine, Chalmette, LA 70043
2205 Trio Street, Chalmette, LA 70043
2004-06 Victor Street, Chalmette, LA 70043
3612-14 Delille Street, Chalmette, LA 70043
2019 Lloyds Avenue, Chalmette, LA 70043
2305 Lloyds Avenue, Chalmette, LA 70043
2217-19 Delille Street, Chalmette, LA 70043

Plaintiff Thomas Tommaseo owns the following property in full ownership which he alleges was taken by the United States:

3200 Delille St., Chalmette, LA 70043
613 W. St. Bernard Hwy., Chalmette, LA 70043

Plaintiff Rocky and Carlo, Inc. owns, in full ownership, the business known as Rocky and Carlo's, a restaurant and bar located at 613 W. St. Bernard Hwy., Chalmette, Louisiana 70043 which it alleges was taken by the United States.

Plaintiffs Steve and Cynthia Bordelon own the following property in full ownership which they allege was taken by the United States:

Steve's Mobile Home & R.V. Repair, Inc.
Judge Perez Drive
Meraux, Louisiana

**INTERROGATORY NO. 3:**

Please identify the specific government action or actions which you claim Defendant took that resulted in the claim that your property described in response to Interrogatory 2 was taken.

**Response:**

Plaintiffs object to this Interrogatory on grounds that it is premature. Plaintiffs reserve the right to supplement this Interrogatory response after appropriate discovery and in compliance with deadlines regarding expert reports. Moreover, the nature and precise consequences of Defendant's conduct is being examined by experts, and their findings will be timely submitted to Defendant in accordance with the appropriate scheduling order of the Court.

Without waiving the foregoing objection, Plaintiffs contend the United States authorized, funded, constructed and maintained the Mississippi River Gulf Outlet (MRGO) as a navigational project, thereby creating a direct channel through which a storm surge would flow - the natural, direct and probable consequence of which was the inundation of Plaintiffs' property. The United States' ongoing maintenance of the MRGO included dredging and other activities which caused or increased the damage to Plaintiffs' property.

**INTERROGATORY NO. 4:**

Please state with particularity all actions allegedly taken by defendant upon which you base your takings claim, and the date such actions were taken, and every relevant fact on which your contention is based.

**Response:**

Please see objections and response to Interrogatory No. 3. In addition, Plaintiffs object to this Interrogatory on grounds that it is overbroad and unduly burdensome. It is impossible for Plaintiffs to detail every relevant fact and date.

Without waiving the above and foregoing objections, Plaintiffs aver the United States authorized and engaged in the following actions which took place over a course of time:

A. The Mississippi River Gulf Outlet ("MRGO"), a 76-mile-long man-made channel between the Gulf of Mexico and the City of New Orleans, was created by the United States having been authorized by Congress through the River and Harbor Act of 1956 (Chapter 112, Public Law 455, 84th Congress, 2nd Session, approved 29 March 1956), to create a means of direct access for deep water vessels from the Gulf of Mexico to the Port of New Orleans in order to promote economic development of the Port of New Orleans and adjacent St. Bernard Parish.

B. The United States constructed the MRGO during the years 1958 through 1965. The channel bisected the marshes of lower St. Bernard Parish and the shallow waters of Chandeleur Sound cutting through then existing marsh land which had acted as a natural barrier against hurricane winds and storm surge.

C. The creation of the MRGO allowed salt water from the Gulf of Mexico to flow further inland into the marshes of St. Bernard Parish thereby killing plants and vegetation which had served to hold land and soil in place. Without the aforesaid plants and vegetation, the land and soil eroded leading to a widening of the MRGO beyond the dimensions originally authorized.

D. In addition to the erosion created by saltwater intrusion, the United States, acting through the U.S. Army Corps of Engineers, has authorized and funded the regular and continuous dredging of the bottoms of the MRGO on at least an annual basis through and including 2005. This dredging has removed soil that had eroded from the banks of the MRGO into the bottom of the channel, and the dredged soil was placed into the Gulf of Mexico rather than being used to restore the marshlands of St. Bernard Parish.

