IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROCCO TOMMASEO, et al. Plaintiffs | ) | |
| V. | ) | 1:05-cv-1119 SGB Hon. Susan G. Braden |
| THE UNITED STATES Defendant | ) | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

**MAY IT PLEASE THE COURT:**

Plaintiffs Rocco Tommaseo, *et al.* provide the following Memorandum in Reply to the Opposition filed by the United States in response to the Motion to Compel of Plaintiffs which is pending before the Court.

**Heaven Forbid**

Amazingly, the first argument championed by the Government in its Opposition to the Motion to Compel is a complaint that the good citizens of St. Bernard Parish, and that portion of the City of New Orleans known as the Lower Ninth Ward, have dared to ask their Government 33 questions. Heaven forbid that, after parsing the Plaintiffs' 22 interrogatories into sub-parts, defense counsel has gleefully managed to push the total to 34 "interrogatories." Notwithstanding the fact that the Plaintiffs dispute this parsing and separation of the 22 interrogatories to arrive at the increased number 34, is this genuinely a defense to the Motion to Compel the Government to provide answers to the Citizens' questions whose homes and businesses were destroyed, and whose lives were changed forever? We think not, and Plaintiffs respectfully ask the Court to reject this first defense of the United States to the pending Motion to Compel.

**Where is the Order?**

The Government next defends the Motion to Compel on the basis of certain "comments" of the Court which were made during the first telephone conference in this matter.[1] However, there is no Order limiting the scope of written discovery, and in fact the only real discussion during that initial telephone conference was whether or not the parties should engage in depositions at this first stage of the proceedings. This is not a genuine issue, and Plaintiffs hope that the Court will disregard this as a legitimate defense to the Motion to Compel.

**Motion for Summary Judgment = Opportunity of Opposing Party to Conduct Discovery**

As clearly set forth in Rule 56 of the Rules of the United States Court of Federal Claims, these Plaintiffs, as the parties who will be defending the Motion for Summary Judgment of Defendant which is going to be filed in 11 days, are clearly entitled to conduct discovery with respect of all of the issues which will be brought into play by the Defendant's motion. Here, we have the unusual situation of defense counsel having advised of the three bases of the incoming motion; we suspect that the Court will not fault Plaintiffs for acting, rather than reacting. An excellent example of this is the statute of limitations defense which the Government indicated it will offer.

In *Barnes v. United States*, 210 Ct. Cl. 467, 538 F.2d 865 (1976), Judge Bennett, as the author of the opinion for the Court in *Barnes*, noted that it was the Plaintiffs' burden of proof to demonstrate that the flooding upon which the taking claim is premised is "inevitably recurring," even if it is intermittent. *Barnes,* 538 F.2d at 870. Clearly then, if the Government is in possession of information which indicates prior floods attendant to the MR-GO, or subsequent to the flooding attendant to Hurricane Katrina emanating form the MR-GO (which certainly exists from Hurricane Rita in the Autumn of 2005), then this information needs to be provided in discovery. Excellent examples of such material which the Defendant would have in its sole possession would be monies

paid out for flood claims pursuant to the National Flood Insurance Program, monies paid by FEMA for this geographical area, and other expenditures such as military and emergency management attendant to these 2005 hurricanes, as well as other weather events.[2]

Similarly, the Defendant's argument that it has admitted in its Answer that it engaged in dredging of the MR-GO does not end the discussion. Plaintiffs are entitled to discover information which is exclusively in the possession of the United States Army Corps of Engineers, an arm of the Defendant, with respect to the nature, extent and scope of the dredging of the MR-GO, the attendant loss of wetlands adjacent to the property of these Plaintiffs and otherwise surrounding the MR-GO, all of which created the "inevitable consequence" that Plaintiffs' lands would be subject to repetitive flooding.[3] In the obverse of the situation extant in *Barnes* (in which sediment was placed into the riverbed causing riparian flooding), with respect to the MR-GO, the dredging resulted in tragic consumption and eradication of wetlands which protected the property of the Plaintiffs from these recurring flood events , (as evidenced most recently by Hurricanes Katrina and Rita). Consequently, to the extent that the Government has that historical data in its possession, this is highly relevant to the portion of the incoming Motion for Summary Judgment which would be predicated upon the statute of limitations defense. This is very noteworthy as the start of the statute of limitations in these cases is "in the nature of a jury verdict." *Barnes*, 538 F.2d at 873. As the Plaintiffs *sub judice* know what the Defendant will be arguing here, and the Plaintiffs would like nothing more than to defeat the Government's motion with Government's own evidence, the items sought in the written discovery are appropriate and need to be provided.[4]

---

[1] Memorandum in Opposition, page 3.

[2] It is amazing that the Government states in its Opposition Memorandum that it has possession of no such information with respect to these other storms. Plaintiffs suspect that was merely an oversight, but they do ask for a full and complete response.

[3] *Barnes* contains an excellent discussion of the nature of the proof required.

[4] The criticism levied by defense counsel, *i.e.*, that Plaintiffs are on a "fishing expedition," is incorrect. While the Plaintiffs have available to them certain historical testimony from certain of the Plaintiffs and putative class members,

**Specific Issues**

In what is frankly a clever move, defense counsel has completely ignored the law and facts extant in this litigation – as laid out in the Memorandum in Support of the Motion to Compel – but has rather cherry picked a few of the items for short responses in its Opposition Memorandum. Plaintiffs will address these *in seriatim*.

With respect to item 1, the Plaintiffs have very specific requests here. Plaintiffs are entitled to specification and production of the items set forth in this first admittedly large interrogatory, as this request touches upon all of the issues which are being addressed in Defendant's incoming Motion for Summary Judgment. Plaintiffs need to defeat the statute of limitations defense, and the issue of whether or not the conduct of the Defendant rises to the level of a taking, and the still fairly mysterious "the Government is not liable for hurricanes" defense, are all extant. Plaintiffs are entitled to at least a partial response to this Interrogatory at this stage of the litigation, and the blanket objection of Defendant should be rejected.

