IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ROCCO TOMMASEO, et al.
Plaintiffs

V.

THE UNITED STATES

Defendant

1:05-cv-1119 SGB
Hon. Susan G. Braden

**RULE 56 (f) DECLARATION OF COUNSEL**

The undersigned counsel of record for Plaintiffs Rocco Tommaseo, *et al.*, declares the following in accordance with 28 U.S.C. § 1746:

1. In the event the Court is inclined to hold that the Defendant has successfully shifted its burden of proof to the Plaintiffs to require countervailing factual evidence to dispute the purported "factual attack" Rule 12 (b)(1) Motion to Dismiss filed by the Defendant, then Plaintiffs aver that it is appropriate to provide them with an appropriate opportunity to conduct discovery to defend this Motion, as it is essentially a Motion for Summary Judgment. *See Moden v. United States,* 404 F.3d 1335 (Fed. Cir. 2005); RCFC Rule 56 (f).

2. In *Moden*, the Federal Circuit noted that the trial judge's ruling (dismissing the case for lack of subject matter jurisdiction) was improperly framed, and was more properly categorized as a decision of a Motion for Summary Judgment. *Id.* at 1343.

3. The Plaintiff in *Moden* failed to place sufficient evidence in the record to defend against Summary Judgment, so the Plaintiffs *sub judice* wish to guard against

tempting a similar fate. Consequently, pursuant to Rule 56 (f) of the Rules of the United States Court of Federal Claims, counsel for Plaintiffs Rocco Tomssseo, *et al.*, verifies that summary adjudication would be premature, until and unless Plaintiffs have had an opportunity to conduct discovery of the following issues from the Defendant, its agencies and other entities and persons:

a. That the asserted physical invasions by flood are the direct, natural or probable result of the activity authorized by the Government with respect to the creation, maintenance and dredging of the MR-GO, and that the losses to these Plaintiffs were not merely the incidental or consequential injury inflicted by the aforementioned activities of Defendant;

b. That the conduct complained of in the Amended Complaint preempted the property owners' right to enjoy their property for an extended period of time, and will likely do so again in the future;

c. That the injuries sustained by the Plaintiffs was the predictable result of the Defendant's actions as previously specified;

d. That the allegations in the Amended Complaint are **not** "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit so as not to involve a federal controversy." [1]

e. To obtain additional evidence from the Government with respect to the issues regarding causation;[2] and

f. That the injuries Plaintiffs sustained were the predictable result of the complained-of Government action.[3]

---

[1] *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974), cited in *Moden*, 404 F.3d at 1341-42.

[2] *Pashley v. United States,* 140 Ct. Cl. 535, 156 F. Supp. 737, 738-39 (1957).

4. Discovery of these issues should be allowed from the Government (especially as the Government has submitted certain self-authored reports in support of its Motion to Dismiss) before the Court rules on any dispositive motion.

5. Examples of the discovery that Plaintiffs need to conduct with respect to certain agencies, other entities and individual witnesses are:

a. Obtaining responses from the Defendant (and certain agencies) pursuant to the pending Motion to Compel;[4]

b. Rule 30(b)(6) deposition of the U.S. Army Corps of Engineers regarding issues raised in the pending dispositive motion of the government, as well as the notice (foreseeability) and causation issues set forth in the case law. It is important to remember that the Corps is in a position of superior access to this valuable information, so that agency should be deposed before the Court hears a dispositive motion, such that the Plaintiffs can obtain access to this information and evidence and provide same to the Court to properly oppose the Government's Motion;

c. Rule 30(b)(6) deposition of the entity and the individuals who are currently working with the Corps in respect of the ADCIRC modeling which deals with the issues extant in this dispositive motion, and which touch upon the intertwined jurisdictional and liability issues in this litigation.[5]

d. To depose Ron Castleman, Director of FEMA Region IV, who was the U.S. point man for the July 2004 Hurricane Pam exercise in Louisiana. This exercise demonstrated that the Defendant knew, years before Hurricanes Katrina and Rita,

[3] *Ridge Line, Inc. v. United States*, 346 F.3d 1346, 1356 (Fed. Cir. 2003).
[4] Rec. Doc. 20.
[5] *Moden*, 404 F.3d at 1342.

that the MR-GO was certain to flood Plaintiffs property for many months. This deposition would address the predictability issues raised by Defendant in this inverse condemnation case.

e. To depose those persons at the Corps having input into the 7 August 1985 Lower Mississippi Valley Division Policy Memorandum (which memorandum is reproduced wholesale in the IPET Report from which Defendant cherry-picked certain items for its Motion); a copy of the portion of the IPET Report which reproduces the Policy Memorandum is attached here as Exhibit 1. This deposition is required to address the Corps' prior knowledge with respect to the flowage easement complained of in this litigation. In the Policy Memorandum the Corps refers to this as a "gratuitous servitude," which is an easement under Louisiana Law. Plaintiffs' third count of the Amended Complaint is for a flowage easement, which is exactly what the Corps was worried about twenty years ago. This is legally and factually relevant to the predictability and foreseeability issues extant.

Under the penalty of perjury under the laws of the United States of America, I declare that the foregoing is true and correct.

Executed in New Orleans, Louisiana, this 2nd day of November, 2006,

Stephen M. Wiles