IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROCCO TOMMASEO, et al. Plaintiffs | ) | |
| V. | ) | 1:05-cv-1119 SGB<br>Hon. Susan G. Braden |
| THE UNITED STATES Defendant | ) | |

**STATEMENT OF CONTESTED MATERIAL FACTS IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs Rocco Tommaseo, *et al.*, on their own behalf and on behalf of others similarly situated, who provide the court with their Statement of Contested Material Facts in Opposition to the Rule 12(b)(1) Motion of Defendant United States of America. This Statement of Contested Material Facts is provided as Defendant takes the position that, because it "challenges the factual basis for the Court's jurisdiction, then the factual allegations in the Complaint are not controlling, and the court may consider other evidence to resolve the dispute."[1] Defendant claims to be making a challenge to the factual basis of the Plaintiffs' Complaint, rather than a facial attack on the Complaint and its jurisdictional allegations; therefore Defendant contends this is a factual dispute which requires the non-moving parties to submit countervailing evidence.[2]

Such a factual attack upon the jurisdictional allegations of the Complaint by Movant (if it is properly done with credible evidence), may create factual issues which the Court must resolve. This is different from the ordinary Rule 12 procedure in which the allegations of the Complaint are

[1] Memorandum in Support of Motion to Dismiss, Rec. Doc. 27, at 6.

accepted as true. An excellent discussion of this procedure is found in *Cedars-Sinai Medical Center v. Watkins*, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993).[3]

Given the procedural posture selected by Defendant for this Rule 12 Motion, Plaintiffs offer this Statement of Contested Material Facts. The contested material facts relevant to this Motion are as follows:

1. The flooding of St. Bernard Parish and the Lower Ninth Ward is inevitably recurring. Hurricane Rita, which occurred four weeks after Hurricane Katrina, is a prime example of this, as both St. Bernard Parish and the Lower Ninth Ward were re-flooded by the MR-GO when Hurricane Rita passed through the Gulf of Mexico on her way to the Texas/Louisiana border where she ultimately made landfall. Evidence of the recurring flooding occasioned by Hurricane Rita is found in the Sworn Declaration of Brad Robin, attached as Exhibit 1, the Sworn Declaration of Dr. Paul Kemp (L.S.U. Hurricane Center), attached as Exhibit 2, the Sworn Declaration of Edward J. Robin, Sr., attached as Exhibit 3, and the Sworn Declaration of Russell Gelvin, Jr., attached as Exhibit 4. Consequently, as the Government's primary assault upon the jurisdictional allegations in this matter is that Hurricane Katrina was a once-in-a-lifetime event (such that there is not an inevitable recurrence of the flooding sufficient to rise to the level of a taking), that claim is factually flawed and absolutely incorrect;[4] the flooding four weeks later exposes this fallacy.

---

[2] *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993).

[3] Such a factual attack simply converts this into something akin to a Rule 56 Motion, which, as this Court previously mentioned in various telephone conferences, is doomed to fail if there are factual disputes. *See Figueroa v. U.S.*, 57 Fed. Cl. 488, 496, 504 (2003).

[4] The case of *Ridge Line, Inc. v. United States.*, 346 F.3d 1346 (Fed. Cir. 2003) clearly demonstrates that a flowage easement taking exists in such circumstances. *Ridgeline, Inc*, 346 F.3d at 1357.

2. The MR-GO, as it existed in August and September of 2005,[5] is dramatically larger than is claimed in the Government's moving papers. In these documents, Defendant avers time and time again that the MR-GO was a small waterway, a mere 650 feet in width.[6] There is a tremendous factual dispute here as the MR-GO was originally authorized in 1956, and whatever flooding was attendant to the MR-GO as it existed when Hurricane Betsy struck in 1965 is clearly not applicable to what happened forty years later when Katrina visited; this is now a vastly-different waterway and ecosystem. This is but one example of the many factual disputes with respect to the Government's averments contained in its Memorandum. The countervailing sworn expert evidence provided here by Dr. Kemp, and the historical and eyewitnesses declarations, prove that the MR-GO had a width of greater than 2000 feet in the summer of 2005. This is documented by credible and admissible evidence. This evidence consists of the sworn, admissible expert opinion of Dr. Kemp, the declarations of long-time St. Bernard Parish residents Brad Robin and Edward J. Robin, Sr. (a storm-surge eyewitness), as well as the historical evidence provided in these three declarations. This creates a complete factual dispute which pretermits resolution of the factual attack brought by the Government upon the jurisdictional allegations set forth in the Complaint.

3. The Government also contends that the storm surge from Hurricanes Katrina and Rita did not travel up the MR-GO to inundate St. Bernard Parish and the Lower Ninth Ward. However, eyewitness testimony from residents of St. Bernard Parish

[5] Both of those months are relevant as the First Amended Class Action Complaint articulates takings, either total, partial or in the form of a permanent flowage easement, from both Hurricane Katrina (August 2005) and Hurricane Rita (September 2005). *See* ¶¶ 11 & 22 of the First Amended Class Action Complaint, Rec. Doc. 10, attached hereto as Exhibit 3.

who were present and saw the storm surge of Hurricane Katrina travel up the MR-GO and inundate St. Bernard Parish, completely refutes Defendant's factual contentions,[7] *i.e.*, that the MR-GO project did not create the pathways for the flooding attendant to Hurricane Katrina. The same is true with respect to the recurrent flooding which occurred with the passage of Hurricane Rita four weeks later, and again this year.[8]

4. Consequently, this Statement of Contested Material Facts (with its evidence which is admissible for determination of the pending Rule 12 (b)(1) Motion to Dismiss even if it is converted to a Rule 56 Motion for Summary Judgment), clearly demonstrates that the Amended Complaint passes muster and the Motion to Dismiss should be denied.

Respectfully submitted this 2nd day of November, 2006.

s/ Stephen M. Wiles
F. Gerald Maples, T.A. (# 25960)
Stephen M. Wiles (# 17865)
Carlos A. Zelaya, II (# 22900)
MAPLES & KIRWAN, LLC
902 Julia Street
New Orleans, LA 70113
Telephone: (504) 569-8732
Facsimile: (504) 525-6932

-and-

J. Wayne Mumphrey (# 9824)
MUMPHREY LAW FIRM, LLC
9061 West Judge Perez Drive
Chalmette, LA 70043
Telephone: (504) 277-8989

[6] Memorandum in Support of Motion to Dismiss, at 3.

[7] *See* Sworn Declaration of Dr. Paul Kemp (attached as Exhibit 2); Sworn Declaration of Edward J. Robin, Sr. (attached as Exhibit 3); Sworn Declaration of Russell Gelvin, Jr. (attached as Exhibit 4).

[8] These flood events are documented by Messrs. Robin and Robin in their Declarations.

-and-

John H. Musser, IV (# 9863)
201 St. Charles Avenue
Suite 2535
New Orleans, LA 70170
Telephone: (504) 566-1218
Facsimile: (504) 566-7185

**COUNSEL FOR PLAINTIFFS**
Rocco Tommaseo, et al.

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above and foregoing has been served upon all counsel of record via facsimile transmission and pursuant to electronic noticing on this 2nd day of November, 2006.

s/Stephen M. Wiles
Stephen M. Wiles