IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROCCO TOMMASEO, and<br>THOMAS TOMMASEO, and<br>ROCKY AND CARLO, INC., and<br>STEVEN BORDELON, husband of,<br>and CYNTHIA BORDELON and,<br>STEVE'S MOBILE HOME & R.V. REPAIR,<br>INC.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 05-1119L<br><br>Hon. Susan G. Braden |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE OF COURT TO FILE SUPPLEMENTAL MEMORANDUM**

Defendant hereby opposes Plaintiffs Motion for Leave of Court to File a Supplemental Memorandum. Plaintiffs' filing is not timely and does nothing more than retread ground already covered in the parties' filings on Defendant's Motion to Dismiss.

On October 4, 2006, Defendant filed its Motion to Dismiss Plaintiffs' Complaint. Docket No. 25. On November 2, 2006 Plaintiffs filed a flight of four responsive documents including a Response Memorandum, Docket No. 32, a Statement of Facts, Docket No. 31, a Declaration, Docket No. 30, and a Motion in Limine, Docket No. 29. On November 20, 2006 Defendant filed a consolidated Reply to this cadre of filings which should have been the terminus of the briefing on Defendant's Motion to Dismiss. On December 6, 2006, Plaintiffs filed a "Unified Reply Memorandum in Support of Plaintiffs' Motion in Limine and in Opposition to Defendant's Motion to Dismiss." This filing was entered two days out of time without leave of this Court.

Additionally, Plaintiffs took an impermissible second bite at the apple by slipping in additional arguments in opposition to Defendant's Motion to Dismiss, despite the fact that they did not seek leave of Court to file what was, in effect, a sur-reply.

Now, over two months after Defendant's Reply in this matter, Plaintiffs ask this Court to accept yet another submission from them, citing as their only cause the amorphous notion that a "full exposition of the[] factual and legal issues is required in this case." Plaintiffs' Motion for Leave of Court to File Supplemental Memorandum at 1, Docket No. 35. Defendant responds, however, that on this Motion to Dismiss the only facts that are of concern are those alleged in the Complaint and those brought forward to challenge the basis of this Court's jurisdiction. Moreover, the exhibits against which Plaintiffs have repeatedly railed are not essential to a ruling on Defendant's Motion to Dismiss. Defendant furnished this background material in order that the Court was more fully apprised of the circumstances in which the case arose because the Complaint in this case is woefully devoid of specific allegations as to these circumstances. It has been very difficult for Defendant to determine what conduct of the United States the Plaintiffs are complaining of. The Court could choose not to consider this background material and still reach the conclusion that Plaintiffs' claims sound, at most, in tort. Thus, there is no need for further factual development with regard to the pending Motion. Plaintiffs' request to supplement the record should therefore be denied. [1/]

---

[1/] In addition to the tardiness and questionable ~~utility~~ of the Plaintiffs' further factual submissions, there are other reasons Plaintiffs' motion should be denied. First, although Plaintiffs filed a Declaration by Dr. Kemp with their original Opposition to Defendant's motion, they have not even attempted to explain why the information they now seek to enter was "only provided this month." Id. Second, the article that Plaintiffs now attempt to enter into the record was authored in 2005, meaning that it was readily available for Plaintiffs' use during the normal course of this briefing. See Technical Reports, http://www.publichealth.hurricane.lsu.edu/CenterReports.htm

Respectfully Submitted, this the 1st day of February, 2007:

**MATTHEW J. MCKEOWN**
Acting Assistant Attorney General
Environment and Natural Resources Division

s/ Fred Disheroon
FRED R. DISHEROON, Special Litigation Counsel
MARK T. ROMLEY, Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
601 D. St. N.W., Room 3022
Washington, D.C. 20004
Telephone: (202) 616-9649
Fax: (202) 616-9667

.

Counsel for the Defendant.

(last visited January 31, 2006). The claim that these materials were unavailable to Plaintiffs is thus without merit.