Exhibit 5 To Motion To Compel And For Imposition of Fees and Expenses
Correspondence to Stephen M. Wiles from Fred Disheroon (April 24, 2007)

EXHIBIT

tabbies

5

Image Not Available

**U.S. Department of Justice**

Environment and Natural Resources Division

90-1-23-11740

*Special Litigation Unit*
*P.O. Box 7397*
*Ben Franklin Station*
*Washington, DC 20044-7397*

*Telephone (202) 616-9646*
*Facsimile (202) 616-9667*

April 24, 2007

Stephen M. Wiles, Esq.
902 Julia Street
New Orleans, LA 70113

Re: Discovery Requests in Tommaseo v. United States
No. 1:05-cv-1119 SGB, United States Court of Federal Claims

Dear Mr.Wiles:

Per Order of the Court, I am providing responses to your proposed discovery in the above case which were sent to me on April 17, 2007. I note that in our telephone conference with Judge Braden, you stated you were only seeking limited discovery, and it is my understanding that such limited discovery was only to be with regard to our statute of limitations claim. Your present requests go far beyond any such limitations and to me constitute the type of "fishing expedition" that the Court said would not be permitted. In making our response, we will focus on providing discovery on the statute of limitation claim and will not agree to the broad discovery that you now seek that goes beyond that. With that understanding, we respond as stated below.

1. In response to your notices of the three depositions of Gary Guerra, Edward Robin, Jr. and Edwine Nunez, we have no objection to the taking of those depositions but we would ask that the dates for such depositions be set to coincide with the Rule 30(b)(6) depositions discussed below if possible.

2. With regard to the informal requests set forth in your e-mail to me on April 12, 2007, please be advised that I have reviewed those requests, and except as noted below, do not believe it necessary to amend or supplement the responses furnished to you on July 17, 2006.[1] We consider that our previous responses are still accurate and current and that there is no basis for your supplementation request, particularly in the light of the manner in which the requests for admission were framed in your request.

We note further that with regard to your comments on our response to Request for Admission No. 13, that as noted by Judge Braden, you have not made sufficient allegations in your amended complaint with regard to the ownership of the properties claimed to have been taken to establish standing to sue. In fact, there is no specific identification of the character or location of any such particular properties whatsoever. Lacking such information, it was not, and still is not, possible for us to respond to that Request.

---

[1]We further note that to the extent such requests were objected to, there is no requirement to supplement the responses that were made subject to our objections.

As to your comment on Interrogatory No. 1 submitted as a part of the document containing the requests for admission, please note that the factual responses were certified by Randall Merchant, for the Corps of Engineers, and if it becomes necessary to call a witness with respect to that request, Mr. Merchant or another Corps employee with such knowledge will speak to such matters. We do not expect that there will be any need for testimony regarding our legal conclusions and interpretations of existing law.

As to your statement that you "have no idea which version. . . of the IPET report" we referred to in our responses, please be advised that our response clearly referred to the March 2006 draft report that was the only such report available at the time we filed our answers, and I am sure you so understood at that time. Subsequently, there has been a further draft report issued which is publicly available on the Internet. But our response clearly referred you to the March 2006 draft report for general information.

As to your comments on RFA 16, we note that the Hurricane Pam exercise was essentially a FEMA training exercise for its disaster assistance personnel and did not involve any computer modeling.

With regard to your requests regarding our responses to your interrogatories described in your email to me, I note that you have repeated essentially the same requests in your proposed notice of Rule 30(b)(6) depositions and in your request for production of documents under Rule 30(b)(5). We will respond to those requests in the context of the 30(b)(6) requests as noted below.

3. In response to your Rule 30(b) (6) and (5) requests, we respond as follows:

Paragraph 1 asks for factual information underlying our claim that your suit is barred by applicable statutes of limitation. We will provide a witness to speak to this factual basis, who will be Michelle Daigle who is currently overseeing project dredging. She will also be prepared to respond to Paragraph 5 of your request. We note that you have previously been provided access to all of the contracts for dredging performed during the period of your request. I do not understand your footnote reference to such production being incomplete nor have you communicated to us any objections in that regard.

