UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **ROCCO TOMMASEO, *et al.*** | ) | |
| **Plaintiffs** | ) | |
| | ) | **1:05-cv-1119 SGB** |
| **V.** | ) | **Hon. Susan G. Braden** |
| **THE UNITED STATES** | ) | |
| **Defendant** | ) | |

**MOTION (AND INCORPORATED MEMORANDUM IN SUPPORT)**
**FOR LEAVE OF COURT TO FILE**
**SECOND AMENDED CLASS ACTION COMPLAINT**

NOW INTO COURT, through undersigned counsel, come Plaintiffs Rocco Tommaseo, Thomas Tommaseo, Rocky and Carlo, Inc., Steven Bordelon, Cynthia Bordelon, and Steve's Mobile Home & R.V. Repair, Inc. (on their own behalf and on behalf of all other persons similarly situated), who hereby move this Honorable Court for leave, as previously discussed during various status conferences, to file the Second Amended Class Action Complaint in this matter.[1] Leave to file this proposed Second Amended Class Action Complaint is sought pursuant to Rule 15 of the Rules of the Court of Federal Claims. A motion with contradictory hearing is required as Fred Disheroon, lead defense counsel in this matter, has repeatedly stated that he objects to any further amendment of the Complaint, despite his persistent claims that the current Complaint needs to be "clarified," and despite his knowledge that an amendment was forthcoming (as discussed during several status conferences with the Court).

[1] Attached as Exhibit 1.

**Applicable Law**

Allowing the amendment of this Complaint comports with the purposes of Rule 15 of the Rules of the United States Court of Federal Claims, which provides as follows:

**Rule 15. Amended and Supplemental Pleadings.**

**(a) Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders. (Emphasis added.)

**(b) Amendments to Conform to the Evidence.** When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respect as if they had been raised in the pleadings. Such amendment of the pleadings may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

**(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when

a. relation back is permitted by the law that provides the statute of limitations applicable to the action, or

b. the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

c. the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (b) is satisfied and the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the

merits and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, that action would have been brought against the party.

**(d) Supplemental Pleadings.** Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

**The First Amended Class Action Complaint ("First Amended") Draws Incessant Criticism From Defense Counsel**

Since the filing of the First Amended Class Action Complaint, defense counsel has complained, at nearly every opportunity, that the Complaint needs to be "clarified." This criticism has been leveled at nearly every status conference, during objections in depositions,[2] in correspondence, and in all discussions concerning discovery Plaintiffs are desirous of conducting. Consequently, to allay the concerns of counsel opposite, Plaintiffs move to provide further clarity.

**The Court's Rule 15 Jurisprudence**

A pair of companion cases authored by this very Court clearly indicate that leave should be granted in the case *sub judice*. In *ATK Thiokol, Inc. v. United States*, 72 Fed. Cl. 306 (2006) ("ATK I"), this Honorable Court ruled that the dictates of Rule 15(a), RCFC, require that leave should be granted in the absence of some demonstrable bad faith by the movant.[3] No such ill motive exists here.

[2] Defendant is still refusing to reconvene the Rule 30(b)(6) deposition of the Corps, despite defense counsel's failure to produce the "person most knowledgeable" on even one topic set forth in the Notice. Rec. Doc. 47.
[3] 72 Fed. Cl. at 313.

Furthermore, in *ATK I* this Court specifically noted that the Government received adequate and timely notice of the Plaintiffs' intent to amend the Complaint,[4] seeking additional damages. The same rationale applies to the case *sub judice*.

**The St. Bernard Parish Government**

On 21 June 2006, Plaintiffs, at the request of the Court to specify ownership of the properties then at issue, filed a Declaration into the record including the tax records and other documents demonstrating ownership of the properties of the first group of named Plaintiffs. Further, the Declaration also specified properties owned by the St. Bernard Parish Government. The St. Bernard Parish Government seeks to be formally added as a named Plaintiff in the proposed Second Amended Class Action Complaint, as do other geographically, hydrologically and topographically representative property owners. Months of notice have been provided to Defendant. The amendment is further proper, as will be explained, *infra*.

**Advance Notice was also Provided in Respect of the Robin Plaintiffs**

In addition to the advance notice provided to Defendant with respect to the St. Bernard Parish Government being added as a named Plaintiff, early notice was also provided with respect to the Robin Plaintiffs. This is evident from the depositions conducted to date. The particulars are as follows.

Edward Robin is an 82 year old resident of Yscloskey, Louisiana (located in the southeastern portion of St. Bernard Parish). Mr. Robin was deposed on 13 June 2007; he was cross-examined at length by defense counsel. Mr. Robin fully explained the repetitive and disruptive flooding events which the MRGO project has been causing on his family's properties

[4] *Id*.

and businesses since 2002. A physical invasion takings claim was clearly manifest from the testimony of Mr. Robin.[5]

**Brad Robin and the Family Corporations**

Ten weeks later, on 24 August 2007, Brad Robin was deposed; he was cross-examined by defense counsel without limitation. Brad Robin, like his father, testified about the repeat flood events attendant to the MRGO project occurring since 2002, plus the consumption of his dry land by the ever expanding MRGO and its sequalae.[6] He identified all of his family's properties and businesses which are now subject to increasingly frequent inundation; he even entered the property deeds into the record.[7] He was extensively cross-examined by defense counsel as to all of these items. The claims of the Robins and their family businesses were clearly in the offing months ago. Defendant can claim no surprise or prejudice in respect of the amendment seeking to specifically add these claims.

