**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ROCCO TOMMASEO, THOMAS TOMMASEO, ROCKY AND CARLO, INC., STEVEN BORDELON, CYNTHIA BORDELON, STEVE'S MOBILE HOME & R.V. REPAIR, INC., HENRY "JUNIOR" RODRIGUEZ, JR., AS THE PRESIDENT AND LEGAL REPRESENTATIVE OF THE ST. BERNARD PARISH GOVERNMENT, EDWARD ROBIN, BRAD ROBIN, ROBIN YSCLOSKEY DEVELOPMENT #1, L.L.C., ROBIN YSCLOSKEY, DEVELOPMENT #2, L.L.C., ROBIN YSCLOSKEY DEVELOPMENT #3, L.L.C., ROBIN YSCLOSKEY DEVELOPMENT #4,, L.L.C., ROBIN, SEAFOOD COMPANY, INC., EDWARD "PETE" ROBIN, JR., PORT SHIP SERVICE, INC., GWENDOLYN ADAMS, HENRY ADAMS, AND ALL OTHERS SIMILARLY SITUATED** | ) | **1:05-cv-1119 SGB** |
| **Plaintiffs** | ) | **Hon. Susan G. Braden** |
| **V.** | ) | |
| **THE UNITED STATES** | ) | |
| **Defendant** | ) | |

**<u>SECOND AMENDED CLASS ACTION COMPLAINT</u>**

NOW INTO COURT, through undersigned counsel, come Plaintiffs ROCCO TOMMASEO, THOMAS TOMMASEO, ROCKY AND CARLO, INC., STEVEN BORDELON, CYNTHIA BORDELON, STEVE'S MOBILE HOME & R.V. REPAIR, INC., HENRY "JUNIOR" RODRIGUEZ, JR., IN HIS CAPACITY AS THE PRESIDENT AND LEGAL REPRESENTATIVE OF ST. BERNARD PARISH GOVERNMENT, EDWARD

ROBIN, BRAD ROBIN, ROBIN YSCLOSKEY DEVELOPMENT #1, L.L.C., ROBIN YSCLOSKEY, DEVELOPMENT #2, L.L.C., ROBIN YSCLOSKEY DEVELOPMENT #3, L.L.C., ROBIN YSCLOSKEY DEVELOPMENT #4, L.L.C., ROBIN SEAFOOD COMPANY, INC., EDWARD "PETE" ROBIN, JR., PORT SHIP SERVICE, INC., GWENDOLYN ADAMS, AND HENRY ADAMS, appearing individually and on behalf of all persons similarly situated, who respectfully submit this Second Amended Class Action Complaint and aver as follows:

**Statement of Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1491(a)(1). This is a claim seeking compensation from the United States for the taking of private property, without just compensation, for public use. This is actionable pursuant to the Fifth Amendment to the U.S. Constitution (via appropriation a/k/a inverse condemnation).

**Parties**

2. Named Plaintiffs herein:

   2.1 Rocco Tommaseo and Thomas Tommaseo are citizens of the United States of America and residents of St. Bernard Parish, Louisiana; they are individuals of the age of majority who own immovable property which has been appropriated by the MRGO project, as specified *infra*.

   2.2 Steven Bordelon and Cynthia Bordelon are citizens of the United States of America and residents of St. Bernard Parish, Louisiana; they are individuals of the age of majority who own immovable property which has been appropriated by the MRGO project, as specified *infra*.

2.3 Rocky and Carlo, Inc. is a Louisiana Corporation with its principal place of business in St. Bernard Parish, Louisiana that owns immovable property which has been appropriated by the MRGO project, as specified *infra*.

2.4 Steve's Mobile Home & R.V. Repair, Inc. is a Louisiana Corporation with its principal place of business in St. Bernard Parish, Louisiana that owns immovable property which has been appropriated by the MRGO project, as specified *infra*.

2.5 The St. Bernard Parish Government is a political subdivision of the State of Louisiana. It brings this action as a *body politic*, acting through its President, Henry "Junior" Rodriguez, Jr. It owns much immovable property in St. Bernard Parish, Louisiana which has been appropriated by the MRGO project, as specified *infra*.

2.6 Port Ship Service, Inc. is a Louisiana Corporation with its principal place of business in St. Bernard Parish, Louisiana that owns immovable property which has been appropriated by the MRGO project, as specified *infra*.

2.7 Robin Seafood Company, Inc. is a Louisiana Corporation with its principal place of business in St. Bernard Parish, Louisiana that owns immovable property which has been appropriated by the MRGO project, as specified *infra*.

2.8 Robin Yscloskey Development #1, LLC is a Louisiana Corporation with its principal place of business in St. Bernard Parish, Louisiana that owns immovable property which has been appropriated by the MRGO project, as specified *infra*.

2.9 Robin Yscloskey Development #2, LLC is a Louisiana Corporation with its principal place of business in St. Bernard Parish, Louisiana that owns immovable property which has been appropriated by the MRGO project, as specified *infra*.

2.10 Robin Yscloskey Development #3, LLC is a Louisiana Corporation with its principal place of business in St. Bernard Parish, Louisiana that owns immovable property which has been appropriated by the MRGO project, as specified *infra*.

2.11 Robin Yscloskey Development #4, LLC is a Louisiana Corporation with its principal place of business in St. Bernard Parish, Louisiana that owns immovable property which has been appropriated by the MRGO project, as specified *infra*.

2.12 Edward Robin, Edward "Pete" Robin, Jr. and Brad Robin are Louisiana residents owning property and businesses in their home Parish of St. Bernard; their immovable property has been appropriated by the MRGO project, as specified *infra*.

2.13 Gwendolyn Adams and Henry Adams are adult residents of the Lower Ninth Ward of the City of New Orleans. They are the owners of immovable property which has been appropriated by the MRGO project, as specified *infra*.

3. Defendant is the United States of America (the "United States"), a sovereign entity and *body politic*. Defendant answers for one or more of its agencies, especially the United States Army Corps of Engineers ("Corps of Engineers" or "Corps"), specifically in respect to the MRGO project.[1]

**Facts**

4. The Mississippi River Gulf Outlet ("MRGO") is a 76-mile-long man-made channel between the Gulf of Mexico and the City of New Orleans. It was ostensibly created as a navigational project by the United States, designed, dredged, expanded and maintained by the Corps of Engineers. Congress authorized the construction of the MRGO in 1956

---

[1] H.R. Res. 6309, 84th Cong., 70 Stat. 65 (1956) (authorizing construction of the MRGO project) (attached as Exhibit 1).

to create a means of direct access for deep water vessels from the Gulf of Mexico to the Port of New Orleans, and to further promote economic development of the Port of New Orleans and related facilities in adjacent St. Bernard Parish. H.R. Res. 6309, 84th Cong., 70 Stat. 65 (1956).

5. The construction of the MRGO was authorized to a depth of 36 feet, a surface width of 650 feet, and a bottom width of 500 feet. The 76-mile channel bisected the land, forests and marshes of St. Bernard Parish. It cut through existing natural barriers such as the ridges attendant to Bayous La Loutre, Bienvenue, Yscloskey and Dupre, plus live oak, baldcypress and water tupelo tree stands, all of which had acted as natural barriers against hurricane winds, storm surge, saltwater intrusion and the unnatural consumption of both wetlands and previously dry land owned by Plaintiffs.[2]

6. The dredging, maintenance, operation and expansion of the MRGO project resulted in the ongoing takings at issue in this litigation; stabilization has not occurred.[3] A direct, natural or probable consequence of the foregoing, including the wake and wave action in the channel, wanton dredging and saltwater intrusion, is the continued eroding and widening of the MRGO, far in excess of its authorized boundaries. These activities all continued unabated through the summer of 2005. All except dredging continue today. These processes engendered wetlands[4] loss, consumption of tree stands, dry lands, healthy vegetation, fresh water and brackish marshes, all further to saltwater intrusion

---

[2] *See* 15 September 2007 analysis of Dr. John Day (with photographs) attached as Exhibit 2.

