**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| ROCCO TOMMASEO, and<br>THOMAS TOMMASEO, and<br>ROCKY AND CARLO, INC., and<br>STEVEN BORDELON, husband of,<br>and CYNTHIA BORDELON and,<br>STEVE'S MOBILE HOME & R.V. REPAIR,<br>INC.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 05-1119L<br><br>Hon. Susan G. Braden |

**DEFENDANT'S OPPOSITION TO MOTION TO AMEND COMPLAINT**

Comes now the United States of America, Defendant herein, by and through its undersigned counsel and files it objections and opposition to Plaintiffs' Motion of November 30, 2007 to file a Second Amended Complaint (Doc. No. 51).

**BACKGROUND**

Plaintiffs filed this action on October 17, 2005, on behalf of themselves and other similarly situated individuals, alleging that "[o]n or about August 29, 2005, Hurricane Katrina struck the Louisiana and Mississippi Gulf Coast pushing a storm surge through the MRGO. The storm surge overwhelmed the levee system between the MRGO and plaintiffs' property in St. Bernard Parish resulting in massive flooding and the destruction of plaintiffs' property." (See Doc. No. 1 at ¶ 13). Plaintiffs amended their complaint on January 13, 2006, alleging in their First Amended Class Action Complaint that "[o]n or about August 29, 2005, Hurricane Katrina

struck southeastern Louisiana and the Mississippi Gulf Coast pushing a storm surge through the MRGO and into St. Bernard Parish ." (See Doc. No. 10 at ¶ 11).

On November 30, 2007, plaintiffs moved to again amend their complaint, stating that they hoped "to provide further clarity." (Doc. No. 51 at 3) ("Pltfs' Mot."). A review of the proposed Second Amended Class Action Complaint reveals that plaintiffs have not accomplished this goal. In fact, by attempting to add new named parties with admittedly factually dissimilar claims, see Pltfs' Mot. at 4-7 (discussing the differences between the current plaintiffs' claims and those of the proposed parties), plaintiffs propose to further confuse the issues in this case. They have gone from alleging that a hurricane was at least a significant contributing cause of their alleged flood damages, (Doc. No. 1 at ¶ 13; Doc. No. 10 at ¶ 11), to alleging multiple claims based on flood waters blown by the easterly wind, see, e.g., Pltfs' Mot, Ex. 1 at ¶¶ 9, 32, 37 (" Prop. 2nd Am. Compl."), claims based on the need to elevate structures to receive aid money, id. at ¶¶ 28, 37, claims based on the "consumption of dry land," id. at ¶¶ 7, 9, 11 and a claim based on the operation of locks. Id. at ¶ 42. Rather than clarity, plaintiffs have simply provided additional ill defined claims.

While it is true that Rule 15 of the Rules of the Court of Federal Claims provides that leave to amend be freely given when "justice so requires," justice does not require this honorable Court to allow this grossly expansive and more confusing amended complaint. The proposed amended complaint would more than double to number of plaintiffs in this case, see Prop. 2nd Am. Compl. at 1, and add several new and different causes of action on behalf of the proposed new parties from those contained in the present complaint. Further, each of the new claims would have a different accrual date for statute of limitations purposes and thus vastly complicate

this court's need to determine questions regarding such statute. We also note that the proposed amended complaint is insufficient as it does not in any place allege the purported date of taking of the properties so claimed.[1/]

## ARGUMENT

### I. THE PROPOSED AMENDED COMPLAINT MODIFIES THE CLAIMS OF THE CURRENT NAMED PLAINTIFFS

Defendant notes specifically that the proposed amended complaint modifies the claims of the four existing natural persons (the remaining existing plaintiffs are corporations or entities owned by these four natural persons) by essentially dropping the causal mechanism as Hurricane Katrina and other "tropical cyclonic weather events" and now seeks recovery for a taking because of the alleged effects of the Mississippi River Gulf Outlet Project (MRGO) over an unstated but obviously long period of years. Again, no date of taking for such new claims is alleged.

In addition, it is now proposed to add nine new plaintiffs, including the St. Bernard Parish Government, each of which would assert a different cause of action based on different factors of causation than those that are argued to support the existing complaint and also based on locations in St. Bernard Parish that are distinct and different from those properties belonging to the existing plaintiffs[2/]

---

[1/] This is important because the various claims plaintiffs now assert will likely have different accrual dates.

