# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROCCO TOMMASEO, and<br>THOMAS TOMMASEO, and<br>ROCKY AND CARLO, INC., and<br>STEVEN BORDELON, husband of,<br>and CYNTHIA BORDELON and,<br>STEVE'S MOBILE HOME & R.V. REPAIR,<br>INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 05-1119L<br><br>Hon. Susan G. Braden |

## ANSWER

Defendant, United States of America, hereby answers Plaintiffs' Second Amended Class Action Complaint as follows:

The first unnumbered paragraph of the Complaint merely introduces the named Plaintiffs to which no response is required.

1. The allegations contained in paragraph 1 are conclusions of law to which no response is required. Defendant admits that the Tucker Act, 28 U.S.C. § 1491, is the principal statute conferring jurisdiction on this Court to hear Fifth Amendment takings claims. To the extent that a response is required, Defendant denies that this Court has jurisdiction over Plaintiffs' Second Amended Complaint.

2. The introductory sentence fragment of paragraph 2 requires no response.

   2.1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.1, and the same are therefore denied. Defendant specifically denies that it has appropriated Plaintiffs' property.

   2.2 Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.2, and the same are therefore

denied. Defendant specifically denies that it has appropriated Plaintiffs' property.

2.3 Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.3, and the same are therefore denied. Defendant specifically denies that it has appropriated Plaintiffs' property.

2.4 Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.4, and the same are therefore denied. Defendant specifically denies that it has appropriated Plaintiffs' property.

2.5 Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.5, and the same are therefore denied. Defendant specifically denies that it has appropriated Plaintiffs' property.

2.6 Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.6, and the same are therefore denied. Defendant specifically denies that it has appropriated Plaintiffs' property.

2.7 Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.7, and the same are therefore denied. Defendant specifically denies that it has appropriated Plaintiffs' property.

2.8 Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.8, and the same are therefore denied. Defendant specifically denies that it has appropriated Plaintiffs' property.

2.9 Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.9, and the same are therefore denied. Defendant specifically denies that it has appropriated Plaintiffs' property.

2.10 Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.10, and the same are therefore denied. Defendant specifically denies that it has appropriated Plaintiffs' property.

2.11 Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 2.11, and the same are therefore denied. Defendant specifically denies that it has appropriated Plaintiffs' property.

2.12 Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.12, and the same are therefore denied. Defendant specifically denies that it has appropriated Plaintiffs' property.

2.13 Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.13, and the same are therefore denied. Defendant specifically denies that it has appropriated Plaintiffs' property.

3. The allegations of paragraph 3 are conclusions of law to which no response is required. The United States admits that it has been made defendant in the above captioned matter. The document cited in footnote 1 speaks for itself and is the best evidence of its contents.

4. Defendant admits the allegations of the first and third sentences of paragraph 4. Defendant denies the allegations of the second sentence of paragraph 4.

5. Defendant admits the allegations of the first and second sentences of paragraph 5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of paragraph 5, and the same are therefore denied. The document attached as Exhibit 2, and discussed in footnote 2, is the best evidence of its contents.

6. Defendant denies the allegations of paragraph 6 as stated. The cases cited in footnote 3 speak for themselves and are the best evidence of their respective contents. The document quoted in footnote 4 speaks for itself and is the best evidence of its contents.

7. Defendant denies the allegations of paragraph 7 as stated.

8. Defendant denies the allegations of paragraph 8 as stated.

9. Defendant denies the allegations of paragraph 9 as stated. Footnote 5 contains conclusions of law to which no response is required. To the extent a response is deemed required, such allegations are denied.

10. Defendant denies the allegations of paragraph 10 and footnote 6 as stated.

11. Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations of the first, second and third sentences of paragraph 11, and the same are therefore denied. The allegations of the fourth sentence of paragraph 11 are conclusions of law to which no response is required. To the extent a response is deemed required, such allegations are denied.

