# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ———————————————————— ) | |
| ST. BERNARD PARISH AND OTHER ) | |
| OWNERS OF REAL PROPERTY IN ST. ) | |
| BERNARD PARISH OR THE LOWER NINTH ) | |
| WARD OF THE CITY OF NEW ORLEANS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 05-1119L |
| v. ) | Hon. Susan G. Braden |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ———————————————————— ) | |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

F. Gerald Maples, T.A.
Counsel of Record

Carlos A. Zelaya, II
F. GERALD MAPLES, P.A.
365 Canal Street, Suite 2650
New Orleans, LA 70130
Telephone: (504) 569-8732
Facsimile: (504) 525-6932


*Of Counsel:*
Richard A. Tonry
TONRY AND GINART, LLC
2114 Paris Road
Chalmette, LA 70043
Telephone: (504)-271-0471
Facsimile: (504) 271-6293




*Counsel for Plaintiffs*
May 31, 2011

*Of Counsel:*
Charles J. Cooper
Michael W. Kirk
Vincent J. Colatriano

COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C.  20036
Telephone:  (202) 220-9600
Facsimile:  (202) 220-9601


John H. Musser, IV
201 St. Charles Avenue, Suite 2500
New Orleans, LA  70170
Telephone:  (504) 599-5964
Facsimile:  (504) 566-7185


J. Wayne Mumphrey
MUMPHREY LAW FIRM, LLC
One Canal Place
365 Canal Street, Suite 2280
New Orleans, LA 70130
Telephone: (504) 569-0661
Facsimile: (504) 569-0665

Plaintiffs respectfully move the Court, pursuant to RCFC 15(a), for leave to file the attached (at Exhibit A) Third Amended Class Action Complaint (the "Third Amended Complaint").  As discussed below, the well-established standards governing requests to amend pleadings strongly support Plaintiffs' proposed amendments, which largely seek either to conform the Complaint to previous guidance provided by this Court, to reinstate (with some modifications) Plaintiffs' claim for a temporary taking, or to correct or update minor factual allegations appearing in the Second Amended Class Action Complaint (the "Second Amended Complaint").

## BACKGROUND

Plaintiffs are owners of residential and/or commercial property in St. Bernard Parish, Louisiana or the Lower Ninth Ward of the City of New Orleans.  Plaintiffs allege that the United States Government has taken the Plaintiffs' property without just compensation through the flooding resulting from the gradual physical process set in motion by the creation, operation, and maintenance of the Mississippi River – Gulf Outlet (the "MRGO").

The MRGO is a 76-mile long man-made waterway between the Gulf of Mexico and the City of New Orleans.  *See St. Bernard Parish v. United States*, 88 Fed. Cl. 528, 532 (2009) ("*St. Bernard Parish III*").[1]  The Government, through the United States Army Corps of Engineers (the "USACE"), created the MRGO as a navigational project.  The MRGO bisected the land, forest, and marshes of St. Bernard Parish, cutting through existing natural barriers that guarded against hurricane winds, storm surge, saltwater intrusion, and the unnatural consumption of both wetlands and previously dry land owned by Plaintiffs.  *See id.* at 532-35.  The dredging, operation, maintenance, and expansion of the MRGO have eroded and destroyed these natural barriers

---

[1] Except as otherwise noted, references herein to the Court's prior opinions in this matter are intended to provide pertinent background to Plaintiffs' claims, and are not intended to suggest that the Court has already made factual findings on the merits of Plaintiffs' takings claims.

and created a channel far in excess of its authorized boundaries. *See id.* at 535. As Plaintiffs will establish in this action, the creation, operation, maintenance, and dredging of the MRGO created a direct line of access to property in St. Bernard Parish and the Lower Ninth Ward for weather-related storm surge, saltwater intrusion, and wind-driven water (even during times of clear skies), leading to recurring and inevitable flooding. Plaintiffs contend, among other things, that the Government has thereby taken a flowage easement on their property, for which they are entitled to just compensation under the Fifth Amendment.