E. The wetland loss and deterioration from the MRGO have allowed for expanded tidal amplitude and duration, increasing the flooding risk to interior portions of St. Bernard and Orleans Parishes and providing a direct line of access for hurricane-related storm surge to reach Plaintiffs' property.

**INTERROGATORY NO. 5:**

Please state the date(s) which your property was allegedly taken, the period and duration of the alleged taking and whether you are claiming a permanent or temporary taking.

**Response:**

Plaintiffs object to this interrogatory to the extent it calls for a legal conclusion. It is a question of fact for the trier of fact to determine if and when Plaintiffs' property was taken on a temporary or permanent basis. However, it is Plaintiffs' contention that their property was most assuredly taken on 29 August 2005 on a temporary and permanent basis.

**INTERROGATORY NO. 6:**

If you claim that the MRGO was responsible for all or part of the alleged taking, please identify all studies, historical data and/or documentation that you intend to rely

upon regarding the role of the MRGO in your alleged taking.

**Response:**

Plaintiffs object to this Interrogatory on grounds that it is premature. Plaintiffs reserve the right to supplement this Interrogatory response after appropriate discovery and in compliance with deadlines regarding exchange of expert reports and exhibit lists. Subject to the foregoing objections, plaintiffs may rely upon the following:

A. Any and all studies by the United States Department of the Interior regarding the potential impact of the construction of the MRGO.

B. Any and all studies, computer simulations, models, publications, evaluations or predictions generated or produced by Louisiana State University, Ivor Van Heerden, Hassan Mashriqui, and/or Paul Kemp in connection with the MRGO.

C. Any and all studies, evaluations, or reports generated, prepared, or reviewed by or on behalf of the United States Army Corps of Engineers (USACE) in connection with the MRGO.

D. Any and all studies, evaluations, or reports generated, prepared, or reviewed by or on behalf of any other agency or department of the United States in connection with the MRGO.

E. CASE STUDY: MISSISSIPPI RIVER - GULF OUTLET (MRGO) (USA) (available at http://www.pianc-aipcn.org/envicom7/13%20-%20mississippi.pdf).

**INTERROGATORY NO. 7:**

Please explain the basis for your contention, in ¶¶s 12 to 14 of your First Amended Complaint, that as a natural and direct result of the creation of the MRGO and the continued operation, maintenance, and dredging thereof you were deprived of the use,

occupancy and enjoyment of the property described in response to Interrogatory 2 above, or any other property you claim an interest in.

**Response:**

Plaintiffs object to this Interrogatory on grounds that it is overbroad and unduly burdensome. Subject to the foregoing objections, Plaintiffs submit that the basis for their claims is fully set forth in the First Amended Complaint, and will be demonstrated in discovery.

Subject to the foregoing objections, as a result of the United States' conduct, Plaintiffs are no longer able to utilize their property because the United States has turned their property into part of a navigation project. Water from the MRGO will continue to invade Plaintiffs' property, and the United States has in effect taken a flowage easement, obtaining the right to divert water onto Plaintiffs' Property on a permanent and continuous basis.

The role of the MRGO in causing the flooding of Plaintiffs' property is two-fold. First, the destruction of wetlands and marsh structures (as described in Response to Interrogatory 4 (B), (C), (D), and (E)) made the MRGO levee system more susceptible to erosion and failure which ultimately occurred on 29 August 2005. Second, the location, structure, and direction of the MRGO create a funnel effect whereby storm surge is increased by 20 to 40 percent which led to the flooding of Plaintiffs' property on 29 August 2005.

**INTERROGATORY NO. 8:**

Please explain the basis for your allegation in ¶ 16 of your First Amended Complaint, that your property was taken for a public purpose, and specifically identify

what you believe such purpose was.

**Response:**

The MRGO has been described as a navigational project. The United States has stated that the purpose of the MRGO was to promote economic development. Also see Response to Interrogatory 4 (A).

**INTERROGATORY NO. 9:**

Please identify all evidence in your possession, including all facts and documents, which you will offer in support the allegations in ¶ 16 of your First Amended Complaint.