Regarding item 3, the very existence of the IPET Report does not foreclose the Plaintiffs from obtaining the other requested discovery, especially given the following analysis regarding item 5. Item 5, concerning the drafts of the IPET Report without the liability disclaimer indicates that there is much evidence to be gathered here. Interrogatory No. 5 is reproduced *infra*:

> INTERROGATORY NO. 5:
> In the IPET Report prepared in respect of the MRGO flooding which was released on 1 June 2006, a tome of some 6,600 pages—please provide each and every fact, piece of evidence, witness or other basis which supports the report's contentions that neither the U.S.A. nor any of its contractors were guilty of negligence, misfeasance or malfeasance; as stated on page I-5 of the Executive Summary and Overview as follows: "There was no evidence of government or contractor negligence or malfeasance." We also want identification of all drafts of the IPET report which did not contain this "liability disclaimer" and we request identification of the author(s) of this "liability disclaimer," as well as any persons who reviewed and/or approved

---

there is nothing which pretermits the Plaintiffs from attempting to gather evidence from the Defendant to make a very strong case in opposition to the Motion for Summary Judgment. This is not a fishing expedition.

same.

REQUEST FOR PRODUCTION NO. 5

Please produce all documents containing the information requested in the foregoing interrogatory, paying particular attention to the "liability disclaimer" language and drafts.

As it is the Defendant who has set up the IPET Report as its be-all-and-end-all defense, Plaintiffs are certainly entitled to conduct discovery surrounding the various modifications of the IPET Report. It must be remembered that, as is evident from the website indicating the location of the IPET Report on the internet, that the IPET Report is being drafted by the Army, and the United States *Army* Corps of Engineers is the true culprit here. If the Defendant is going to write an exculpatory report and use that as its defense, then all of the activity of Defendant in writing its own defense ticket is subject to exacting scrutiny. To rule otherwise would be stunning to all but the most jaded citizens of this country.

Next, Defendant carps about items 6 and 10, making the stunning assertion that there is a genuine dispute that St. Bernard Parish flooded adjacent to the MR-GO during other tropical storm events. Memorandum in Opposition, Page 8. The undersigned Counsel for Plaintiffs lived through both Hurricanes Betsy (ante-dating Hurricane Katrina) and Hurricane Rita (post-dating Hurricane Katrina). The Plaintiffs here deserve a better response than the one Defendant offered.

Next, we have item 12. Defendant here claims that it is only aware of one lawsuit in existence arguing that there was damage caused by floodwaters from the MR-GO, citing *Graci v. U.S.*, 435 F. Supp. 189 (E.D. La. 1977). The undersigned counsel is currently counsel of record in certain of the class actions pending in the United States District Court for the Eastern District of Louisiana which have been brought against the United States by a variety of citizens located in different geographical areas in South Louisiana, many of which contain separate classes of cases under the class action "umbrella" of those cases being handled by Judge Duval, which cases make

MR-GO claims. The Department of Justice has this information available to it, and the undersigned counsel suspects that there are many other cases of which he is unaware, as well as a variety of administrative claims, from Form 95 filings and other actions which may be in existence. This goes directly to the historical issues concerning the flooding attendant to the MR-GO, all of which cuts at two of the Defendant's prime defenses, statute of limitations and "this was not a taking." Plaintiffs are entitled to be provided with this information.

**Yes, Plaintiffs Have Objected**

Defendant's parting shot is a complaint that the Plaintiffs in this litigation have had the audacity to issue legal objections to certain of the Government's interrogatories. Simply because the Plaintiffs got it in gear and filed a motion, whereas the Government did not, is not a defense. This defense, much like the one claiming that the Plaintiffs asked 8 or 9 questions too many of their Government, should also be rejected for what it is.

**Conclusion**

As set forth in the original Motion to Compel,[5] the Plaintiffs are entitled to obtain all of the information which is the subject of this motion. The last thing that the Plaintiffs want to have happen is for the Court to criticize them for not making timely efforts to gather evidence in opposition to the incoming motion for summary judgment, so Plaintiffs are being proactive in this regard. Plaintiffs respectfully pray that this Court grant their Motion to Compel.

Respectfully submitted this 7th day of September, 2006.

s/F. Gerald Maples ________
F. Gerald Maples (# 25960)
Stephen M. Wiles (# 17865)
Carlos A. Zelaya, II (# 22900)
MAPLES & KIRWAN, LLC
902 Julia Street
New Orleans, LA 70113

[5] Attached as Exhibit 1.

Telephone: (504) 569-8732
Facsimile: (504) 525-6932

-and-

J. Wayne Mumphrey (# 9824)
MUMPHREY LAW FIRM, LLC
9061 West Judge Perez Drive
Chalmette, LA 70043
Telephone: (504) 277-8989

-and-

John H. Musser, IV (# 9863)
201 St. Charles Ave. Ste 2500
New Orleans, LA 70170
Telephone: (504) 599-5964
Facsimile: (504) 524-7979

Randall A. Smith (# 2117)
SMITH & FAWER, LLC
201 St. Charles Avenue, # 3702
New Orleans, LA 70170
Telephone: (504) 525-2200
Facsimile: (504) 525-2205

**COUNSEL FOR PLAINTIFFS**
Rocco Tommaseo, et al.

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 7th day of September, 2006, electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of this filing to Counsel for the United States as well as forwarding by electronic mail to all counsel and the Judge.

s/F. Gerald Maples
F. Gerald Maples