As to Paragraph 2 of the proposed notice, I am unable to provide a response at this time because it is unclear from the request what activity you are referring to. If it relates to the 2004 study referred to in paragraph 3, we refer you to that response.

As to Paragraph 3 of the proposed notice we are advised that the Study has been completed and submitted to the Congress for authorization in the next Water Resources Development Act.. We will provide you with copies of the Report to Congress, however we object to and will not provide a witness to create expert opinion or expert testimony that was not set forth in the Report.

Paragraph 4 asks for us to provide witnesses to comment on a privately published article which has no connection to the Corps or the Federal Government. We will not voluntarily provide a witness for you to examine as to the expert opinions set forth in that article and object to such request as improper under the Rules of the Court of Federal Claims.

In response to Paragraph 6, Michelle Daigle will also be able to respond to the extent

that Corps records contain the information regarding vessels, and details of the work performed, but we will not provide a witness to give speculative expert opinion regarding the effects of such dredging in the event of a "tropical cyclone." It is not appropriate for you under the guise of discovery of factual information to seek to obtain expert opinions from federal employees who have developed such opinions as a necessary part of their employment by the United States. We strongly object to any such request.

Paragraph 7 is extremely broad and burdensome. You have not defined the term "tropical cyclonic storm" and it unclear what storms you are referring to. Since 1998 we know of no hurricanes striking the New Orleans area other than Katrina and Rita. There are extensive studies ongoing as to the causes and effects of those storms but few are complete. We object to providing a witness to discuss this request, and do not see how it is related to our statute of limitations defense.

Paragraph 8 asks for all authorizations for work done on the MRGO project since October of 1999. We are not aware of any such authorizations. The work that has been done to date was authorized previous to that date. Michelle Daigle can describe such authorizations in her deposition.

Paragraph 9. We are uncertain as to what this paragraph seeks. As noted above, the only hurricanes that have struck New Orleans since 1998 were Hurricanes Katrina and Rita.

Paragraph 10 asks for broad discovery into ongoing government investigations as to Hurricanes Katrina and Rita which have not been completed. We object to and will not agree to produce a witness to discuss or describe these privileged internal governmental processes.

Paragraph 11 is overly broad and generally objectionable, but Michelle Daigle may be able to provide some information regarding contractual activities affecting MRGO since October of 1998.

Paragraph 12 is objected to and no witness will be provided. Federal Agencies in the Executive Branch do not keep records that would provide the information requested and such agencies do not engage in lobbying themselves.

Paragraph 13 is objected to as irrelevant to issues regarding the statute of limitations in this case and overly broad and burdensome and nothing more than a fishing expedition.

Paragraph 14 is likewise objected to as irrelevant to statute of limitation issues. Further, we are advised that there have been more than 100,000 claims filed with the Army Claims Service and that such records are protected under the Federal Privacy Act from disclosure. Plaintiff's attorneys who are counsel of record in pending tort litigation in the U.S. District Court for the Eastern District of Louisiana are already privy to the names of many if not most of such applicants.

Paragraph 15 asks for memoranda issued by the Department of the Interior almost 50 years ago. We have not found any witness who has personal knowledge of such memoranda and accordingly cannot respond to this request. We understand that copies of the memoranda - which may provide some answers to this request - were included in the materials submitted to the Congress in connection with the authorization of the MRGO project in the early 1960's.

Paragraph 17 asks for us to provide witnesses to comment on a privately published article which has no connection to the Corps or the Federal Government. We will not voluntarily provide a witness for you to examine as to the expert opinions set forth in that article and object to such request as improper under the Rules of the Court of Federal Claims.

In response to your requests for production of documents under Rule 30(b)(5), we will produce documents at such deposition[s] that are within the scope of matters for which we have agreed to provide a witness. We note that such requests are largely cumulative and repetitive of the same matters sought under Rule 30 (b)(6) and our foregoing objections are equally applicable to these requests.

I will give you a call on Wednesday, April 25 to discuss setting a time and place for the depositions we have agreed to.

Sincerely,

Fred R. Disheroon
Special Litigation Counsel