**Port Ship Service, Inc.**

Port Ship Service, Inc. ("PSSI") is a company located in St. Bernard Parish which also seeks to be added as a representative party plaintiff. While PSSI's facility (property title documents are attached to the proposed Second Amended Class Action Complaint) experienced flooding problems (associated with the MRGO) for several years, the conditions have so worsened in recent months that the company's business is constantly disrupted. Ergo, PSSI has determined that it must expressly join this suit as a party plaintiff.[8] There can be no prejudice or surprise to the Defendant as this suit has been filed as a St. Bernard Parish-wide class action.

---

[5] The transcript of Mr. Robin's deposition, *sans* exhibits, is attached as Exhibit 2.
[6] The constant dredging, which only ceased after the passage of Hurricane Katrina in August of 2005, rivals the earth movement involved in the Panama Canal project.
[7] The transcript of Brad Robin's deposition, *sans* exhibits, is attached as Exhibit 3.
[8] If the Court were to deny this Motion, an entire new suit would be filed for Port Ship Service, Inc., which obviously disserves the principle of judicial economy.

The addition of this PSSI facility further "clarifies" the Complaint by identifying an additional representative parcel; it provides additional geographical specification.

**The Lower Ninth Ward**

The proposed Second Amended Class Action Complaint also adds two named Plaintiffs to represent the Lower Ninth Ward geographical section of the Class Action Complaint currently on file. The addition of Gwendolyn Adams and Henry Adams provide specification (by way of this exemplar parcel).[9] This will provide defense counsel and the Court with additional information as to that grand parcel.

Again, there can be no prejudice to Defendant as the Lower Ninth Ward was specified (in the original Class Action Complaint and the First Amended Class Action Complaint) as being at issue in this litigation. *See* Rule 15(c)(1) and (2), RCFC; *Phillips v. United States,* 77 Fed. Cl. 513, 520 (2007). This amendment is certainly within the broad discretion afforded the trial judge. *Principal Life Ins. Co. & Subsidiaries v. United States*, 75 Fed. Cl. 32, 33 (2007).

**Defense Counsel's Concerns Provide a Specific Basis for Amendment**

In *ATK Thoiokol, Inc. v. United States*, 76 Fed. Cl. 654 (2007) ("*ATK II*"), this very Court ruled that the filing of a *Second* Amended Complaint was properly allowed to satisfy the government's concern that the First Amended Complaint did not precisely state the relief requested. The complaints by government counsel in *ATK II*[10] mirror those of counsel opposite in this case.[11] The proffered amendment here seeks to exactly those same concerns. Consequently, this amendment should be allowed, especially as the claims sought to be added

[9] Title documents attached to Second Amended Class Action Complaint.
[10] 76 Fed. Cl. at 658.
[11] *Id*. at 662.

"arise out of the same operative facts."[12] Finally, here there is only a year's "delay;" seven years was not an impediment to the s*econd* amendment in *ATK II.*[13]

**Conclusion**

The proposed Second Amended Class Action Complaint seeks to provide appropriate class representation for each affected area, and to clarify the theory of the taking applicable to each grand parcel. Allowing this amendment will ensure that the various geographical, hydrological and topographical areas of the putative class are represented by appropriate named plaintiffs; this provides greater clarification for the Court and counsel opposite. The St. Bernard Parish Government is an excellent representative of the entirety of the St. Bernard Parish portion of the appropriated land at issue in this litigation. The Robin family and its businesses are excellent representatives of the more southern and eastern reaches of St. Bernard Parish. Gwendolyn Adams and Henry Adams are appropriate representatives of the Lower Ninth Ward section of the City of New Orleans, the northernmost and westernmost portion of the property at issue in this litigation. PSSI is an excellent example of a business along Paris Road which is repeatedly disrupted by the conditions which are the direct, natural or probable consequence of the MR-GO project. These disruptions now occur during times of good weather; far worse is experienced, and is expected the future, in the event of tropical cyclonic storms or similar weather events.

The proffered amendments provide the Court with further specification of the grand parcels at issue in this takings litigation. In summary, the goals sought to be effectuated by Rule 15 of the Rules of the United States Court of Federal Claims are fully effectuated by the proposed amendment.

---

[12] *Id*. at 661, N.3.
[13] *Id*. at 661.

Respectfully Submitted this 30th day of November 2007,

s/F. Gerald Maples
F. Gerald Maples T.A. (LA# 25960)
Stephen M. Wiles (LA# 17865)
Carlos A. Zelaya, II (LA# 22900)
F. GERALD MAPLES, P.A.
902 Julia Street
New Orleans, LA 70113
Telephone: (504) 569-8732
Facsimile: (504) 525-6932

-and-

J. Wayne Mumphrey (LA# 9824)
MUMPHREY LAW FIRM, LLC
One Canal Place
365 Canal Street, Suite 2280
New Orleans, LA 70130
Telephone: (504) 569-0661 Facsimile: (504) 569-0665

-and-

John H. Musser, IV (LA# 9863)
201 St. Charles Avenue, Suite 2500
New Orleans, LA 70170
Telephone: (504) 599-5964
Facsimile: (504) 566-7185

**CERTIFICATE OF SERVICE**

I hereby certify that by filing the foregoing pleading via the ECF for the United States Court of Federal Claims, a copy of the above and foregoing will be served upon counsel for the United States, pursuant to the E-Noticing System this 30th day of November, 2007. A courtesy copy is also being directly e-mailed to Messrs. Disheroon and Romley.

s/F. Gerald Maples
F. Gerald Maples