[3] *See United States v. Dickinson*, 331 U.S. 745 (1947); *United States v. General Motors Corp*., 323 U.S. 373 (1945); *Banks v. U.S.*, 79 Fed. Cl. 686 (Fed. Cl. 2007).

[4] Wetlands, at least for purposes of Section 404 permitting in the Clean Water Act, are defined by the Environmental Protection Agency and the Corps of Engineers as “areas that are inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions. Wetlands generally include swamps, marshes, bogs, and similar areas." ENVIRONMENTAL PROTECTION AGENCY, *Section 404 of the Clean Water Act: How Wetlands are Defined and Identified*, Feb. 22, 2006, http://www.epa.gov/owow/wetlands/facts/fact11.html (quoting the CORPS OF ENGINEERS WETLANDS DELINEATION MANUAL (1987)).

and repetitive flooding events, all as the direct, natural or probable consequence of the MRGO project.

7. The ever expanding MRGO project allowed saltwater from the Gulf of Mexico to flow into the marshes of St. Bernard Parish, over, through and adjacent to Plaintiffs' lands, killing tree stands, plants and other vegetation which had served as the foundation of the real estate at issue. There is, to this day, a constant consumption of dry land and previously stable wetlands by this federal project, subjecting more and more properties to repeat flood events and other physical invasion takings.

8. The MRGO has grown to more than half a mile wide in places; at no place has the MRGO remained at its authorized width. Although dredging of the MRGO ceased after Hurricane Katrina in August 2005, the channel continues to grow wider each day.

9. The consumption of previously dry lands, wetlands loss and physical invasions (via saltwater intrusion and inundation of various origins) constitute takings of Plaintiffs' vested property interests as provided by Louisiana law.[5] All are the direct, natural or probable consequence of the MRGO project, ongoing, including inland delivery of tidal amplitude, of such duration and magnitude as to increase the flood risk to the grand parcels at issue in this litigation. This federal project and its sequelae provide a direct line of access for weather-related storm surge, saltwater intrusion and wind driven water (even during times of clear skies), to now reach all of St. Bernard Parish, and the Lower Ninth Ward, flooding same on a repetitive basis.

---

[5] The Louisiana Civil Code confers upon the owners of a thing the right to "use, enjoy, and dispose of it within the limits and conditions established by law." La. Civ. Code art. 477(A) (1996). At Civil Law, the three components of full ownership (roughly equivalent to a fee simple at common law) are: "(1) *usus*—the right to use or possess, i.e., hold, occupy and utilize the property; (2) *abusus*—the right to abuse or alienate, i.e., transfer, lease, and encumber the property, and (3) *fructus*—the right to the fruits, i.e., to receive and enjoy the earnings, profits, rents and revenues produced by or derived from the property." *Rodrigue v. Rodrigue*, 218 F.3d 432, 437 (5th Cir. 2000) (citing *Giroir v. Dumesnil*, 148 So. 2d 1, 6 (La. 1966)).

10. The United States, acting through the Corps of Engineers and its contractors, repeatedly and continuously dredged the bottom (and ultimately the sides) of the MRGO, removing soil destined to erode from the banks of the MRGO, cascading into the bottom of the channel.[6] This active expansion of the channel, far beyond its authorized dimensions, continued (via dredging) into August 2005 by the Corps. The Corps (and its dredging contractors) also regularly discharged the dredged material spoil onto the adjacent native vegetation, killing same, speeding up the consumptive and expansive processes. Although active dredging was stopped subsequent to Hurricane Katrina, the ill effects caused by this portion of the project continue to this day.

11. Plaintiffs are residents of St. Bernard Parish who owned immovable property, most of which included improvements thereon, both residential and commercial, in St. Bernard Parish, Louisiana. The same applies to the properties in the Lower Ninth Ward of the City of New Orleans. In addition to owning immovable property, certain Plaintiffs owned and operated commercial ventures in the affected areas. Plaintiffs had vested property rights under Louisiana law which were, and continue to be, disrupted by this recurring inundation attendant to the MRGO project, other invasions, plus the consumption of their dry land by the project's sequelae.

12. On 29 August 2005 Hurricane Katrina pushed a storm surge through the MRGO, into St. Bernard Parish and the Lower Ninth Ward of the City of New Orleans. The result was massive flooding and the destruction of plaintiffs' property. Such inundation has been recurrent and evident since 2002. A number of tropical cyclonic weather events caused flooding on many of the parcels in this litigation, even though those tropical cyclonic

[6] The slope ratio, as maintained through the present, ensures that this consumption and expansion will continue *ad infinitum*.

weather events missed these properties by hundreds of miles. Exemplars include Hurricane Rita (2005, Texas/Louisiana coastal border), Hurricane Ivan (2004, Orange Beach, Alabama), and Hurricane Lili (2002, Intracoastal City, Louisiana).

13. But for the creation, operation, dredging and maintenance of the MRGO by the United States, the recurrent flooding of Plaintiffs' property would not occur, nor would it be likely to recur.

14. The actions of the United States attendant to this project have deprived Plaintiffs of the economically viable use of their property.

**Parcels of These Representative Plaintiffs**

***St. Bernard Parish***

15. Plaintiff Rocco "Rocky" Tommaseo is presently the owner or co-owner of, and has been the owner or co-owner (since before August of 2005), of the following properties:

i. 1918 Robert Drive, St. Bernard, St. Bernard Parish, comprising improved immovable property acquired 2 October 1987, ownership verified by St. Bernard Parish Assessor Document Record Number: 6 144 000 0 004A, attached as Exhibit 3;

ii. Lot 1, Square 156-A in the Versailles Subdivision in St. Bernard Parish, Louisiana, comprising unimproved immovable property acquired 23 April 2001, ownership verified by St. Bernard Parish Assessor Document Record Number: 3 044 156 A 0001, attached as Exhibit 4;

iii. 3213 and 3215 Daniel Drive, Violet, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 26 January 1979, ownership verified by St. Bernard Parish Assessor Document Record Number: A 111 00 0 0084, attached as Exhibit 5;

iv. 8809 West Judge Perez Drive, Chalmette, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 31 August 1975, ownership verified by St. Bernard Parish Assessor Document Record Number: 3 546 00B 0 0027, attached as Exhibit 6;

v. 1923 and 1927 Rocky Road, St. Bernard, St. Bernard Parish, Louisiana, comprising a golf driving range acquired 13 October 1981, ownership verified by St. Bernard Parish Assessor Document Record Number: 6 399 000 0 5335, attached as Exhibit 7;

vi. Lots 5 and 6 on Montesquieu Street, Versailles Subdivision, Chalmette, St. Bernard Parish, Louisiana, comprising unimproved immovable property acquired 17 April 2001, ownership verified by St. Bernard Parish Assessor Document Record Number: 3 044 124 0 0005, attached as Exhibit 8;

vii. lots 7 and 8 on Montesquieu Street, Versailles Subdivision, Chalmette, St. Bernard Parish, Louisiana, comprising unimproved immovable property acquired 16 April 2001, ownership verified by St. Bernard Parish Assessor Document Record Number: 3 044 124 0 0007, attached as Exhibit 9;

viii. Lot 6, Square 156-A, Versailles Subdivision, Chalmette St. Bernard Parish, Louisiana, comprising unimproved immovable property acquired 25 July 1985, ownership verified by St. Bernard Parish Assessor Document Record Number: 3 044 156 A 0006, attached as Exhibit 10;

ix. 2910 Paris Road, Chalmette, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 17 April 2001, ownership verified by St. Bernard Parish Assessor Document Record Number: 3 544 124 0 0001, attached as Exhibit 11;

x. 9025 and 9027 West Judge Perez Drive, Chalmette, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 30 July 1973, ownership verified by St. Bernard Parish Assessor Document Record Number: 3 546 00A 0 0063, attached as Exhibit 12;

xi. 8939 West Judge Perez Drive, Chalmette, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 21 March 1977, ownership verified by St. Bernard Parish Assessor Document Record Number: 3 546 00B 0 0051, attached as Exhibit 13;