[2/] Existing plaintiffs properties are all alleged to be in the communities of Mereaux, Violet and Chalmette in St. Bernard Parish.

## II. EVEN IF IT IS ADDED AS A PARTY, THE CLAIMS OF ST. BERNARD PARISH ARE PARTIALLY INVALID

The St. Bernard Parish Government is alleged to have suffered a taking of a total of 90 properties located throughout the Parish without any geographic location being provided or showing of how such properties are likely to be affected by the MRGO project. Takings are alleged based on inability of the parish to alienate such properties, see Prop. 2nd Am. Compl. at ¶ 27, or "because of the need to elevate new structures." Id. at ¶ 28. It is the position of the United States that neither of these claims can serve as a proper basis for an alleged Fifth Amendment taking of private property, and in any event are claims not being made on behalf of the existing plaintiffs.

## III. THE CLAIMS OF THE REMAINING PROPOSED PARTIES ARE FACTUALLY DISSIMILAR TO THE NAMED PLAINTIFFS' CLAIMS

Purported new Plaintiff Edward Robin, owns property in the most southern part of St. Bernard Parish very near the MRGO which is separate and distinct from the properties owned by existing plaintiffs. The amended complaint alleges that "[h]urricanes are no longer required to flood these properties," and that flooding of such properties has "increased in frequency and magnitude *in recent years*." See Prop. 2nd Am. Compl. at ¶32 (Emphasis added). This claim would obviously require different factual proof both on causation and the alleged date of taking than would the existing claims. Similarly, proposed plaintiffs Yscloskey Developments Nos. 1, 2, 3, and 4 also alleges flooding of properties "when the "wind blows from the east" even during sunny skies. Id. at ¶ 37.[3/] Another new proposed plaintiff - the Robin Seafood Company - also

[3/] In addition, no factually based allegation is made as to when or how this flooding came about or even the nature and extent of such flooding.

asserts flooding due to a strong easterly wind.[4] Id. at ¶ 38.

Proposed plaintiff Port Ship Service, Inc. is another distinctly different property in a different location than the existing plaintiffs, which is alleged to be near "the intersection of the MRGO and the Gulf Intracoastal waterway" (GIWW) in Northern St. Bernard Parish. Id. at ¶ 41. Loss of revenues to that business is alleged because of the operation of locks on these waterways. Id. at ¶ 42. This is yet another clearly different and distinct cause of action not based on facts common to the claims of the existing plaintiffs.

Finally, plaintiffs propose to add new plaintiffs – Henry and Gwendolyn Adams – who are alleged to own property in the lower Ninth Ward of New Orleans. It is alleged that the lower Ninth Ward "is susceptible to the synergistic effect of amplified storm surge and wave action, when water moves up the MRGO into the GIWW, and that owners in that area "cannot rebuild without elevating their homes at significant expense." Id. at ¶ 45. This is another claim that does not fit with those of the currently named plaintiffs.

The addition of these multiple new plaintiffs with distinct alleged causes of action, and what will almost certainly be different dates of taking, is clearly prejudicial to any effort to efficiently resolve the existing case. Allowing this amendment would vastly increase the burden of factual development and needlessly multiply the necessary legal arguments.

Nothing prevents these proposed plaintiffs from filing separate cases that are capable of being handled without the complications of adding them to the already complicated cases presently before this Court for resolution. The needs of Justice also require the Court to consider

[4] In addition, no factually based allegation is made as to when or how this flooding came about or even the nature and extent of such flooding.

such effects, and whether there is not a more rational and reasonable basis for hearing such claims, if they are to be filed, than piling them all into one case where there is very little factual commonality between these purported claims.

## CONCLUSION

For these reasons, this Honorable Court is respectfully requested to deny the Motion of the Plaintiffs to file the Proposed Second Amended Complaint.

Respectfully Submitted this 17th day of December, 2007,

Ronald J. Tenpas
Assistant Attorney General
Environment and Natural Resources Division

s/ Fred R. Disheroon by Mark T. Romley
Fred R. Disheroon, Special Litigation Counsel
Mark T. Romley, Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
601 D St. N.W., Room 3022
Washington D.C. 20004
(202) 616-9649