12. Defendant denies the allegations of paragraph 12 as stated.

13. Defendant denies the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and the same are therefore denied. Exhibits 3-23 speak for themselves and are the best evidence of their respective contents. Defendant reserves the right to challenge the authenticity and accuracy of Exhibits 3-23.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and the same are therefore denied. Exhibits 24-26 speak for themselves and are the best evidence of their respective contents. Defendant reserves the right to challenge the authenticity and accuracy of Exhibits 24-26.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and the same are therefore denied. Exhibits 27-29 speak for themselves and are the best evidence of their respective contents. Defendant reserves the right to challenge the authenticity and accuracy of Exhibits 27-29.

18. Defendant admits that the document attached as Exhibit 30 of the Complaint is a mortgage given by Plaintiffs Steven and Cynthia Bordelon to The Fidelity Homestead Association on the property located at 3024 Lakewood Drive, Violet, Louisiana. Exhibit 30 speaks for itself and is the best evidence of its content. Defendant reserves the right to challenge the authenticity and accuracy of Exhibit 30.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and the same are therefore denied. Defendant admits that Exhibit 32 reflects a cash sale that purports to have conveyed certain property from Boucher, L.L.C. to Steve's Mobile Home & R.V. Repair, Inc. on January 28, 1998. Defendant admits that Exhibit 33 reflects a cash sale that purports to have conveyed certain property from Professional Funeral Services, Inc. to Steve's Mobile Home & R.V. Repair, Inc. on July 15, 1999. Exhibits 31-33 speak for themselves and are the best evidence of their

respective contents. Defendant reserves the right to challenge the authenticity and accuracy of Exhibits 31-33.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and the same are therefore denied.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and the same are therefore denied.

22. Defendant denies the allegations of paragraph 22 as stated.

23. Defendant denies the allegations of paragraph 23 as stated.

24. Defendant denies the allegations of paragraph 24 as stated.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, and the same are therefore denied. Exhibits 34-91, 93-105 and 107-125 speak for themselves and are the best evidence of their respective contents. Defendant reserves the right to challenge the authenticity and accuracy of Exhibits 34-91, 93-105 and 107-125. Defendant further admits that the document attached as Exhibit 92 is an Act of Deposit and Dedication of Playground granting to St. Bernard Parish the land described in the exhibit. Exhibit 92 speaks for itself and is the best evidence of its contents. Defendant further admits that Exhibit 106 is Sale of Property purporting to have conveyed certain property from Mereaux and Nunez, Inc. to St. Bernard Parish on August 27, 1974. Defendant finally admits that Exhibit 126 is a Donation which purports to have conveyed certain property from J&R Amusement Company, Inc. to St. Bernard Parish on April 10, 2003. Exhibit 126 speaks for itself and is the best evidence of its content. Defendant reserves the right to challenge the authenticity and accuracy of Exhibits 34-125.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 26, and the same are therefore denied. Defendant denies the allegations of the second and third sentences of paragraph 26.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first, second and third sentences of paragraph 27 and footnote 8, and the same are therefore denied. Defendant denies the allegations of the fourth and fifth sentences of paragraph 27. The document cited in footnote 7 speaks for itself and is the best evidence of its contents.

28. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of the first sentence of paragraph 28, and the same are

therefore denied. Defendant denies the allegations of the second and third sentences of paragraph 28. The allegations of the fourth sentence of paragraph 28 are conclusions of law to which no response is required. Defendant specifically denies that it has effected a Fifth Amendment taking of Plaintiffs' property without just compensation.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29, and the same are therefore denied.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, and the same are therefore denied.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, and the same are therefore denied. Exhibits 129-132 speak for themselves and are the best evidence of their respective contents. Defendant reserves the right to challenge the authenticity and accuracy of Exhibits 129-132.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 32, and the same are therefore denied. Defendant denies the remaining allegations of paragraph 32 as stated.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33, and the same are therefore denied. Exhibits 133-135 speak for themselves and are the best evidence of their respective contents. Defendant reserves the right to challenge the authenticity and accuracy of Exhibits 133-135.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34, and the same are therefore denied. Exhibits 136-138 speak for themselves and are the best evidence of their respective contents. Defendant reserves the right to challenge the authenticity and accuracy of Exhibits 136-138.