Plaintiffs filed a class action complaint in this Court on October 17, 2005, and a First Amended Class Action Complaint (the "First Amended Complaint") on January 13, 2006. *See* Docs. 1, 10. The First Amended Complaint included three separate counts. The Government filed a motion to dismiss the First Amended Complaint on October 4, 2006. *See* Doc. 27. In a Memorandum Opinion and Order dated March 29, 2007, the Court determined, among other things, that it had jurisdiction to adjudicate Plaintiffs' claims, directed the Plaintiffs to further amend their complaint so as to allege sufficient facts relating to their ownership of the properties at issue to establish standing, denied as premature the Government's motion to dismiss the action under the so-called "*Ridge Line*" inquiry[2] (without prejudice to renewal of that request for dismissal after the completion of discovery), and ordered Plaintiffs to show cause as to why the statute of limitations did not bar this suit. *Tommaseo v. United States*, 75 Fed. Cl. 799, 802-05 (2007) ("*St. Bernard Parish I*"). Most relevant for present purposes, the Court also dismissed without prejudice Count II of the First Amended Complaint, which alleged a temporary taking of Plaintiffs' property in the event that the USACE in the future closed the MRGO and the Plaintiffs' property could be redeveloped. The Court ruled in this regard that "[s]ince the MRGO

---

[2] *See Ridge Line Inc. v. United States*, 346 F.3d 1346, 1355 (Fed. Cir. 2003).

[was] not closed, Count II [was] not ripe for adjudication." *Id.* at 803.

On November 30, 2007, Plaintiffs filed a motion for leave to file the Second Amended Complaint. The Court granted that motion on January 31, 2008. *See Tommaseo v. United States*, 80 Fed. Cl. 366, 371-76 (2008) ("*St. Bernard Parish II*"). *See* Doc. 55 (Second Amended Complaint, as corrected on April 28, 2008, Doc. 62). The Second Amended Complaint, like the First Amended Complaint, included three separate counts, although one of those counts, Count II, largely replicates the temporary taking claim that had been dismissed without prejudice in *St. Bernard Parish I*.

On November 7, 2008, the Government moved both for summary judgment on statute-of-limitations grounds and for dismissal for failure to state a claim upon which relief could be granted. *See* Docs. 67, 70. On August 3, 2009, the Court ruled on the Government's motion, holding, among other things, that the Second Amended Complaint alleged sufficient facts to establish standing. *St. Bernard Parish III*, 88 Fed. Cl. at 548. The Court also held that the Government was not entitled to summary judgment on statute-of-limitation grounds. *Id.* at 555. Finally, the Court denied the Government's motion to dismiss, finding that the Second Amended Complaint and the record developed to date had alleged sufficient facts to establish the plausibility of Plaintiffs' allegations that the Government's actions relating to the MRGO have resulted in a taking of Plaintiffs' property. *Id.* at 555-58. In connection with this analysis, the Court noted that the Second Amended Complaint had been filed before the Federal Circuit had issued its opinion in *Cary v. United* States, 552 F.3d 1373 (Fed. Cir. 2009), in which the Court of Appeals had discussed the circumstances under which a court could infer the Government's intent to invade a protected property interest. The Court held that in light of that fact, "to the extent the Second Amended Complaint did not specifically plead specific intent, the interests of justice re-

quire the Plaintiffs have the opportunity to amend their Complaint, following the completion of discovery." *St. Bernard Parish III*, 88 Fed. Cl. at 558 n.17.[3]

    With minor exceptions, fact discovery in this action was largely completed in mid-April of this year.[4]  The Court has established a schedule for the briefing and argument of summary judgment motions, and it has scheduled a liability trial for December of this year.

    Although the Government has not officially certified that the MRGO has been closed,[5] it is nevertheless undisputed that in the second half of 2009, the USACE closed the MRGO to deep draft navigation and constructed a rock barrier across the MRGO, at the Bayou La Loutre ridge which cuts the MRGO channel off from direct access to the Gulf of Mexico.  The USACE is also constructing the so-called Hurricane and Storm Damage Risk Reduction System (the "HSDRRS"), which is designed to provide the areas inside the HSDRRS (which include the Lower Ninth Ward and much though not all of the populated portions of St. Bernard Parish) with a "100-year" level of protection (that is, the protection is intended to be sufficient to protect against a storm surge that has a 1% chance of being equaled or exceeded in any given year).  According to the Government, construction of the HSDRRS is scheduled to be substantially complete by June 2011.  *See, e.g.,* United States' Motion to Stay Proceedings and Request for Status

---

[3] The Court also recounted its decision, in *St. Bernard Parish I*, to dismiss as unripe Plaintiffs' temporary taking claim, and noted that "if and when the MR-GO is certified as closed, Plaintiffs may timely re-file this claim in the United States Court of Federal Claims, without prejudice."  *St. Bernard Parish III*, 88 Fed. Cl. at 545 (citing *St. Bernard Parish I*, 75 Fed. Cl. at 803).