**Response:**

Plaintiffs object to this Interrogatory on grounds that it is premature. Plaintiffs reserve the right to supplement this Interrogatory response after appropriate discovery and in compliance with deadlines regarding expert reports and service of witness and exhibit lists. Without waiving the foregoing objection, please see response to Interrogatory No. 6. In addition, Plaintiffs are in possession of photographs depicting the condition of St. Bernard Parish on 29 August 2005 and thereafter.

**INTERROGATORY NO. 10:**

Please explain the basis for your contention in ¶ 22 of your First Amended Complaint, that storm surges associated with category 4 or 5 hurricanes in the future will travel the MRGO and repeat the effect of the storm surges created by Hurricanes Katrina and Rita, and the basis for your contention in ¶ 24 that flooding of your property is recurring.

**Response:**

Please see objections and response to Interrogatory No. 7. Without waiving those

objections, Plaintiffs state that Hurricane Rita is a perfect example of a repeat event. Expert testimony will demonstrate the impact of future events, and lay testimony will prove it historically.

**INTERROGATORY NO. 11:**

Please identify all evidence in your possession, including facts and documents which you will rely on to support the allegations in ¶¶s 22 to 25 of your First Amended Complaint.

**Response:**

Please see responses to Interrogatory Nos. 6, 7, 8, 9, and 10. Additionally, other materials will be proffered as discovery continues.

**INTERROGATORY NO. 12:**

Please identify all evidence in your possession, including facts and documents which you will rely on to support your request for judgment in the amount of $50 Billion.

**Response:**

Plaintiffs object to this Interrogatory as premature and subject to calculations and testimony of expert witnesses. Without waiving said objection, U.S. Census Bureau data (available at http://quickfacts.census.gov/qfd/states/22/22087.html) indicates that prior to Hurricane Katrina St. Bernard Parish had 65,364 residents occupying 27,229 housing units. Of those housing units, 74.6% were owner occupied with a median value of $85,200.00. Thus, 27,229 x 74.6% x $85,200.00 = $1,730,653,456.80. Further, estimated economic loss due to the loss of commercial ventures exceeds $450,880,872 annually ($6,898.00 annual per capita retail sales x population of 65,364). These figures do not include future economic losses, which will be the subject of forensic economic

expert testimony.

**INTERROGATORY NO. 13:**

State the name and present address of each person who you expect may be called as a fact witness on behalf of plaintiff at the trial of this cause.

**Response:**

Plaintiffs object to this Interrogatory as premature as Plaintiffs have not yet determined who will be called as a witness at trial. Plaintiffs reserve the right to supplement this response in accordance with the applicable case management order issued by the Court. Without waving said objection, Plaintiffs may call the following at trial:

A. Rocco Tommaseo, may be contacted through undersigned counsel, to testify regarding the nature and extent of his property and losses.

B. Thomas Tommaseo, may be contacted through undersigned counsel, to testify regarding the nature and extent of his property and losses.

C. Steve Bordelon, may be contacted through undersigned counsel, to testify regarding the nature and extent of his property and losses.

D. Cynthia Bordelon, may be contacted through undersigned counsel, to testify regarding the nature and extent of her property and losses.

E. A representative of Rocky and Carlo, Inc. to testify regarding the business operations and losses.

F. A representative of Steve's Mobile Home & R.V. Repair, Inc. to testify regarding the business operations and losses.

G. Any deputy of the Sheriff of St. Bernard Parish, Louisiana who remained

and was present in St. Bernard Parish on 29 August 2005 to testify regarding the facts and circumstances of the flooding of St. Bernard Parish, Louisiana coinciding with the passage of Hurricane Katrina.

H. Any residents of St. Bernard, Louisiana who remained and were present in St. Bernard Parish on 29 August 2005 to testify regarding the facts and circumstances of the flooding of St. Bernard Parish, Louisiana coinciding with the passage of Hurricane Katrina.

I. One or more representatives of the United States Army Corps of Engineers to testify regarding that entity's knowledge of the creation, construction, maintenance, operation, and dredging of the Mississippi River Gulf Outlet.