xii. 8945 and 8947 West Judge Perez Drive, Chalmette, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 28 May 1999, ownership verified by St. Bernard Parish Assessor Document Record Number: 3 546 00B 0 0053, attached as Exhibit 14;

xiii. 515 and 519 West St. Bernard Highway, Chalmette, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 5 May 1999, ownership verified by St. Bernard Parish Assessor Document Record Number: 3 530 00D 0 000A, attached as Exhibit 15;

xiv. 505 and 507 East Genie Drive, Chalmette, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 26 November 1997, ownership verified by St. Bernard Parish Assessor Document Record Number: 3 044 184 0 000C, attached as Exhibit 16;

xv. 6 Black Beard Key, St. Bernard Parish, Louisiana, comprising boat facilities located in Proctor's Landing Subdivision acquired 25 July 1996, ownership verified by St. Bernard Parish Assessor Document Record Number: 7 170 000 0 0026, attached as Exhibit 17;

xvi. 2126 Delille Street, Chalmette, St. Bernard Parish, Louisiana, comprising improved immovable property acquired by co-owner on 25 October 1951, ownership verified by St. Bernard Assessor Document Record Number: 3 015 053 0 0009, and record of cash sale to listed co-owner, attached as Exhibits 18 and 19;

xvii. 2215 Delille Street, Chalmette, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 6 July 1967, ownership verified by St. Bernard Parish Assessor Document Record Number: 3 015 067 0 0005, attached as Exhibit 20;

xviii. 5442 East Judge Perez Drive, Violet, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 15 June 1984, ownership verified by St. Bernard Parish Assessor Document Record Number: A 612 000 0 31B2, attached as Exhibit 21;

xix. 2210/2212 Stander Place, 2214 Stander Place, 2216/2218 Stander Place, Chalmette, St. Bernard Parish Louisiana, comprising three unimproved city lots acquired 6 March 1996, ownership verified by St. Bernard Parish Assessor Document Record Number, attached as Exhibit 22; and

xx. 613 West St. Bernard Highway, Chalmette, St. Bernard Parish Louisiana, comprising Rocky & Carlo's Restaurant, acquired 6 November 2002, co-ownership verified by St. Bernard Parish Assessor Document Record Number: 3 545 002 0 0002, attached as Exhibit 23.

16. Plaintiff Thomas Tommaseo is presently the owner or co-owner of, and has been the owner or co-owner (since before August of 2005), of the following properties:

i. 109 and 111 Philip Court West, Chalmette, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 27 June 1984, ownership verified by St. Bernard Parish Assessor Document Record Number: 3 018 000 0 0048, attached at Exhibit 24;

ii. 2300 Trio Street, Chalmette, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 27 August 1973, ownership verified by St. Bernard Parish Assessor Document Record Number: 3 041 003 0 0007, attached as Exhibit 25; and

iii. 613 West St. Bernard Highway, Chalmette, St. Bernard Parish Louisiana, comprising Rocky & Carlo's Restaurant, acquired 6 November 2002, co-ownership verified by

St. Bernard Parish Assessor Document Record Number: 3 545 002 0 0002, attached as Exhibit 26.

17. Plaintiff Rocky and Carlo, Inc., ("Rocky and Carlo") is presently the co-owner of, and has been the owner (since before August of 2005), of the following properties:

i. 2016 and 2018 Lloyds Avenue, Chalmette, St. Bernard Parish, Louisiana, comprising improved immovable property, acquired 6 November 2002, ownership verified by St. Bernard Parish Assessor Document Record Number: 3 030 00A 0 004A, attached as Exhibit 27;

ii. 601, 603 and 605 West St. Bernard Highway, Chalmette, St. Bernard Parish, Louisiana, comprising improved immovable property, acquired 6 November 2002, ownership verified by St. Bernard Parish Assessor Document Record Number: 3 530 00A 0 0050, attached as Exhibit 28;

iii. 613 West St. Bernard Highway, Chalmette, St. Bernard Parish, Louisiana, comprising Rocky and Carlo's Restaurant, acquired 6 November 2002, ownership verified by St. Bernard Parish Assessor Document Record Number: 3 545 002 0 0002, attached as Exhibit 29.

18. Plaintiffs Steven Bordelon and Cynthia Bordelon, during the events relevant in this litigation, owned (including before and after Hurricane Katrina) the following property:

i. 3024 Lakewood Drive, Violet, St. Bernard Parish, Louisiana, comprising Plaintiffs' residence, ownership verified by Notarized Real Estate Mortgage Document for Cynthia Bacala Bordelon and Steven J. Bordelon dated 27 January 1993, attached as Exhibit 30.

19. Plaintiff Steve's Mobile Home & R.V. Repair, Inc. ("Steve's"), during the events relevant in this litigation, owned (including before and after Hurricane Katrina) the following property:

i. 3209 East Judge Perez Drive, Meraux, St. Bernard Parish, Louisiana, comprising multiple parcels of commercial property acquired 20 July 1999, ownership verified by St. Bernard Parish Assessor Document Record Number: 4 899 000 0 0188; Record of Cash Sale dated 28 January 1998 to Steve's Mobile Home & R.V. Repair Inc. from Roucher, L.L.C.; and Record of Cash Sale dated 15 July 1999 to Steve's Mobile Home & R.V. Repair Inc. from Professional Funeral Services, Inc., attached as Exhibits 31, 32 and 33.

20. The Tommaseo and Bordelon Plaintiffs, as well as Rocky and Carlo and Steve's, own and occupy property located on what was previously considered relatively high ground in the communities of Meraux, Violet and Chalmette in St. Bernard Parish, Louisiana.

21. Prior to the existence of the MRGO project, many of these parcels rarely, if ever, flooded as a result of tropical cyclones; however, some of these parcels experienced flooding during Hurricanes Betsy (New Orleans, 1965) and Camille (Pass Christian, Miss., 1969) after the MRGO had been dredged to its *authorized* size.

22. The MRGO continued to grow in size, from the authorized surface width of 650 feet in 1968 to as much as 3,000 feet in some places by the early twenty-first century. This federal project, continually operated, maintained and dredged (through August 2005) by the Corps of Engineers and its contractors, gradually destroyed these properties, via erosion and saltwater intrusion, the consumption of more than 20,000 acres of protective tree stands, marshland and vegetation, all of which previously acted as a protective buffer (including, but not limited to saltwater intrusion and storm surge attendant to tropical storms and hurricanes). The direct, natural or probable result of the construction, maintenance and dredging (that continued through August 2005) of the MRGO is the ever increasingly vulnerability of these parcels to the tides and other weather effects of the Gulf of Mexico.

23. In addition to the ongoing destruction of the protective tree stands, vegetation and marsh (that is still occurring), the operation, maintenance and dredging of the MRGO created a funnel (*i.e.* an ever wider path of least resistance) for saltwater intrusion, hurricane storm surge and other weather events to travel from the Gulf of Mexico to these parcels in the heart of St. Bernard Parish, and beyond.

24. Because Plaintiff's respective parcels have been subject and are currently subjected to increasingly disruptive effects attendant to the continuous operation, maintenance and dredging of the federal MRGO project, the combined effect of the unending destruction of the protective tree stands, vegetation and marsh barrier, plus the creation of the funnel for saltwater intrusion and storm surge, has deprived Plaintiffs of the full use and enjoyment of their respective parcels, resulting in a taking for a public purpose, without just compensation.