35. With respect to subparagraph (i) to paragraph 35, the paragraph appears to be incomplete. Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in that subparagraph, and the same is therefore denied. With respect to subparagraph (ii) to paragraph 35, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of that subparagraph, and the same are therefore denied. Exhibits 141-143 speak for themselves and are the best evidence of their respective contents. Defendant reserves the right to challenge the authenticity and accuracy of Exhibits 141-143.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36, and the same are therefore denied. Exhibits 144-146 speak for themselves and are the best evidence of their respective contents. Defendant reserves the right to challenge the authenticity and accuracy of Exhibits 144-146.

37. Defendant denies the allegations of paragraph 37 as stated. The allegation of footnote 9 is a conclusion of law to which no response is required.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38, and the same are therefore denied.

39. Defendant denies the allegations of paragraph 39 as stated.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40, and the same are therefore denied. Exhibits 147-148 speak for themselves and are the best evidence of their respective contents. Defendant reserves the right to challenge the authenticity and accuracy of Exhibits 147-148.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 41, and the same are therefore denied. Defendant denies the remaining allegations of paragraph 41 as stated.

42. Defendant denies the allegations of paragraph 42 as stated.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43, and the same are therefore denied. Exhibit 149 speaks for itself and is the best evidence of its contents. Defendant reserves the right to challenge the authenticity and accuracy of Exhibit 149.

44. Defendant is without knowledge or information sufficient to form a belief as to the allegations of the first sentence of paragraph 44, and the same are therefore denied. Defendant denies the remaining allegations of paragraph 44.

45. Defendant denies the allegations of paragraph 45 as stated.

46. Paragraph 46 merely realleges paragraphs 1-44; therefore no response is required.

47. To the extent the allegations of paragraph 47 are conclusions of law, no response is required. To the extent factual matter are alleged, they are denied.

48. The allegations of paragraph 48 are a characterization of Plaintiffs' demand for

relief to which no response is required.

49. Paragraph 49 merely realleges paragraphs 1-48; therefore no response is required.

50. Paragraph 50 is Plaintiffs' characterization of their cause of action to which no response is required.

51. Defendant denies the allegations of paragraph 51.

52. Paragraph 52 merely realleges paragraphs 1-51; therefore no response is required.

53. With respect to the first sentence of paragraph 53, Defendant admits that Hurricane Rita struck the Texas/Louisiana border on September 24, 2005. Defendant further admits that flooding was experienced in St. Bernard Parish concomitant with the passing of Hurricane Rita. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the first sentence of paragraph 53 and denies that storm surge traveled up the MRGO. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 53, and the same are therefore denied.

54. Defendant denies the allegations of paragraph 54.

55. Defendant denies the allegations of paragraph 55.

56. Defendant denies the allegations of paragraph 56.

57. Paragraph 57 merely realleges paragraphs 1-56; therefore no response is required.

58. The allegations of paragraph 58 are characterizations of Plaintiffs' Second Amended Complaint to which no response is required.

59. The allegations of paragraph 59 and its subparagraphs are conclusions of law to which no response is required. To the extent a response is deemed required, such allegation are denied.

60. The allegations of paragraph 60 are conclusions of law to which no response is required.

The United States denies that a class exists and that Plaintiffs are entitled to any relief whatsoever.

All allegations of the complaint which have not been specifically admitted or otherwise answered are hereby denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. Plaintiffs' claim is barred by the applicable statute of limitations, 28 U.S.C. § 2501.

3. This Court lacks subject matter jurisdiction over Plaintiffs' claim because it sounds in Tort.

Respectfully submitted, this the 29th day of February 2008.

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

s/ Fred R. Disheroon by Mark T. Romley
Fred R. Disheroon, Special Litigation Counsel
Mark T. Romley, Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
601 D St. N.W., Room 3022
Washington D.C. 20004
(202) 616 9649
Fax: (202) 616 9667