[4] Plaintiffs took their final deposition of a Government fact witness on April 12, 2011. The parties have still not resolved all issues relating to a Government privilege log that was provided to Plaintiffs in December 2010.  The Government had indicated its desire to depose an additional third party fact witness, but earlier this month, Government counsel informed Plaintiffs' counsel that in light of difficulties in scheduling that deposition, the Government was content to put off that deposition for the time being.

[5] *See* Transcript of February 25, 2011 status conference (Doc. 102) at 12-13.

Conference (May 23, 2011) (Doc. 103) at 11.

On June 22, 2010, Plaintiffs filed a motion for class certification. Due to the entry of a series of orders staying further briefing on the class certification motion, the Government has not yet filed a response to that motion. At the status conference held by the Court on February 25, 2011, the Court indicated its intent to defer further action on the class certification motion until after it conducts the liability trial. Doc. 102 at 6-7.

**PROPOSED THIRD AMENDED COMPLAINT**

The proposed Third Amended Complaint differs from the Second Amended Complaint in several respects.[6] First, consistent with this Court's decision in *St. Bernard Parish III*, the Third Amended Complaint includes specific allegations regarding the Government's intent to invade Plaintiffs' protected property interests. Second, consistent with this Court's decision in *St. Bernard Parish I*, and in light of the recent closure of the MRGO and the impending completion of the HSDRRS, the Third Amended Complaint, consistent with this Court's decision in *St. Bernard Parish I*, re-alleges a claim for the temporary taking of Plaintiffs' property. Finally, the Third Amended Complaint includes minor corrections to certain factual allegations, so as to conform those allegations to information obtained during fact discovery and to allegations made in connection with Plaintiffs' pending motion for class certification.

**ARGUMENT**

In this Court, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." RCFC 15(a)(2). As this Court explained in *St. Bernard Parish II*, in which it granted Plaintiffs

---

[6] To assist the Court and the parties in identifying the differences between the allegations made in the Second Amended Complaint and the allegations made in the proposed Third Amended Complaint, we attach, as Exhibit B, a "redlined" version of the proposed Third Amended Complaint.

leave to file the Second Amended Complaint, the Supreme Court, when interpreting the corres-

ponding rule in the Federal Rules of Civil Procedure, has held that:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper
> subject of relief, he ought to be afforded an opportunity to test his claim on the
> merits.  In the absence of any apparent or declared reason – such as undue delay,
> bad faith or dilatory motive on the part of the movant, repeated failure to cure de-
> ficiencies by amendments previously allowed, undue prejudice to the opposing
> party by virtue of allowance of the amendment futility of amendment, etc. – the
> leave sought should, as the rules require, be "freely given."

*St. Bernard Parish II*, 80 Fed. Cl. at 371 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1982) (cita-

tions omitted)).   In light of this Court's rulings in both *St. Bernard Parish I* and *St. Bernard Pa-*

*rish III* that Plaintiffs should have opportunity to amend their Complaint, it is clear that leave to

file the Third Amendment Complaint should be granted.

In granting the Plaintiffs request to file the Second Amended Complaint, the Court found

it persuasive that "Plaintiffs s[ought] to amend the Complaint in response to the court's March

29, 2007 ruling"  *St. Bernard Parish II*, 80 Fed. Cl. at 373.   The same rationale applies to the

proposed Third Amended Complaint in at least two independent respects.  First, in *St. Bernard*

*Parish III*, the Court expressly held that "to the extent the Second Amended Complaint did not

specifically plead specific intent, the interests of justice require the Plaintiffs have the opportuni-

ty again to amend their Complaint, following the completion of discovery."  *St. Bernard Parish*

*III,* 88 Fed. Cl. at 558 n.17.  Second, in both *St. Bernard Parish I* and *St. Bernard Parish III*, the

Court made clear that Plaintiffs would be given the opportunity, at the appropriate time, to

amend their complaint to re-allege a temporary taking claim.  *See St. Bernard Parish I*, 75 Fed.

Cl. at 803; *St. Bernard Parish III,* 88 Fed. Cl. at 545.  Thus, the Court has already authorized the

primary amendments Plaintiffs seek to make through the proposed Third Amended Complaint.