J. Any witness necessary to authenticate any document, photograph, or other exhibit.

**INTERROGATORY NO. 14:**

State separately for each fact witness the subject matter and substance of the testimony that such witness will provide in this case.

**Response:**

Please see Answer to Interrogatory No. 13.

**INTERROGATORY NO. 15:**

State the name and present address of each person who expect may be called as an expert witness on behalf of plaintiff at the trial of this cause and provide a description of the subject matter of such opinions and the factual basis therefore.

**Response:**

Plaintiffs object to this Interrogatory as premature as Plaintiffs have not yet determined who will be called as an expert witness at trial. Plaintiffs reserve the right to supplement this response in accordance with the applicable case management order issued by the Court. Without waving said objection, Plaintiffs may call the following at trial:

A. Ivor van Heerden
Deputy Director, LSU Hurricane Center
Louisiana State University
Office 3214 H CEBA
Baton Rouge, LA 70803
225. 578.5974

B. Hassan Mashriqui
LSU Hurricane Center
Louisiana State University
Office 2232 School of the Coast & Env. Bldg.
Baton Rouge, LA 70803
225.578.9386

C. G. Paul Kemp
School of the Coast and Environment
Louisiana State University
Office 2113 School of the Coast & Env. Bldg.
Baton Rouge, LA 70803
225.578.6316

D.

E. Any person who participated in any evaluation, study, testing, or reconstruction in connection with the preparation of any version of the Independent Levee Investigation Team Report.

F. Any person who participated in any evaluation, study, testing, or reconstruction in connection with the preparation of any version of the

Interagency Performance Evaluation Taskforce (IPET) Report.

G. Any person who participated in any evaluation, testing, or preparation of any studies on behalf of the United States Department of the Interior regarding the potential impact of the construction of the Mississippi River Gulf Outlet (MRGO).

H. Any person who participated in any evaluation, testing, or preparation of any studies or reports on behalf of the United States Army Corps of Engineers in connection with the creation, construction, maintenance, dredging, operation, or modification of the MRGO.

I. Any person who participated in any evaluation, testing, or preparation of any studies or reports on behalf of any other agency or department of the United States in connection with the creation, construction, maintenance, dredging, operation, or modification of the MRGO.

J. Appropriate forensic economic experts to provide damages testimony.

**INTERROGATORY NO. 16:**

Please identify all documents you intend to offer in evidence in this case in support of your claim of a Fifth Amendment taking of property.

**Response:**

Plaintiffs object to this Interrogatory as premature as Plaintiffs have not yet determined what evidence will be offered at trial. Plaintiffs reserve the right to supplement this response in accordance with the applicable case management order issued by the Court. Without waving said objection, please see the foregoing interrogatory responses. Further objection is lodged as this is a mixed question of law

and fact, and response to this Interrogatory would invade the attorney work-product and attorney mental impression work-product privileges.

Respectfully submitted,

**MAPLES & KIRWAN, L.L.C.**
**F. Gerald Maples, (LA Bar #25960)**
**J. Stuart Kirwan, III, (LA Bar #27534)**
**Meredith A. Mayberry (LA Bar #28958)**
**Carlos Zelaya, II (LA Bar #22900)**
902 Julia Street
New Orleans, Louisiana 70113
Telephone: (504) 569-8732
Facsimile: (504) 525-6932

-and-

Randall A. Smith (#2117)
Stephen M. Wiles (#17865)
SMITH & FAWER, L.L.C.
201 St. Charles Avenue, Suite 3702
New Orleans, Louisiana 70170
Telephone: (504) 525-2200
Facsimile: (504) 525-2205

-and-

J. Wayne Mumphrey (#9824)
MUMPHREY LAW FIRM, LLC
9061 West Judge Perez Drive
Chalmette, Louisiana 70043
Telephone: (504) 277-8989

-and-

John H. Musser, IV (#9863)
322 Lafayette St.
New Orleans, Louisiana 70130
Telephone: (504) 566-1218
Facsimile: (504) 566-7185

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was served on all counsel of record by facsimile and U.S. Mail, properly addressed and postage prepaid, on this 29th day of June, 2006.

Stephen M. Wiles, Esq.