25. Plaintiff St. Bernard Parish Government, is presently the owner of, and has been the owner (since before August of 2005), of the following properties:

i. Lot 10 Hopedale Subdivision, St. Bernard Parish, Louisiana, comprising a fifty percent undivided one-half interest in immovable property acquired 27 June 1990, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0004, attached as Exhibit 34;

ii. 3319 Stacie Drive, Violet, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 22 June 1994, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0005, attached as Exhibit 35;

iii. Lot 208 located in the extension of the Highland Villa Subdivision in St. Bernard Parish, Louisiana comprising unimproved immovable property, acquired 26 June 1998, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0006, attached as Exhibit 36;

iv. 2431 Jamie Court, Violet, St. Bernard Parish, Louisiana, acquired 27 June 1990, comprising improved immovable property, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0008, attached as Exhibit 37;

v. 2501 Jamie Court, Violet, St. Bernard Parish, Louisiana comprising improved immovable property acquired 27 June 1990, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0009, attached as Exhibit 38;

vi. 2810 Daniel Drive, Violet, St. Bernard Parish, Louisiana, comprising improved immovable property, acquired 19 June 1990, ownership verified by St. Bernard

Parish Assessor Document Record Number: E 000 000 0 0010, attached as Exhibit 39;

vii. Lot 19, section 29, St. Bernard Parish, Louisiana, comprising a one-third interest in unimproved immovable property acquired 22 June 1995, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0011, attached as Exhibit 40;

viii. Lot 10 in the Hopedale Subdivision, St. Bernard Parish, Louisiana, comprising a one-tenth interest in unimproved immovable property acquired 22 June 1995, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0012, attached as Exhibit 41;

ix. Lots 2, 3, 4 of Square 2, St. Bernard Park, St. Bernard Parish, Louisiana, comprising three unimproved city lots acquired 22 June 1995, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0013, attached as Exhibit 42;

x. Lot 5, Square 4, St. Bernard Park, St. Bernard Parish, Louisiana, comprising an unimproved city lot acquired 22 June 1995, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0014, attached as Exhibit 43;

xi. Lots 16, 17, and 18, Square 4, St. Bernard Park, St. Bernard Parish, Louisiana, comprising three unimproved city lots acquired 22 June 1995, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0015, attached as Exhibit 44;

xii. Sections 32 and 33 of unimproved marshlands, St. Bernard Parish, Louisiana acquired 22 June 1995, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0016, attached as Exhibit 45;

xiii. Lot 12 of the St. Bernard Grove Addition, St. Bernard Parish, Louisiana, comprising unimproved immovable property acquired 18 June 1996, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0017, attached as Exhibit 46;

xiv. Suburban land along Yscloskey Road in St. Bernard Parish, Louisiana, comprising unimproved immovable property acquired 25 June 1997, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0035, attached as Exhibit 47;

xv. Lot 36, Square 3 of Hilan Subdivision in St. Bernard Parish, Louisiana, comprising unimproved immovable property acquired 19 June 2000, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0044, attached as Exhibit 48;

xvi. 2435 Caluda Lane, Violet, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 20 June 2001, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0049, attached as Exhibit 49;

xvii. 2224 Reunion Drive, Violet, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 20 June 2001, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0052, attached as Exhibit 50;

xviii. Lot 10 Hopedale Subdivision, St. Bernard Parish, Louisiana, comprising an undivided one-half interest in unimproved immovable property acquired 20 June 2001, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0056, attached as Exhibit 51;

xix. Unimproved immovable property along Yscloskey Road in St. Bernard Parish, Louisiana acquired 20 June 2001, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0060, attached as Exhibit 52;

xx. 1637 Robert Drive, St. Bernard, St. Bernard Parish, Louisiana comprising improved immovable property acquired 18 June 2002, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0062, attached as Exhibit 53;

xxi. Lot 16, Square 3 in the Hilan Subdivision in St. Bernard Parish, Louisiana, comprising unimproved immovable property acquired 18 June 2002, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0066, attached as Exhibit 54;

xxii. 1641 Robert Drive, St. Bernard, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 23 June 2003, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0073, attached as Exhibit 55;

xxiii. 2601 Elizabeth Court, Violet, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 22 June 2004, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0074, attached as Exhibit 56;

xxiv. 2708 and 2710 Daniel Drive, Violet, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 22 June 2004, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0077, attached as Exhibit 57;

xxv. Lot 89-A, Square 4, Carolyn Park Subdivision, St. Bernard Parish, Louisiana, comprising unimproved immovable property acquired 21 August 2005, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0078, attached as Exhibit 58;

xxvi. 1708 Robert Drive, St. Bernard, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 21 June 2005, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0079, attached as Exhibit 59;

xxvii. 1948 Sebastepol, St. Bernard, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 27 June 2005, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0080, attached as Exhibit 60;

xxviii. 3301 Bayou Road, St. Bernard, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 21 June 2005, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0081, attached as Exhibit 61;

xxix. Lot 206, Highland Villa Extension 5, St. Bernard Parish, Louisiana, comprising unimproved immovable property acquired 21 June 2005, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0082, attached as Exhibit 62;

xxx. 3307 Stacie Drive, Violet, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 21 June 2005, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0083, attached as Exhibit 63;

xxxi. 2831 Stacie Drive, Violet, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 21 June 2005, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0084, attached as Exhibit 64;

xxxii. 2829 Stacie Drive, Violet, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 21 June 2005, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0085, attached as Exhibit 65;

xxxiii. 2210 Packenham Road, Violet, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 21 June 2005, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0086, attached as Exhibit 66;

xxxiv. 6424 First Street, Violet, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 27 June 2005, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0087, attached as Exhibit 67;

xxxv. 3000 and 3002 Stacie Drive, Violet, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 21 June 2005, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 0090, attached as Exhibit 68;

xxxvi. Lots 1, 2, 3, 4, and 5, Square 398, Versailles Subdivision, St. Bernard Parish, Louisiana, comprising unimproved immovable property, acquired 3 June 1996, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2056, attached as Exhibit 69;

xxxvii. 6.58 acres of land at the intersection of East Judge Perez and Judy Drive, Meraux, St. Bernard Parish, Louisiana, acquired 4 December 2002, St. Bernard Parish Assessor Document Record Number: E 000 000 0 2057, attached as Exhibit 70;

xxxviii. A collection of lots and unsubdivided property located in Place Boileu, St. Bernard Parish, Louisiana, acquired 10 January 1999, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2059, attached as Exhibit 71;

xxxix. 1900 Paris Road, Chalmette, St. Bernard Parish, Louisiana, comprising the St. Bernard Parish Jail Complex, acquired 26 September 1986, St. Bernard Parish Assessor Document Record Number: E 000 000 0 2060, attached as Exhibit 72;

xl. 115 Agriculture Road, Chalmette, St. Bernard Parish, Louisiana, comprising an animal control facility acquired 17 May 2001, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2061, attached as Exhibit 73;

xli. 1357 Bayou Road, St. Bernard, St. Bernard Parish, Louisiana, comprising of a museum and meeting hall acquired 10 December 1997, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2062, attached as Exhibit 74;

xlii. Lot 86, Daniel Park Subdivision, St. Bernard Parish, Louisiana, comprising of improved immovable property acquired 16 April 1998, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2063, attached as Exhibit 75;

xliii. 1357 Bayou Road, St. Bernard, St. Bernard Parish, Louisiana, comprising of a structure known as the Messa building, acquired 22 June 1999, ownership

verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2064, attached as Exhibit 76;

xliv. 1357 Bayou Road, St. Bernard, St. Bernard Parish, Louisiana, comprising of a structure known as the Estopinal-Salles House, acquired 22 June 1999, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2065, attached as Exhibit 77;

xlv. Tract of land in Olivier Plantation, located on Bayou Road in St. Bernard Parish, Louisiana, comprising unimproved immovable property acquired 20 October 1995, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2066, attached as Exhibit 78;

xlvi. Triangular shaped portion of land bisected by Judge Perez Drive, St. Bernard Parish, Louisiana, comprising a park, acquired 4 September 1998, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2067, attached as Exhibit 79;

xlvii. Lot 313 at the intersection of Magistrate Street and Palmisano Boulevard in Chalmette, St. Bernard Parish, Louisiana, comprising unimproved immovable property acquired 29 December 1995, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2068, attached as Exhibit 80;

xlviii. 2424 Florissant Highway, St. Bernard, St. Bernard Parish, Louisiana, comprising a fire station acquired 25 August 1960, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2069, attached as Exhibit 81;