Turning to the factors discussed in *Foman* and in this Court's decision in *St. Bernard Pa-*

*rish II*, it is clear that they all weigh heavily in favor of permitting the amendment. First, there has been no undue delay by Plaintiffs in seeking to file the Third Amended Complaint. In *St. Bernard Parish II*, the Court held that the Plaintiffs would have an opportunity to amend "following the completion of discovery." 88 Fed. Cl. at 558 n.17. Because fact discovery was essentially completed (subject to one or two open issues, *see supra* at 4), only last month, and expert discovery has not yet taken place, and because trial in this action is not scheduled to begin for another six and one half months (at the earliest), Plaintiffs have acted in a timely fashion.[7]

Moreover, because the new temporary taking claim added in Count II of the proposed Third Amended Complaint is premised in part on the role played by the USACE's construction of the new HSDRRS in potentially ending the period of the permanent taking of Plaintiffs' property that occurred, and because the HSDRRS is not expected to be substantially complete until June of this year, it cannot be claimed that Plaintiffs have unduly delayed in bringing this claim. Indeed, it would arguably have been premature for Plaintiffs to have brought that claim earlier than this time. *Cf. St. Bernard Parish I*, 75 Fed. Cl. at 803 (because MRGO was not yet closed, temporary taking claim premised on MRGO closure was premature).

What is more, the government has had ample notice of the likely filing of the proposed Third Amended Complaint. The Court's decisions in *St. Bernard Parish I* and *St. Bernard Parish III* put the government on notice that a Third Amended Complaint would likely be filed. While the proposed Third Amended Complaint contains new allegations and one new count, the "underlying 'transaction' at issue remains the same, *i.e.*, that Plaintiffs' property was taken, under a 'continuous physical process,' by the creation, operation, maintenance and dredging of the

---

[7] *Cf. St. Bernard Parish II*, 80 Fed Cl. at 373 (holding that filing of the Second Amended Complaint two years after the 2005 complaint was "not excessive" (citing *ATK Thiokol v. United States*, 76 Fed. Cl. 654, 661 (2007)).

MRGO.  *See St. Bernard Parish II*, 80 Fed. Cl. at 372-73.  Accordingly, the government has

been on notice from the beginning of the relevant "conduct, transaction, or occurrence."  *Id.* at

373 (citing *Snoqualmie Tribe of Indians v. United States,* 178 Ct. Cl. 570, 587, 372 F.2d 951

(1967) ("[N]otice is the test, and it is built-into the rule's requirement that the amended pleading

arise out of the same 'conduct, transaction, or occurrence.' ")).

   Nor will the Government be prejudiced if leave to amend is granted.  Prejudice is in some

respects perhaps the most important factor for denying leave to amend.  *See* 6 CHARLES ALAN

WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1487 (2010).  *See also Siemens Aktien-*

*gesellschaft v. United States,* 26 Cl. Ct. 312, 313 (1992) (granting the government's motion to

amend its answer raising additional defenses).  "Generally speaking, '[u]ndue prejudice may be

found when an amended pleading would cause unfair surprise to the opposing party, unreasona-

bly broaden the issues, or require additional discovery.' "  *Delpin Aponte v. United States*, 83

Fed. Cl. 80, 92-93 (2008).  *See St. Bernard Parish II*, 80 Fed. Cl. at 374 (same)

   Most of the same considerations discussed above establish that amendment of the com-

plaint would not cause undue prejudice to the Government.  Because the Government has been

on notice of Plaintiffs' likely intent to amend the complaint at least since the time of the Court's

decisions in *St. Bernard Parish I* and *St. Bernard Parish III*, it cannot claim unfair surprise as a

result of those amendments.  *See St. Bernard Parish II*, 80 Fed. Cl. at 374 (proposed amendment

"does not prejudice the Government, because the Government had sufficient notice of the poten-

tial of additional Plaintiffs and claims").  In addition, because the amendments relate to the same

"conduct, transaction, or occurrence" that has been the focus of this litigation since its inception

– *i.e.,* the effect on Plaintiffs' property of the creation, operation, and maintenance of the MRGO

– the amendments would not unreasonably broaden the issues.  And because the information re-

levant to the allegations made in the proposed amendments was either already the subject of discovery or is in the possession of the Government, the amendments would not require additional discovery.  In short, the Government will not be prejudiced at all, let alone unduly prejudiced, by the proposed amendments.