xlix. Lot along Louisiana Highway 46 in St. Bernard Parish, Louisiana, comprising a water tower acquired 22 February 2002, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2070, attached as Exhibit 82;

l. 1818 Center Street, Arabi, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 23 July 1962, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2071, attached as Exhibit 83;

li. Four acres of land, Buccaneer Villa Subdivision, St. Bernard Parish, Louisiana, comprising a playground acquired 3 July 1972, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2072, attached as Exhibit 84;

lii. 2004 Palmisano Boulevard, Chalmette, St. Bernard Parish, Louisiana, comprising a mosquito control building acquired 28 August 1959, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2074, attached as Exhibit 85;

liii. Lots 1, 2 and 3, Square 21, Alluvial City, St. Bernard Parish, Louisiana, comprising a water tower acquired 29 August 1960, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2075, attached as Exhibit 86;

liv. 7639 West Judge Perez Drive, Arabi, St. Bernard Parish, Louisiana, comprising a fire station owned by the St. Bernard Parish Government before 29 August 2005, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2076, attached as Exhibit 87;

lv. Strip of land extending from St. Bernard Highway, St. Bernard Parish Louisiana, comprising of port infrastructure, acquired 23 February 1961, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2077, attached as Exhibit 88;

lvi. Old Square 296 in the Versailles Subdivision located along Paris Road in St. Bernard Parish, Louisiana, comprising of unimproved immovable property, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2078, attached as Exhibit 89; acquired 7 July 1966;

lvii. 4119 East Judge Perez Drive, Meraux, St. Bernard Parish, Louisiana, comprising a fire station acquired 9 August 1974, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2079, attached as Exhibit 90;

lviii. Lots 110-115, La Petite Manor Subdivision, St. Bernard Parish, Louisiana, comprising of multiple unimproved lots and a playground, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2080, attached as Exhibit 91; acquired 15 November 1968, date of acquisition verified by notarized documents bearing the stamp of the St. Bernard Parish Clerk of Court, attached as Exhibit 92;

lix. 2400 East Judge Perez Drive, Chalmette, St. Bernard Parish, Louisiana, comprising a fire station acquired 28 October 1965, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2081, attached as Exhibit 93;

lx. 7701 East Judge Perez Drive, St. Bernard Parish, Louisiana, comprising the E. J. Gore Pumping Station, acquired 23 March 1984, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2082, attached as Exhibit 94;

lxi. 1101 West St. Bernard Highway, Chalmette, St. Bernard Parish, Louisiana, comprising a deactivated fire station acquired 18 June 1962, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2083, attached as Exhibit 95;

lxii. Lot in the Fernandez Subdivision, St. Bernard Parish, Louisiana, acquired 23 March 1984, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2084, attached as Exhibit 96;

lxiii. 1357 Bayou Road, St. Bernard, St. Bernard Parish, Louisiana, comprising a museum acquired 30 December 1980, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2085, attached as Exhibit 97;

lxiv. 1500 Aycock Street, Arabi, St. Bernard Parish, Louisiana, comprising a fire station acquired 25 October 1991, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2086, attached as Exhibit 98;

lxv. 2204 and 2208 Florissant Highway, St. Bernard, St. Bernard Parish, Louisiana, comprising a community center acquired 16 August 1977, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2087, attached as Exhibit 99;

lxvi. 5545 Delacroix Highway, St. Bernard, St. Bernard Parish, Louisiana, comprising the Delacroix Coastal Complex acquired 16 August 1977, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2088, attached as Exhibit 100;

lxvii. 1345 Bayou Road, St. Bernard, St. Bernard Parish, Louisiana, comprising a museum and library acquired 6 November 1994, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2089, attached as Exhibit 101;

lxviii. Lot 157, Angelique Estates, St. Bernard Parish, Louisiana, comprising tennis facilities acquired 21 March 1985, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2090, attached as Exhibit 102;

lxix. 3901 Bayou Road, St. Bernard, St. Bernard Parish, Louisiana, comprising a fire station and sheriff substation acquired 25 June 1993, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2091, attached as Exhibit 103;

lxx. Property along the Violet Canal, Violet, St. Bernard Parish, Louisiana, comprising a deactivated fire station, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2100, attached as Exhibit 104;

lxxi. Plots M and N-1, located at 8201 and 8201-A West Judge Perez Drive, Chalmette, St. Bernard Parish, Louisiana, comprising the St. Bernard Parish Government (Formerly St. Bernard Parish Policy Jury) Complex and Senior Center, ownership verified by St. Bernard Parish Assessor Document Record

Number: E 000 000 0 2110, attached as Exhibit 105; acquired 27 August 1974, date of acquisition verified by Record Sale of Property, attached as Exhibit 106;

lxxii. Lot A, Block Y, St. Claude Heights Subdivision, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 29 March 1974, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2120, attached as Exhibit 107;

lxxiii. Lots 114-115, La Petite Manor Subdivision, St. Bernard Parish, Louisiana, comprising unimproved immovable property acquired 28 September 1972, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2125, attached as Exhibit 108;

lxxiv. 2613 Creely Drive, Chalmette, St. Bernard Parish, Louisiana, comprising a sewerage substation acquired 15 July 1970, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2140, attached as Exhibit 109;

lxxv. 8201 West Judge Perez Drive, Chalmette, St. Bernard Parish, Louisiana, comprising a civic center and a section of a public park acquired 24 November 1972, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2150, attached as Exhibit 110;

lxxvi. Lot 27, Kare Sue Extension, St. Bernard Parish, Louisiana, comprising unimproved immovable property acquired 29 March 1978, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2160, attached as Exhibit 111;

lxxvii. 1001 Magistrate Street, Chalmette, St. Bernard Parish, Louisiana, comprising a public park acquired 28 December 1976, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2170, attached as Exhibit 112;

lxxviii. Lot 1, Square F and Lot 25, Square L Chalmette Plaza Subdivision, St. Bernard Parish, Louisiana, comprising unimproved immovable property acquired 18 July 1961, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2180, attached as Exhibit 113;

lxxix. Two tracts of land located in St. Bernard Parish, Louisiana, acquired 3 March 1971, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2190, attached as Exhibit 114;

lxxx. Lot 56-A, Rear of Licciardi Subdivision, St. Bernard Parish, Louisiana, comprising unimproved immovable property 27 March 1975, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2200, attached as Exhibit 115;

lxxxi. Unimproved Suburban land located in St. Bernard Parish, Louisiana, acquired 29 August 1960, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2220, attached as Exhibit 116;

lxxxii. 2229 Bayou Road, St. Bernard, St. Bernard Parish, Louisiana, comprising of a water tank acquired 8 June 2000, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2230, attached as Exhibit 117;

lxxxiii. The Contreras Monument located along Highway 32 in St. Bernard Parish, Louisiana, acquired 24 March 1961, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2240, attached as Exhibit 118;

lxxxiv. Marshlands at Shell Beach, St. Bernard Parish, Louisiana, acquired 7 June 1979, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2250, attached as Exhibit 119;

lxxxv. 4623 Delacroix Highway, St. Bernard, St. Bernard Parish, Louisiana, comprising a water tower and fire station, acquired 12 January 1960, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2260, attached as Exhibit 120;

lxxxvi. Lot 12, Fernandez Subdivision, St. Bernard Parish, Louisiana, comprising unimproved immovable property acquired 12 January 1960, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2270, attached as Exhibit 121;

lxxxvii. 5501 Hopedale Highway, St. Bernard, St. Bernard Parish, Louisiana, comprising improved immovable property acquired 13 January 1977, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2280, attached as Exhibit 122;

lxxxviii. Lot 2, Square B, St. Bernard Grove Extension Number 3, St. Bernard Parish, Louisiana, comprising unimproved immovable property acquired 22 July 1991, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2285, attached as Exhibit 123;

lxxxix. Lot located on Livaudais and Janssen in St. Bernard Parish, Louisiana, comprising unimproved immovable property acquired 16 August 1977, ownership verified by St. Bernard Parish Assessor Document Record Number: E 000 000 0 2290, attached ax Exhibit 124; and

xc. 8001 West St. Bernard Highway, Chalmette, St. Bernard Parish, Louisiana, comprising the Emergency Communications Building measuring approximately 50 feet by 52 feet located on a portion of tracts 10, 11 and 12 of New Orleans Terminal property, ownership verified by St. Bernard Parish Assessor Document

Record Number: E 000 000 0 2295, attached as Exhibit 125; acquired 10 April 2003, date of acquisition verified by instrument of property donation, attached as Exhibit 126.