Finally, the proposed amendments are not futile.  As explained in *Millican v. United States*, 2006 WL 5640829, at \*4 (Fed. Cl. 2006), "courts are not to delve into an in-depth examination of the merits of a lawsuit in the context of considering a motion to amend. Instead, the correct approach is to inquire whether a proposed amendment is frivolous and insufficient on its face."  *See also St. Paul Fire & Marine Ins. Co. v. United States,* 31 Fed. Cl. 151, 155 (1994) ("When futility is asserted as a basis for denying a proposed amendment, courts do not engage in an extensive analysis of the merits of the proposed amendments.... Instead, courts simply decide whether a party's proposed amendment is facially meritless and frivolous....").  In short, as this Court held in *St. Bernard Parish II*, a "finding of futility 'requires the [c]ourt to determine that the proposed amendment is subject to dismissal or so wholly and patently lacking in merit that it cannot possibly succeed.' "  80 Fed. Cl. at 375 (citing *Centech Group, Inc. v. United States*, 78 Fed. Cl. 658 (2007)).

Accordingly, the proposed amendments are plainly not futile.  The amendment alleging the Government's intent in connection with its invasion of protected property interests is being made, in accordance with the Court's direction, to perfect Plaintiffs' taking claims in light of recent guidance issued by the Court of Appeals.  And the amendment seeking to reinstate a temporary taking claim is fully consistent with well-established law recognizing the viability, in appropriate circumstances, of claims seeking compensation for temporary takings of property.  *See, e.g., First English Evangelical Lutheran Church v. County of Los Angeles*, 482 U.S. 304, 319

(1987); *Yuba Natural Resources, Inc. v. United States*, 821 F.2d 638, 641 (Fed. Cir. 1987);

*Hendler v. United States*, 952 F.2d 1364, 1376 (Fed. Cir. 1991).  *Cf. United States v. Dickinson*,

331 U.S. 745, 751 (1947) (fact that property was subsequently reclaimed did not "change[] the

fact that the land was taken when it was taken and an obligation to pay for it then arose"); *United

States v. Causby*, 328 U.S. 256, 267 (1946) (finding taking of easement based on overflights

from Government aircraft using airport leased temporarily by Government and remanding for

determination of whether easement was permanent or temporary).  In sum, because it cannot be

said that the proposed amendments are facially meritless, or frivolous, or so wholly lacking in

merit that they cannot possibly succeed, amendment of the complaint would not be futile.

### CONCLUSION

As noted, RCFC 15(a) requires that leave to amend "shall be freely given when justice so

requires."  *See also St. Bernard Parish II*, 80 Fed. Cl. at 371.  Because Plaintiffs' motion easily

satisfies this liberal standard, Plaintiffs respectfully request that the Court grant Plaintiffs leave to

file the Third Amended Complaint.


Dated:  May 31, 2011                                        Respectfully submitted,

                                                            s/ F. Gerald Maples

                                                            F. Gerald Maples, T.A. (LA# 25960)
                                                            Counsel of Record

                                                            Carlos A. Zelaya, II (LA# 22900)
                                                            F. GERALD MAPLES, P.A.
                                                            365 Canal Street, Suite 2650
                                                            New Orleans, LA 70130
                                                            Telephone: (504) 569-8732
                                                            Facsimile: (504) 525-6932

*Of Counsel:*

Charles J. Cooper
Michael W. Kirk
Vincent J. Colatriano
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C.  20036
Telephone: (202) 220-9600
Facsimile:  (202) 220-9601

-and-

J. Wayne Mumphrey (LA# 9824)
MUMPHREY LAW FIRM, LLC
One Canal Place
365 Canal Street, Suite 2280
New Orleans, LA 70130
Telephone: (504) 569-0661
Facsimile: (504) 569-0665

-and-

John H. Musser, IV (LA# 9863)
201 St. Charles Avenue, Suite 2500
2500 New Orleans, LA 70170
Telephone: (504) 599-5964
Facsimile: (504) 566-7185

-and-

Richard A. Tonry (LA# 12859)
Tonry and Ginart, LLC
2114 Paris Road
Chalmette, LA 70043
Phone: 504-271-0471
Fax: 504-271-6293

**Counsel for Plaintiffs**

### CERTIFICATE OF SERVICE

I hereby certify that by filing the foregoing pleading via the ECF for the United States Court of Federal Claims, a copy of the above and foregoing will be served upon counsel for the United States, pursuant to the E-Noticing System this 31st day of May, 2011.

s/F. Gerald Maples
F. Gerald Maples