26. The St. Bernard Parish Government owns property throughout St. Bernard Parish. The continuous operation, maintenance and dredging (through August 2005) of the MRGO, and the resulting erosion and saltwater intrusion has destroyed much of the natural marsh barrier that protected the developed portions of St. Bernard Parish. Due to the destruction of much of the protective tree stands, vegetation and marsh, in addition to locally owed streets that flood with an ever-increasing regularity, a number of properties owned by the St. Bernard Parish Government, particularly those parcels in the community of St. Bernard (located in the southeastern portion of the Parish), flood with greater frequency, impairing the ability of the St. Bernard Parish Government to use, enjoy and alienate the properties.

27. By way of example and not of limitation, the St. Bernard Parish Government owns a number of residential properties (some improved, some unimproved) that it has acquired via donation, tax forfeitures or some other method. Because of the flooding and the risk of future flooding, The St. Bernard Parish Government's ability to alienate these properties is limited. For instance, after Hurricane Katrina, the Louisiana Recovery Authority ("LRA") tied the receipt of certain federal funding to the adoption of higher elevation standards[7] by parish governments, including St. Bernard Parish,[8] for construction of new businesses and residences, or repair of structures severely damaged by Hurricanes Katrina and Rita. Thus, the St. Bernard Parish Government

---

[7] FEDERAL EMERGENCY MANAGEMENT AGENCY, *Flood Recovery Guidance: Advisory Base Flood Elevations for St. Bernard Parish, Louisiana*, Apr. 12, 2006, *available at* http://www.fema.gov/pdf/hazard/flood/recoverydata/stbernard_parish04-12-06.pdf.

[8] And the City of New Orleans (Orleans Parish), with respect to the Lower 9th Ward.

cannot sell the properties it may want to sell for the same value (adjusting for inflation) that it could have before the decades of erosion and saltwater intrusion caused by the MRGO brought the waters of the Gulf of Mexico much closer to the developed portions of St. Bernard Parish, severely increasing both the incidences and risk of flooding. The properties are worth less due to the flowage easement the United States has taken over the parcels impacted by the MRGO project.

28. Because the need to elevate new structures (due to more frequent flooding and increased risk factors) which the direct, natural or probable result of the federal MRGO project, the St. Bernard Parish Government incurs additional costs in developing property (or may be prevented from developing certain parcels at all due to the increased construction costs). The need to elevate properties is the direct, natural or probable result of the ongoing destruction of the natural barriers by the MRGO project, as well as the MRGO's role in providing an efficient delivery system for the waters of the Gulf of Mexico. In effect, the continuous operation, maintenance and dredging (through August 2005) of the MRGO requires owners of immovable property, such as the St. Bernard Parish Government, to in effect surrender part of their full ownership of the properties to the flowage easement created by the federal MRGO project. Because the full bundle of ownership rights has been taken by the MRGO project, that constitutes an actionable taking for a public purpose without just compensation.

29. Plaintiff Edward Robin is presently the owner of, and has been the owner (since before August of 2005), of the following property:

i. Part of Lot 14, All of Lots, 15, 16, 17, and 18, Square 3, Alluvial City Subdivision, St. Bernard Parish, Louisiana comprising of improved immovable property, ownership verified by St. Bernard Parish 2006 Tax Notice for Assessment Number 7 645 002 0 0014, attached as Exhibit 127.

30. Plaintiff Edward "Pete" Robin, Jr is presently the owner of, and has been the owner of (since before August of 2005), of the following property:

i. Part of Lot 54, All of Lot 55 and Part of Lot 56, Hopedale Subdivision Number 1, St. Bernard Parish, Louisiana comprising of improved immovable property acquired before August 2005, ownership verified by St. Bernard Parish 2006 Tax Notice for Assessment Number 7 151 000 0 1054, attached as Exhibit 128.

31. Plaintiff Brad Robin, Sr. is presently the co-owner of, and has been the co-owner (since before August of 2005), of the following properties:

i. Lots 26 and 27, Square 2 Alluvial City, St. Bernard Parish, Louisiana, comprising of immovable property acquired 10 May 2001, ownership verified by St. Bernard Parish Assessor Document Number 7 145 002 0 0026 and Notarized Act of Sale and Assumption attached as Exhibits 129 and 130 respectively.

ii. Lots 1, 2, 3, 4, 5, 16, 17, Section 136 and a portion of Lot 15, Bois Du Lac, St. Bernard Parish, Louisiana, comprising unimproved immovable property acquired 22 July 2005, ownership verified by St. Bernard Parish Assessor Document Number 7 399 000 2 3195 attached as Exhibit 131.

iii. Eighteen lots in the Doullet Subdivision, Alluvial City, St. Bernard Parish, Louisiana identified as follows: Square Q, lots 14, 17, and 21; Square R, lots 33 and 34; Square M, lots 1 and 2, Square D, lot 17, Square P, lots 1, 2, and 3; Square N, lots 19, 20, 21, 22 and 23, acquired 29 August 2005, ownership verified by Notarized Cash Sale of Property, attached as Exhibit 132.

32. The Plaintiff members of the Robin family own property throughout southern and central St. Bernard Parish, much of it in close proximity to the MRGO, and all of it impacted by the project. As a result of the continuous operation, maintenance and dredging of the MRGO (through the summer of 2005), the MRGO has grown to three times its authorized width (in most places, more than ten times in many other places). This ever-widening channel allows saltwater from the Gulf of Mexico to penetrate deep inside the former freshwater wetlands, killing tree stands and other vegetation, increasingly turning wetlands into open water, and increasing the incidence of flooding

on the dry land and wetlands that remain. Hurricanes are no longer required to flood these properties. Now, frequently occurring easterly winds push water onto Plaintiffs' properties, rendering them useless. Flooding has increased both in frequency and magnitude in recent years, particularly since the passage of Hurricane Lili in 2002. The increased occurrences of flooding as a result of the continuous operation, maintenance and dredging (until August 2005) of the federal MRGO project have limited both use of and access to those particular parcels, which constitutes a taking for a public purpose, without just compensation.

33. Plaintiff Yscloskey Developments # 1, LLC, is presently the owner of, and has been the owner of since before August of 2005, of the following property:

i. 2320 Florissant Highway, St. Bernard, St. Bernard Parish, Louisiana, comprising of commercial property acquired 13 May 2005, ownership verified by St. Bernard Parish Assessor Document Number 7 145 002 0 000C and St. Bernard Parish Assessor Document 7 145 002 0 000C, Notarized Act of Transfer and Contribution of Additional Capital, attached as Exhibits 133, 134 and 135 respectively.

34. Plaintiff Yscloskey Developments # 2, LLC, is presently the owner of, and has been the owner (since before August of 2005), of the following property:

i. 2324 Florissant Highway, St. Bernard, St. Bernard Parish, Louisiana, comprising of commercial property acquired 13 May 2005, ownership verified by St. Bernard Parish Assessor Document Number 7 145 002 0 000B, St. Bernard Parish 2006 Tax Notice for Assessment Number 7 145 002 0 000B, and Notarized Act of Transfer and Contribution of Additional Capital, attached as Exhibits 136, 137 and 138 respectively.

35. Plaintiff Yscloskey Developments # 3, LLC, is presently the owner of, and has been the owner (since before August of 2005), of the following properties:

i. 2328 Florissant Highway, St. Bernard, St. Bernard Parish, Louisiana, comprising of commercial property acquired 13 May 2005, ownership verified by St. Bernard Parish Assessor Document Number 7 145 002 0 000A and St. Bernard Parish 2006 Tax

ii. 2316 Florissant Highway, St. Bernard, St. Bernard Parish, Louisiana, comprising of commercial property acquired 13 May 2005, ownership verified by St. Bernard Parish Assessor Document Number 7 145 002 0 0012, St. Bernard Parish 2006 Tax Notice for Assessment Number 7 145 002 0 0012 and Notarized Act of Transfer and Contribution of Additional Capital, attached as Exhibits 141, 142 and 143 respectively.

36. Plaintiff Yscloskey Developments # 4, LLC, is presently the owner of, and has been the owner (since before August of 2005), of the following property:

i. 2324 Florissant Highway, St. Bernard, St. Bernard Parish, Louisiana, comprising of commercial property acquired 13 May 2005, ownership verified by St. Bernard Parish Assessor Document Number 7 145 002 0 0019, St. Bernard Parish 2006 Tax Notice for Assessment Number 7 145 002 0 0019, and Notarized Act of Transfer and Contribution of Additional Capital, attached as Exhibits 144, 145 and 146 respectively.

37. Due to the destruction of the tree stands, vegetation and marshland caused by the continued operation, maintenance and dredging of the MRGO, the Yscloskey Development properties (which operate as fishing camps rented to members of the public), flood when the wind blows from the east, even during times of sunny skies. The resulting flooding impedes or even blocks access to the Yscloskey camps. When this flooding occurs, the Yscloskey entities lose money as would-be renters cancel their reservations. Structures rebuilt or repaired after Hurricanes Katrina and Rita must be elevated and/or strengthened at significant increased costs, especially related to elevation requirements. This is all due to the destruction of the protective tree stands, vegetation and marshland by the federal MRGO project. This is a classic flowage easement.[9]

[9] Under Louisiana law, this is known as a servitude of flowage or drainage.

38. The Robin Seafood Company operations, located at 2328 Florissant Highway, St. Bernard, frequently experience flooding from the MRGO project and its sequelae when there is a strong easterly wind. The flooding at this particular parcel, a seafood processing facility slightly more than one-half mile west of the MRGO, forces the closure or reduction of operations.

39. In addition to the waters of the MRGO, the operation, maintenance and dredging (that continued unabated until August 2005) of the MRGO has destroyed much of the natural tree stands, vegetation and other barriers between the Robin Seafood facility and Lake Borgne to the East. The marshland not yet destroyed by the MRGO project has been largely converted from a healthy fresh water and brackish water marsh, full of vegetation, to a largely saltwater marsh in which little vegetation can survive. The lack of buffering vegetation exposures the area to dramatically increased flooding attendant to tropical cyclones and other weather events to which the parcel was not previously subjected. All of this is proximately related to the MRGO project, including its expansion to the current width of more than 2,000 feet in that area. That increased exposure forces earlier and more frequent shutdowns of operations, for longer periods of time, depriving Plaintiffs of the full use of their properties and businesses. Such deprivation of the full use and enjoyment of Plaintiffs property by the federal MRGO project constitutes a taking for public use, without just compensation.

40. Plaintiff Port Ship Service, Inc. (“PSSI”) is presently the owner of, and has been the owner since 1982 and 1984, respectively, of the following properties which comprise 6325 Paris Road, Chalmette, St. Bernard Parish, Louisiana:

i. Portion of Lot 5 ("I"), Section 25, located on Paris Road, St. Bernard Parish, Louisiana, comprising commercial property acquired 1 November 1982, ownership verified by notarized act of sale, attached as Exhibit 147; and

ii. Portion of Lot 5 ("J"), Section 25, located on Paris Road, St. Bernard Parish, Louisiana, comprising commercial property acquired 15 August 1984, ownership verified by notarized act of sale, attached as Exhibit 148.

41. PSSI's property at 6325 Paris Road lies near the intersection of the MRGO and the Gulf Intracoastal Waterway ("GIWW"). The MRGO project has, by virtue of Defendant's activity in respect of same, and its yet to be stabilized sequelae, destroyed nearly all of the dry land, wetlands, tree stands and other vegetation that once protected PSSI's property from the ebb and flow of the tides (to which they are now subject), effects of tropical cyclones, persistent easterly winds and other conditions, all of which foist servitudes of flowage and drainage, uncompensated, upon Port Ship. A result of the destruction of the tree stands, wetlands, vegetation and marsh by the dredging and other activity attendant to the MRGO project, which is ongoing, is that PSSI's property floods with ever-increasing frequency, several times per week during many months this past year alone.

42. In addition to these repeated physical invasions of PSSI's property, all as the direct, natural and probable consequence of this federal project, the rising salt water results in the Corps' more frequent closures of the locks on Bayou Bienvenue, a natural bayou that flows into the MRGO. Every time the locks are closed, PSSI, whose property lies adjacent to Bayou Bienvenue, cannot operate its business, which costs the company money. As the inundation and other interruptions have increased in frequency, duration and magnitude, and as the erosion, saltwater intrusion and wetlands loss from the MRGO persists, PSSI continues to be deprived of the full use of its property, resulting

in substantial economic losses. Such a deprivation of the full use of the property caused by the continuous operation, maintenance and dredging of the federal MRGO project constitutes a taking for a public purpose, without just compensation.

***Lower Ninth Ward***

43. Henry Adams and Gwendolyn Adams, Plaintiffs, are presently the owners of, and have been the owners, of the following property:

i. 2414 Deslonde Street, New Orleans, Louisiana, comprising of residential property in the Lower Ninth Ward of the City of New Orleans, acquired many years ago, ownership verified by State of Louisiana Division of Administration Office of Community Development Road Home Program Homeowners Agreement, attached as Exhibit 149.

44. The Adams' property lies in the northern section of the Lower Ninth Ward near the intersection of the MRGO/GIWW and the Inner Harbor Navigation Canal ("IHNC"), approximately two blocks from the Florida Avenue levee. The direct, natural or probable result of the operation, maintenance and dredging of the MRGO (that continued unabated through the summer of 2005) has been the conversion of the once solid land behind the Florida Avenue levee to what is now open water. The saltwater intrusion and erosion caused by the continued operation, maintenance and dredging of the MRGO destroyed the tree stands and much of the other vegetation that helped protect this area of New Orleans from flooding.

45. The Lower Ninth Ward of the City of New Orleans lies southwest of the intersection of the GIWW and the MRGO; it is susceptible to the synergistic effect of amplified storm surge and wave action that occurs when water traveling up the MRGO meets water from the GIWW. Because of the increased instances of flooding, as well as the increased risk of future flooding, many homeowners in this grand parcel (such as the

Adams) cannot rebuild without elevating their homes at significant expense. Additionally, homeowners who may want to sell their property cannot do so, or cannot do so without significant loss, due to the increased difficulty in obtaining property and flood insurance in the area. The practical result of the erosion and saltwater intrusion by the ever expanding MRGO project is that property owners in much of the Lower Ninth Ward are at least partially deprived of their ability to use, enjoy and alienate their immovable property. Therefore, for the property owners in the Lower Ninth Ward of the City of New Orleans, the federal MRGO project has resulted in a taking of their property for a public purpose, without just compensation.

**Count I—Permanent Taking of Property**

46. Plaintiffs reallege paragraphs 1 through 44 of this Second Amended Class Action Complaint and incorporate same by reference.

47. As a direct, natural or probable consequence of the MRGO project, including the continued operation, maintenance, and dredging attendant to this project, Plaintiffs have been deprived of the use, occupancy and enjoyment of their immovable property (and the business and improvements), resulting in a permanent taking of their property for a public use, without payment of just compensation.

48. Further to their immovable property losses, plaintiffs have been deprived of the benefits and profits attendant to the continued operation of their commercial ventures, all as a direct, natural or probable consequence of this federal project. Full economic damages are sought.

**Count II—Temporary Taking of Property**

49. Plaintiffs reallege all preceding paragraphs of this Second Amended Class Action Complaint and incorporate same by reference.

50. In the alternative, and only in the event that the MRGO is **actually** closed (which the Corps of Engineers has recently recommended)[10] in such a fashion as to ameliorate, attenuate and ultimately eliminate the risk of recurrent flooding (which is of such a scale as to warrant a finding of appropriation of a servitude of flowage or drainage, a gratuitous servitude or flowage easement, or deprivation of other property interests protected by Louisiana law. Plaintiffs have been deprived of the use, occupancy and enjoyment of their immovable property (including its improvements and uses) for the period of time between 17 October 1999 through closure, rehabilitation and elimination of the flooding and risk of same. In that event, only, the Plaintiffs will have suffered a temporary taking of their property, instead of a permanent one, without just compensation.

51. Additionally, even if Plaintiffs' immovable property can be redeveloped in the future, the improvements on the property have been rendered uninhabitable, unprofitable and effectively destroyed by this federal project, depriving plaintiffs of the use, occupancy and enjoyment of their property, resulting in a taking of their property for the

[10] Mark Schleifstein, *Corps Moves to Close MR-GO: It Wants to Build Dike to Plug Channel*, TIMES-PICAYUNE (New Orleans), Nov. 17, 2007, at A1. The Corps wants to construct a dike along the natural ridge along Bayou La Loutre, a point of relatively high land, bisected by the MRGO. *Id*. The Corps did not recommend filling in the channel as given the enormous size of the MRGO, filling in the channel what the Corps has taken out during decades of dredging just from the intersection of the MRGO and GIWW to the Bayou La Loutre ridge would cost (according to the Corps), $2.8 billion and take 15-44 years to accomplish. *Id*. Additionally, the New Orleans District Engineer for the Corps has recommended to Congress that the MRGO be closed. U.S. ARMY CORPS OF ENGINEERS NEW ORLEANS DISTRICT, INTEGRATED FINAL REPORT TO CONGRESS AND LEGISLATIVE ENVIRONMENTAL IMPACT STATEMENT FOR THE MISSISSIPPI RIVER-GULF OUTLET DEEP-DRAFT DE-AUTHORIZATION STUDY: MAIN REPORT 116 (Nov. 2007).

previously specified period of time without just compensation. Full economic damages are sought for the specified period.

**Count III—Taking of Flowage and Drainage Servitudes**

52. Plaintiffs reallege all preceding paragraphs of this Complaint and incorporate same by reference.

53. Following the destruction of plaintiffs' property in August 2005, on 24 September 2005 Hurricane Rita struck the Texas/Louisiana border, causing another storm surge to travel up the MRGO, leading to another flooding of St. Bernard Parish, including Plaintiffs' property. All of this is reminiscent of the 2002 Hurricane Lili and 2004 Hurricane Ivan events. The clear weather flooding of the past several years, including many events this year, also come to mind. Hurricane Cindy in 2005 is yet another exemplar of the increased vulnerability of these lands further to the sequelae of the MRGO project.

54. Storm surges associated with tropical cyclonic storms, such as hurricanes, will travel up the MR-GO in the future and repeat the flooding of, disruption of use and damage to Plaintiffs' property.

55. The flooding of Plaintiffs' property is recurring and is necessarily incident to, and an inevitable consequence of, the creation, dredging and maintenance of the MR-GO by Defendant.

56. As a result of the foregoing, and in addition to the other causes of action asserted herein, the United States has created permanent servitudes of flowage and drainage over Plaintiffs' property, which it has permanently taken for a public purpose, without just compensation.

**Request for Class Action Certification**

57. Plaintiffs reallege all preceding paragraphs of the Second Amended Class Action Complaint and incorporate same by reference.

58. Plaintiffs bring this action individually and on behalf of all other persons similarly situated (*i.e.* property owners residing in, owning property in and/or engaging in commercial enterprises in St. Bernard Parish, Louisiana or the Lower Ninth Ward of the City of New Orleans, whose property was appropriated by the United States, all as described *supra*).

59. Maintaining this action as a class action pursuant to Rule 23, RCFC, is appropriate because:

(a) The class is so numerous (approximately 75,000 property owners and businesses located, current & former, in St. Bernard Parish and the Lower Ninth Ward of the City of New Orleans) that joinder of all members is impracticable. The opt-in procedure of Rule 23, FRCP, is especially helpful in this case.

(b) There are questions of law and fact common to the class (*i.e.* the action of the United States in creating, maintaining, operating and dredging the MRGO, with the direct, natural or probable consequence of this federal project being the taking of the Plaintiffs' property (as well as that of others similarly situated), without just compensation.

(c) The claims of the representative parties and parcels are typical of the claims of the proposed class.

(d) The named Plaintiffs (as representative parties) will fairly and adequately protect the interests of the putative class.

60. Plaintiffs have retained counsel who are experienced in and capable of prosecuting class action litigation; said counsel has and will continue to devote the appropriate resources necessary to prosecute these claims.

**Prayer**

WHEREFORE, premises considered, Plaintiffs pray:

(a) That this matter be maintained and certified as a class action on behalf of all those persons residing, owning property and/or engaging in commercial enterprises in St. Bernard Parish and the Lower Ninth Ward of the City of New Orleans, Louisiana, which property was taken by the United States for public purpose by the MRGO project, without just compensation;

(b) For judgment in their favor, individually and on behalf of all persons similarly situated, and against the United States of America, finding that Plaintiffs' property, as well as the property of all persons similarly situated, has been taken for a public purpose entitling Plaintiffs, and all persons similarly situated, to just compensation in accordance with the Takings Clause of Amendment V to the United States Constitution;

(c) For an award of all reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, expert witness and engineering fees pursuant to 42 U.S.C. Section 4654(c), plus appropriate interest, compounded (per USCFC jurisprudence), legal interest pursuant to 28 U.S.C. § 1961, and costs pursuant to 28 U.S.C. § 1920; and

(d) For such other general, legal and equitable relief which this Honorable Court is empowered to provide, and to which Plaintiffs are entitled.

Respectfully submitted this 30th day of November, 2007.

s/F. Gerald Maples
F. Gerald Maples, T.A. (LA# 25960)
Stephen M. Wiles (LA# 17865)
Carlos A. Zelaya, II (LA# 22900)
F. GERALD MAPLES, P.A.
902 Julia Street
New Orleans, LA 70113
Telephone: (504) 569-8732
Facsimile: (504) 525-6932

-and-

J. Wayne Mumphrey (LA# 9824)
MUMPHREY LAW FIRM, LLC
One Canal Place
365 Canal Street, Suite 2280
New Orleans, LA 70130
Telephone: (504) 569-0661
Facsimile: (504) 569-0665

-and-

John H. Musser, IV (LA# 9863)
201 St. Charles Avenue, Suite 2500
2500 New Orleans, LA 70170
Telephone: (504) 599-5964
Facsimile: (504) 566-7185

-and-

Richard A. Tonry (LA# 12859)
Tonry and Ginart, LLC
2114 Paris Road
Chalmette, LA 70043
Phone: 504-271-0471
Fax: 504-271-6293

**Counsel for Plaintiffs**
Rocco Tommaseo
Thomas Tommaseo
Rocky and Carlo, Inc.
Steven Bordelon
Cynthia Bordelon
Steve's Mobile Home & R.V. Repair, Inc.

St. Bernard Parish Government
Edward Robin
Brad Robin
Edwin "Pete" Robin, Jr.
Robin Yscloskey Development #1, L.L.C.
Robin Yscloskey Development #2, L.L.C.
Robin Yscloskey Development #3, L.L.C.
Robin Yscloskey Development #4, L.L.C.
Robin Seafood, Inc.
Port Ship Service, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that by filing the foregoing pleading via the ECF for the United States Court of Federal Claims, a copy of the above and foregoing will be served upon counsel for the United States, pursuant to the E-Noticing System this 30th day of November, 2007. A courtesy copy is also being directly e-mailed to Messrs. Disheroon and Romley.

s/F. Gerald Maples
F. Gerald Maples