# In the United States Court of Federal Claims

No. 05-1119 L
Filed: May 1, 2015

```
*******************************************
                                          *
                                          *
ST. BERNARD PARISH GOVERNMENT             *
AND OTHER OWNERS OF REAL                  *
PROPERTY IN ST. BERNARD PARISH            *
OR THE LOWER NINTH WARD OF THE            *
CITY OF NEW ORLEANS,                      *
                                          *
          Plaintiffs,                     *
                                          *
v.                                        *
                                          *
THE UNITED STATES,                        *
                                          *
          Defendant.                      *
                                          *
                                          *
*******************************************
```

Federal Rules of Evidence;
Rule of the United States Court of
    Federal Claims ("RCFC") 26
    (General provisions governing
    discovery).

## MEMORANDUM OPINION AND FINAL ORDER ON EVIDENTIARY ISSUES

From December 12, 2011 to December 15, 2011, the court convened a trial in New Orleans, Louisiana.  12/12/11–12/15/11 TR 1–1236.  The exhibits identified in this Order were introduced and comprise the record as to liability.  The court's rulings regarding evidentiary issues are discussed herein.

I.    **DOCUMENTS PROFFERED BY THE PARTIES WITHOUT OBJECTION THAT THE COURT RULES ARE ADMITTED INTO EVIDENCE.**

   A.    **Plaintiffs' Trial Exhibits.**[1]

      1.    **Plaintiffs' SPX Exhibits.**

| | | | | | | |
|---|---|---|---|---|---|---|
| SPX.0004 | SPX.0008 | SPX.0138 | SPX.0161 | SPX.0163 | SPX.0406 | SPX.0479 |
| SPX.0487 | SPX.0492 | SPX.0501 | SPX.0535 | SPX.0541 | SPX.0544 | SPX.0545 |
| SPX.0546 | SPX.0549 | SPX.0625 | SPX.0626 | SPX.0627 | SPX.0628 | SPX.0629 |
| SPX.0631 | SPX.0632 | SPX.0633 | SPX.0634 | SPX.0635 | SPX.0636 | SPX.0637 |
| SPX.0638 | SPX.0639 | SPX.0640 | SPX.0641 | SPX.0642 | SPX.0643 | SPX.0644 |
| SPX.0645 | SPX.0646 | SPX.0647 | SPX.0648 | SPX.0649 | SPX.0650 | SPX.0651 |
| SPX.0652 | SPX.0653 | SPX.0654 | SPX.0655 | SPX.0656 | SPX.0657 | SPX.0658 |
| SPX.0659 | SPX.0660 | SPX.0661 | SPX.0662 | SPX.0663 | SPX.0664 | SPX.0665 |
| SPX.0666 | SPX.0667 | SPX.0668 | SPX.0669 | SPX.0670 | SPX.0671 | SPX.0672 |
| SPX.0673 | SPX.0674 | SPX.0675 | SPX.0676 | SPX.0677 | SPX.0678 | SPX.0679 |
| SPX.0680 | SPX.0681 | SPX.0682 | SPX.0683 | SPX.0700 | SPX.0701 | SPX.0702 |
| SPX.0704 | SPX.0705 | SPX.0706 | SPX.0707 | SPX.0708 | SPX.0709 | SPX.0710 |
| SPX.0711 | SPX.0712 | SPX.0713 | SPX.0714 | SPX.0717 | SPX.0718 | SPX.0738 |
| SPX.0740 | SPX.0885 | SPX.0893 | SPX.0894 | SPX.0895 | SPX.0901 | SPX.0905 |
| SPX.0908 | SPX.0909 | SPX.0910 | SPX.0911 | SPX.0912 | SPX.0913 | SPX.0914 |
| SPX.0915 | SPX.0916 | SPX.0917 | SPX.0918 | SPX.0919 | SPX.0920 | SPX.0921 |
| SPX.0922 | SPX.0923 | SPX.0924 | SPX.0925 | SPX.0926 | SPX.0927 | SPX.0928 |
| SPX.0929 | SPX.0930 | SPX.0931 | SPX.0932 | SPX.0933 | SPX.0934 | SPX.0935 |
| SPX.0936 | SPX.0937 | SPX.0938 | SPX.0939 | SPX.0940 | SPX.0941 | SPX.0942 |
| SPX.0943 | SPX.0944 | SPX.0945 | SPX.0946 | SPX.0947 | SPX.0948 | SPX.0949 |
| SPX.0950 | SPX.0951 | SPX.0952 | SPX.0953 | SPX.0954 | SPX.0955 | SPX.0956 |
| SPX.0957 | SPX.0958 | SPX.0959 | SPX.0960 | SPX.0961 | SPX.0962 | SPX.0963 |
| SPX.0964 | SPX.0965 | SPX.0966 | SPX.0967 | SPX.0968 | SPX.0969 | SPX.0970 |
| SPX.0971 | SPX.0972 | SPX.0973 | SPX.0974 | SPX.0975 | SPX.0976 | SPX.0977 |
| SPX.0978 | SPX.0979 | SPX.0980 | SPX.0981 | SPX.0982 | SPX.0983 | SPX.0984 |
| SPX.0985 | SPX.0986 | SPX.0987 | SPX.0988 | SPX.0989 | SPX.0990 | SPX.0991 |
| SPX.0992 | SPX.0993 | SPX.0994 | SPX.0995 | SPX.0996 | SPX.0997 | SPX.0998 |
| SPX.0999 | SPX.01000 | SPX.01001 | SPX.01002 | SPX.01003 | SPX.01004 | SPX.01005 |
| SPX.01006 | SPX.01007 | SPX.01008 | SPX.01009 | SPX.01010 | SPX.01011 | SPX.01012 |
| SPX.01013 | SPX.01014 | SPX.01015 | SPX.01016 | SPX.01017 | SPX.01018 | SPX.01019 |
| SPX.01020 | SPX.01021 | SPX.01022 | SPX.01023 | SPX.01024 | SPX.01025 | SPX.01026 |
| SPX.01027 | SPX.01028 | SPX.01029 | SPX.01030 | SPX.01031 | SPX.01032 | SPX.01033 |
| SPX.01034 | SPX.01035 | SPX.01036 | SPX.01037 | SPX.01038 | SPX.01039 | SPX.01040 |
| SPX.01053 | SPX.01154 | SPX.01156 | DX-41 | DX-53 | DX-88 | DX-138 |
| DX-193 | DX-202 | DX-211 | | | | |

---

[1] As discussed in the parties' March 23, 2012 Joint Submission Of Exhibits Offered Into Evidence (Dkt. No. 178) ("Joint Submission"), Plaintiffs have offered into evidence "SPX" exhibits appearing on Plaintiffs' pretrial exhibit list in this case, together with three categories of exhibits that were admitted in *Robinson v. United States*, Case No. 06-CV-2268 (E.D. La.) ("*Robinson*"): Plaintiff ("PX") exhibits; Defendant ("DX") exhibits; and Joint ("JX") exhibits. In its May 1, 2015, Memorandum Opinion And Order, the court indicates *Robinson* exhibits with the letter "R," *i.e.*, "RPX," "RDX," and "RJX."

#### 2.     *Robinson* Exhibits.

DX-0001; DX-1104; JX-0195.

### B.     The Government's Trial Exhibits.

#### 1.     The Government's DX Exhibits.

| | | | | | | |
|---|---|---|---|---|---|---|
| DX-1 | DX-49 | DX-53 | DX-78 | DX-79 | DX-80 | DX-81 |
| DX-86 | DX-88 | DX-91 | DX-105 | DX-111 | DX-115 | DX-133 |
| DX-138 | DX-174 | DX-174(a) | DX-193 | DX-195 | DX-199 | DX-202 |
| DX-208 | DX-210 | DX-211 | DX-212 | DX-213 | DX-214 | DX-215 |
| DX-216 | DX-217 | | | | | |

#### 2.     *Robinson* Exhibits.

DX-1; DX-1104; JX-195.

### C.     Plaintiffs' Written Direct Testimony.

Dkt. No. 158 (Suhayda); Dkt. No. 159 (Kemp).

### D.     The Government's Written Direct Testimony.

Dkt. No. 160 (Britsch); Dkt. No. 161 (Resio).

### E.     Plaintiffs' Deposition Designations.[2]

| | |
|---|---|
| Nancy Powell | January 30, 2008 deposition: 1; 6–15; 17–26; 28–30; 42–43; 50–53; 63–74; 79–84; 106–07; February 8, 2011 deposition: 1; 9–20; 25–37; 41–47; 55–66; 84–99; 106–09; 112–15; 123–37. |
| Greg Miller | 1; 8–15; 23–35; 45–46; 55–63; 65–76; 78–81; 85–87; 107–08. |
| Michael Park | 1–11; 36–48; 77–79. |

---

[2] On October 28, 2011, Plaintiffs filed a Motion To Designate Deposition Transcript. Dkt. No. 134.  On November 4, 2011, the Government filed a Motion To Designate Deposition Testimony.  Dkt. No. 140.  On November 14, 2011, the Government opposed Plaintiffs' Motion To Designate Deposition Testimony, and submitted cross-designations to the extent the court granted Plaintiffs' Motion.  Dkt. No. 145.  On November 21, 2011, Plaintiffs filed a Response to the Government's November 4, 2011 Motion.  Dkt. No. 149.  On November 23, 2011, Plaintiffs filed a Reply.  Dkt. No. 153.  On December 2, 2011, the court admitted the initial deposition designations.  12/2/11 Minute Orders (admitting Dkt. 134, 140).

| | |
|---|---|
| Donald Resio | 1; 5–15; 18–27; 29–31; 34–39; 47–56; 64–74; 84–87; 89–118; 125–31; 134–36. |
| Jerry Foster | 1; 8–22; 25–31; 37–38; 45–49; 51–52; 58–60; 63–73; 75–80; 92–103; 110–23; 130–35; 141–58; 165–67; 175–79; 185–86; 199–200; 210; 221–25; 228–30; 234–41; 246–49. |
| Michelle Daigle | 1; 6–13; 58–59; 78–83; 86–87; 107–08; 110–13; 135–37; 141–42. |
| Christopher Gilmore | 1; 5–6; 9–12. |
| Steve Patorno | 1–7; 9–20; 26. |
| Linda Mathies | 1; 7–11; 15–21; 43–50; 55–67; 75–82; 98–99. |
| Sue Hawes | 1; 4–9; 21–22; 33–41; 44–45. |
| Keith O'Cain | 1; 9–13; 16–17; 28–30; 32–33; 36; 56; 73–78; 81–86; 88–90; 92–93; 106–22. |
| Rick Broussard | 1; 6–8; 26–30; 38; 42–43. |
| Gary Zimmerer | 1; 7–25; 27–40; 45–48; 50–59; 67–68; 81–82; 88–89; 101–04; 107–08; 117–25; 128–29; 139–52; 156–61. |
| Tommoso "Tommy" G. Tommaseo | October 18, 2010 deposition: 22:2–20; 27:19–28:11; 36:7–18; 54:20–55:15; 61:4–8; 71:16–25; 81:11–82:4; 90:19–91:6; 99:14–23; 109:4–11; 131:24–132:13; 157:15–19; 173:15–174:20. |
| Steven and Cynthia Bordelon | October 14, 2010 deposition: 17:8–15; 18:5–19:1. |
| Edward John Robin, Jr. | October 13, 2010 deposition: 18:17–19:12; 21:17–22; 26:21–27:15. |
| Rod W. Willhoft | October 20, 2010 deposition: 24:21–25:9; 36:9–36:24; 43:24–44:2. |
| Gwendolyn and Henry Adams | October 15, 2010 deposition: 18:9–19:1. |
| Craig P. Tafaro, Jr. | January 13, 2011 deposition: 24:18–25:5; 26:4–24; 40:12–41:21; 78:18–79:2; 98:2–15; 103:1–4; 114:4–115:25; 122:19–22. |
| Michelle Walsh | January 13, 2011 deposition: 46:16–20. |

Mylinda Gettys                              January 12, 2011 deposition: 22:21–23:9; 30:9–24;
                                            31:11–13; 45:22–46:15; 50:24–51:17; 56:11–19.

### F.     The Government's Deposition Designations.

Tommoso "Tommy" G. Tommaseo              October 18, 2010 deposition: 1; 5:13–8:3; 10:18–
                                         11:5; 14:13–16:4; 19:17–20:13; 20:22–21:22; 24:6–
                                         10; 26:22–27:9; 32:2–9; 34:15–36:6; 38:1–9; 38:19–
                                         39:3; 39:13–21; 42:5–45:19; 69:25–71:15; 78:23–
                                         79:2; 79:25–81:10; 88:6–90:18; 97:1–99:13; 104:2–
                                         106:19;   117:12–124:25;   126:1–13;   129:3–12;
                                         130:7–24;  133:12–16;  135:13–24;  139:6–144:9;
                                         153:18–157:14.

Steven John Bordelon                     October 14, 2010 deposition: 1; 8:1–9:11; 13:12–
                                         14:8;  14:20–24;  16:1–17:7;  20:16–22:10;  24:25–
                                         25:9; 26:4–14; 30:4–9; 30:16–20; 31:15–32:4; 32:9–
                                         21; 37:2–7.

Brad Lee Robin                           October 13, 2010 deposition: 1; 7:5–9; 11:17–22;
                                         13:2–4; 14:19–15:23; 24:13–15; 33:1–17; 34:6–20;
                                         37:5–39:9; 40:24–41:18; 45:18–46:21; 48:2–49:12;
                                         56:15–58:24; 65:2–7; 65:14–68:23; 71:15–72:3;
                                         75:11–23; 80:7–25; 82:2–8; 89:12–25; 93:4–10;
                                         95:11–16; 97:12–98:24; 99:17–100:4; 101:11–14;
                                         119:1–12.

Edward John Robin, Jr.                   October 13, 2010 deposition: 1; 6:5–8; 16:3–8;
                                         21:25–24;  23:22–24:19;  25:7–27:15;  28:16–18;
                                         33:9–10; 35:1–4.

Rod Wilhoft                              October 10, 2010 deposition: 1; 5:19–24; 7:24–8:1;
                                         8:18–22; 9:1–11:8; 17:19–18:15; 20:6–25; 22:1–11;
                                         23:6–16; 28:3–11; 29:2–30:23; 32:9–13; 34:5–24;
                                         42:22–43:8; 44:11–17; 45:14–46:1; 48:5–14.

Gwendolyn and Henry Adams                October 15, 2010 deposition: 1; 5:9–15; 6:8–13; 7:8–
                                         22; 8:18–9:4; 12:21–13:18; 15:19–16:8; 19:2–20:13;
                                         27:23–28:16; 38:20–39:7.

Craig Taffaro                            January 13, 2011 deposition: 1; 19:7–9; 41:22–
                                         42:13; 45:18–47:19; 48:9–49:13; 51:24–53:20;
                                         66:16–67:3; 69:2–15; 71:14–17; 73:10–14; 83:20–
                                         24; 93:12–95:23; 96:21–98:1; 99:11–101:11; 122:6–
                                         18.

| | |
|---|---|
| Michelle Walsh | January 12, 2011 deposition: 1; 22:8–23:8; 38:19–40:21; 49:2–19; 52:2–17; 56:7–65:21. |
| Mylinda Gettys | January 12, 2011 deposition: 1; 8:13–9:13; 32:14–17; 34:20–35:13. |
| Nancy Powell | January 30, 2008 deposition: 39:20–41:1; 45:10–22; February 8, 2011 deposition: 49–52. |
| Greg Miller | 37–40; 89:1–90:5. |
| Michael Park | 13:1–23; 29:1–34; 58:16–61:14. |
| Donald Resio | 138–161:1–6. |
| Jerry Foster | 202–05; 214–17. |
| Sue Hawes | 23–32; 42–43; 46–52. |
| Keith O'Cain | 21–24. |
| Gary Zimmerer | 60–66; 76:15–78:21; 90–91:16; 98:16–99. |

### G.     The Court's Resolution.

The court rules that the documents referenced herein, at Section I, are admitted into evidence.  *See* Court Exhibit A § I.

## II.     DOCUMENTS PROFFERED BY PLAINTIFFS, TO WHICH THE GOVERNMENT OBJECTS.[3]

### A.     Plaintiffs' Trial Exhibits.

#### 1.     Plaintiffs' SPX Exhibits.

##### a.     Interagency Performance Evaluation Task Force, Independent Levee Investigations Team, And Team Louisiana Exhibits.

Plaintiffs proffered twenty-nine exhibits, consisting of reports and associated documents prepared by the Interagency Performance Evaluation Task Force ("IPET"), the Independent Levee Investigations Team ("ILIT"), and Team Louisiana.  Dkt. No. 178-1, at 1–3.  The Government

---

[3] The Government objects to the admission of each of the documents listed in this section, "renew[ing] all evidentiary objections asserted at trial" and "object[ing] that each exhibit not used at trial lacks foundation to be admitted into the record."  Dkt. No. 178-1, at 1 n.1.

objects to twenty-five[4] of these exhibits in their entirety on relevance and hearsay grounds. Dkt. No. 178-1, at 1–3. The Government also objects to the admission of two exhibits as whole documents, but does not object to the admission of portions actually discussed with the witness. Dkt. No. 178-1, at 1–2 (objecting to SPX.0010 and SPX.0023).[5]

As to relevance, the IPET, ILET, and Team Louisiana exhibits are reports that discuss why the Southeast Louisiana's Hurricane Protection System ("HPS") failed. *See, e.g.*, SPX.0001, at I-1; SPX.0027, at PDF 2, xix; SPX.0029, at i. The court rules that these exhibits are relevant, because they "ha[ve] a tendency to make a fact more or less probable" and "the fact is of consequence in determining the action." FED. R. EVID. 401; *see also* FED. R. EVID. 402 (stating that "relevant evidence is admissible").[6]

As to hearsay,[7] these exhibits are evaluations of the HPS by groups commissioned by the Army Corps. *See, e.g.*, SPX.0001, at I-1 ("ITEP was established by the Chief of [the Army Corps of] Engineers ["Army Corps"] to determine the facts concerning the performance of the HPS in New Orleans and Southeast Louisiana during Hurricane Katrina."); SPX.0027, at PDF 2, xix (The ILIT was funded by grants from the National Science Foundation, and the ILIT "report presents the results of an investigation of the performance of the New Orleans regional flood protection system during Hurricane Katrina[.]"); SPX.0029, at i (Team Louisiana was "commissioned . . . by the Louisiana Department of Transportation and Development . . . to assemble a team of Louisiana-based academic and private sector experts to collect forensic data related to the failure of the levee systems around greater New Orleans that occurred during . . . Hurricane Katrina[.]") (internal quotation marks omitted). For these reasons, the court rules that these twenty-five exhibits are

---

[4] The twenty-five exhibits consist of twenty-two IPET exhibits, two ILIT exhibits, and one Team Louisiana exhibit. The twenty-two IPET exhibits are: SPX.0001; SPX.0002; SPX.0003; SPX.0005; SPX.0006; SPX.0007; SPX.0009; SPX.0011; SPX.0012; SPX.0013; SPX.0014; SPX.0015; SPX.0016; SPX.0017; SPX.0018; SPX.0019; SPX.0020; SPX.0021; SPX.0022; SPX.0024; SPX.0025; SPX.0026. The two ILIT exhibits are: SPX.0027; SPX.0028. The Team Louisiana exhibit is: SPX.0029. Of these twenty-five exhibits, seven were admitted in their entirety in *Robinson* and five were admitted, in part, in *Robinson*. *See* Dkt. No. 178-1, at 1 n.2.

[5] Of these two exhibits, one was admitted in full in *Robinson*.

[6] Federal Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401; *see also* FED. R. EVID. 402 (stating that "relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court.").

[7] Although it would be impracticable to conduct an extensive multi-factor analysis of the hearsay exclusions and exceptions potentially applicable to every exhibit to which the Government objects on hearsay grounds, the court has carefully considered Federal Rules of Evidence 801, 803, and 804.

public records and business records, and therefore are exempt from hearsay.  *See* FED. R. EVID. 803(8)[8]; FED. R. EVID. 803(6).[9]

For these reasons, the court rules that the IPET, ILIT, and Team Louisiana reports and associated documents are admitted.  *See* Court Exhibit A § II.A.1.a.

### b.    United States Army Corps Of Engineers Exhibits.

Plaintiffs proffered 217 exhibits, consisting of reports, studies, design memoranda, emails, reconnaissance reports, and Flood Safety Program documents from the Army Corps.  Dkt. No. 178-1, at 3–19.  The Government objects to the admission of 212 of these exhibits in their entirety[10]

---

[8] Federal Rule of Evidence 803(8) provides for excepting from the hearsay prohibition "[a] record or statement of a public office if: (A) it sets out: (i) the office's activities; (ii) a matter observed while under a legal duty to report . . . ; or (iii) . . . factual findings from a legally authorized investigation; and (B) the opponent does not show that the source of the information or other circumstances indicate a lack of trustworthiness."  FED. R. EVID. 803(8).

[9] Federal Rule of Evidence 803(6) excepts from the hearsay prohibition:

[a] record of an act, event, condition, opinion, or diagnosis if: (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

FED. R. EVID. 803(6).

[10] The 212 Army Corps exhibits are: SPX.0100; SPX.0101; SPX.0102; SPX.0103; SPX.0104; SPX.0105; SPX.0107; SPX.0108; SPX.0113; SPX.0117; SPX.0118; SPX.0119; SPX.0123; SPX.0127; SPX.0128; SPX.0129; SPX.0130; SPX.0131; SPX.0132; SPX.0133; SPX.0134; SPX.0135; SPX.0136; SPX.0137; SPX.0140; SPX.0141; SPX.0142; SPX.0143; SPX.0144; SPX.0145; SPX.0146; SPX.0147; SPX.0148; SPX.0151; SPX.0152; SPX.0155; SPX.0156; SPX.0157; SPX.0158; SPX.0159; SPX.0160; SPX.0162; SPX.0164; SPX.0166; SPX.0167; SPX.0168; SPX.0170; SPX.0172; SPX.0173; SPX.0174; SPX.0175; SPX.0176; SPX.0178; SPX.0180; SPX.0184; SPX.0185; SPX.0186; SPX.0187; SPX.0188; SPX.0189; SPX.0190; SPX.0191; SPX.0192; SPX.0193; SPX.0194; SPX.0195; SPX.0196; SPX.0197; SPX.0198; SPX.0199; SPX.0200; SPX.0201; SPX.0202; SPX.0203; SPX.0204; SPX.0205; SPX.0206; SPX.0207; SPX.0208; SPX.0209; SPX.0210; SPX.0211; SPX.0212; SPX.0213; SPX.0214; SPX.0215; SPX.0216; SPX.0217; SPX.0218; SPX.0219; SPX.0220; SPX.0222; SPX.0223; SPX.0224; SPX.0225; SPX.0226; SPX.0229; SPX.0230; SPX.0231; SPX.0232; SPX.0233; SPX.0234; SPX.0236; SPX.0237; SPX.0238; SPX.0239; SPX.0241; SPX.0242; SPX.0243; SPX.0244; SPX.0246; SPX.0247; SPX.0248; SPX.0249; SPX.0250; SPX.0251; SPX.0252; SPX.0253; SPX.0254; SPX.0255; SPX.0256; SPX.0257; SPX.0258; SPX.0259;

and to portions of SPX.0169. Dkt. No. 178-1, at 3–19; *see also* Dkt. No. 178-1, at 7 (objecting to SPX.0169). The Government objects to these exhibits on the grounds of: relevance; cumulativeness; hearsay; waiver; and/or objection sustained at trial. The court addresses each of these categories.

The Government objects to 202 of these exhibits on relevance grounds. Dkt. No. 178-1, at 3–19. These exhibits include reports and studies, either conducted by the Army Corps or commissioned by the Army Corps, and Army Corps' design memoranda, emails, Flood Safety Program documents, and other similar exhibits. Dkt. No. 178-1, at 3–19. In addition, the exhibits discuss the Mississippi River-Gulf Outlet channel ("MR-GO"), the ecosystem of Southeast Louisiana, flood protection systems, and the effects of the flooding events. Dkt. No. 178-1, at 3–19. Therefore, the court rules that these exhibits are relevant, because they "ha[ve] a tendency to make a fact more or less probable" and "the fact is of consequence in determining the action." FED. R. EVID. 401; *see also* FED. R. EVID. 402 (stating that "relevant evidence is admissible").

The Government objects to 172 of these exhibits on the grounds that they are cumulative. Dkt. No. 178-1, at 3–19. Although Federal Rule of Evidence 403 grants the court discretion to exclude evidence for efficiency, it does not require the exclusion of otherwise relevant evidence.[11] Therefore, the court rules that the "probative value" of these exhibits is not "substantially outweighed by [the] danger of . . . needlessly presenting cumulative evidence." FED. R. EVID. 403.

The Government objects to thirty-nine of these exhibits on hearsay grounds. Dkt. No. 178-1, at 5–7, 16–17. Twenty-nine of these objections relate to Army Corps' emails that discuss MR-GO, the Southeast Louisiana ecosystem, Hurricane Katrina related litigation, and other relevant topics. Dkt. No. 178-1, at 16–17. The court rules that these emails are admissible under the opposing party's statement exclusion and under the business records exception to the hearsay

---

SPX.0260; SPX.0263; SPX.0266; SPX.0267; SPX.0268; SPX.0269; SPX.0272; SPX.0276; SPX.0277; SPX.0278; SPX.0280; SPX.0281; SPX.0282; SPX.0283; SPX.0284; SPX.0285; SPX.0286; SPX.0287; SPX.0289; SPX.0290; SPX.0291; SPX.0292; SPX.0293; SPX.0294; SPX.0295; SPX.0296; SPX.0297; SPX.0298; SPX.0303; SPX.0305; SPX.0308; SPX.0309; SPX.0310; SPX.0312; SPX.0315; SPX.0316; SPX.0319; SPX.0324; SPX.0326; SPX.0329; SPX.0331; SPX.0333; SPX.0334; SPX.0335; SPX.0337; SPX.0338; SPX.0342; SPX.0344; SPX.0346; SPX.0347; SPX.0349; SPX.0351; SPX.0352; SPX.0353; SPX.0354; SPX.0355; SPX.0356; SPX.0357; SPX.0359; SPX.0360; SPX.0361; SPX.0362; SPX.0363; SPX.0364; SPX.0365; SPX.0366; SPX.0367; SPX.0368; SPX.0372; SPX.0373; SPX.0374; SPX.0383; SPX.0384; SPX.0392; SPX.0393; SPX.0394; SPX.0395; SPX.0396; SPX.0397; SPX.0398; SPX.0399; SPX.0400; SPX.0401; SPX.0402; SPX.0403; SPX.0405; SPX.0407; SPX.0408. Of these 212 exhibits, thirty-two were admitted in their entirety in *Robinson* and four were admitted, in part, in *Robinson*. Dkt. No. 178-1, at 3–8, 10–14, 18. SPX.0169 was admitted in its entirety in *Robinson*. Dkt. No. 178-1, at 7.

[11] Federal Rule of Evidence 403 provides that "[t]he court *may* exclude relevant evidence if its probative value is *substantially outweighed* by a danger of . . . needlessly presenting cumulative evidence." FED. R. EVID. 403 (emphasis added).

prohibition.  *See* FED. R. EVID. 801(d) (opposing party's statement exclusion)[12]; FED. R. EVID. 803(6) (business records exception).

The other ten hearsay objections relate to the Army Corps' reports and studies.  Dkt. No. 178-1, at 5–7.  The court rules that these studies are admissible under the public records exception, the business records exception, and the opposing party's statement exclusion to the hearsay prohibition.  *See* FED. R. EVID. 803(8) (public records exception); FED. R. EVID. 803(6) (business records exception); FED. R. EVID. 801(d) (opposing party's statement exclusion).

The Government objects to SPX.0134, because its objection to this exhibit was sustained at trial.  Dkt. No. 178-1, at 5; 12/13/11 TR at 524–25 (Kemp Redirect).  The court rules that SPX.0134 is not admissible.

Finally, the Government renewed its objections to SPX.0226, SPX.0255, and SPX.0256 that were raised at trial.  Dkt. No. 178-1, at 11, 13; *see also* 12/13/11 TR at 509–11 (Kemp Redirect) (objecting on the grounds that the documents were not discussed during cross-examination).  The court denied the Government's objection.  12/13/11 TR at 510, 513 (statement by the court that the scope of Plaintiffs' questions was "fair" and that "we've touched upon this in the cross-examination").  Therefore, the court rules that SPX.0226, SPX.0255, and SPX.0256 are admissible.

For these reasons, the court rules that the Army Corps exhibits are admitted.  *See* Court Exhibit A § II.A.1.b.[13]

### c.    Federal Emergency Management Agency Documents And Related Materials.

Plaintiffs proffered fifty-nine Federal Emergency Management Agency ("FEMA") documents and related materials and one United States Geological Survey ("USGS") document,

---

[12] Federal Rule of Evidence 801(d) provides:

A statement . . . is not hearsay . . . . (2) [if it] is offered against an opposing party and: (A) was made by the party in an individual or representative capacity; (B) is one the party manifested that it adopted or believed to be true; (C) was made by a person whom the party authorized to make a statement on the subject; (D) was made by the party's agent or *employee on a matter within the scope of that relationship and while it existed*; or (E) was made by the party's coconspirator during and in furtherance of the conspiracy.

FED. R. EVID. 801(d) (emphasis added).

[13] The court also rules that SPX.0169 is admitted, as relevant evidence and as evidence admitted in *Robinson*.  *See* FED. R. EVID. 402; *see also* Dkt. No. 178-1, at 7.

to which the Government objects on the grounds of relevance and cumulativeness.  Dkt. No. 178-1, at 19–22.[14]

The fifty-nine FEMA and one USGS exhibits to which the Government objects include flood response and insurance information, maps of the affected area, and wetlands valuation information.  Dkt. No. 178-1, at 19–22.  Therefore, the court rules that these exhibits are relevant, because they "ha[ve] a tendency to make a fact more or less probable," and "the fact is of consequence in determining the action."  FED. R. EVID. 401; *see also* FED. R. EVID. 402 (stating that "relevant evidence is admissible").  The court also rules that the "probative value" of these exhibits is not "substantially outweighed by [the] danger of . . . needlessly presenting cumulative evidence."  FED. R. EVID. 403.

For these reasons, the court rules that the FEMA and USGS exhibits are admitted.  *See* Court Exhibit A § II.A.1.c.

### d.   *Robinson* Expert Reports.

Plaintiffs proffered seventeen expert reports from *Robinson*.  Dkt. No. 178-1, at 22–25.  The Government objects to fifteen of these exhibits, all on hearsay grounds, and to two under RCFC 26.  Dkt. No. 178-1, at 22–25.[15]  The court will address these exhibits in Section II.A.2 below.

### e.   Plaintiffs' Expert Declarations, Reports, And Materials Cited.

Plaintiffs proffered thirty-four expert declarations, reports, and materials cited.  Dkt. No. 178-1, at 26–29.  The Government objects to thirty-two[16] of these exhibits on the following

---

[14] The fifty-nine FEMA documents and related materials are: SPX.0409; SPX.0410; SPX.0411; SPX.0412; SPX.0413; SPX.0414; SPX.0415; SPX.0416; SPX.0418; SPX.0419; SPX.0420; SPX.0421; SPX.0422; SPX.0423; SPX.0424; SPX.0425; SPX.0426; SPX.0427; SPX.0428; SPX.0429; SPX.0430; SPX.0431; SPX.0432; SPX.0433; SPX.0434; SPX.0435; SPX.0436; SPX.0437; SPX.0438; SPX.0439; SPX.0440; SPX.0441; SPX.0442; SPX.0443; SPX.0444; SPX.0445; SPX.0446; SPX.0447; SPX.0448; SPX.0449; SPX.0450; SPX.0451; SPX.0452; SPX.0453; SPX.0454; SPX.0455; SPX.0456; SPX.0457; SPX.0458; SPX.0459; SPX.0460; SPX.0461; SPX.0462; SPX.0463; SPX.0464; SPX.0465; SPX.0466; SPX.0467; SPX.0469. The USGS document is SPX.0470. SPX.0415 was admitted in its entirety in *Robinson*.

[15] The fifteen *Robinson* expert reports are: SPX.0471; SPX.0472; SPX.0473; SPX.0474; SPX.0475; SPX.0476; SPX.0478; SPX.0480; SPX.0482; SPX.0483; SPX.0484; SPX.0485; SPX.0486; SPX.0488; SPX.0489.  For SPX.0483 and SPX.0484, the Government objects on both hearsay and RCFC 26 grounds.  Ten of the documents were admitted in their entirety in *Robinson*, and two were admitted, in part.

[16] The thirty-two expert declarations, reports, and materials cited are: SPX.0491; SPX.0494; SPX.0495; SPX.0496; SPX.0497; SPX.0499; SPX.0500; SPX.0502; SPX.0503; SPX.0504; SPX.0505; SPX.0506; SPX.0507; SPX.0508; SPX.0509; SPX.0510; SPX.0511; SPX.0512; SPX.0513; SPX.0515; SPX.0517; SPX.0518; SPX.0519; SPX.0520; SPX.0521;

grounds: *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); hearsay; and RCFC 26.

The Government objects to five of these exhibits under *Daubert*.  In *Daubert*, the United States Supreme Court abolished the "general acceptance" precondition to the admissibility of scientific evidence.  *See* 509 U.S. at 597 ("To summarize: 'General Acceptance' is not a necessary precondition to the admissibility of scientific evidence under the Federal Rules of Evidence, but the Rules of Evidence—especially Rule 702—do assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.  Pertinent evidence based on scientifically valid principles will satisfy those demands."); *see also id.* at 593–94 (identifying four nonexclusive factors for the court to consider: (1) "whether it can be (and has been) tested"; (2) "whether the theory or technique has been subjected to peer review and publication"; (3) "the known or potential rate of error"; and (4) the general acceptance in the scientific community).  *Daubert* and its progeny prompted a revision of Federal Rule of Evidence 702.  *See* FED. R. EVID. 702 Advisory Committee notes (2000) ("Rule 702 has been amended in response to *Daubert* . . . and to many cases applying *Daubert*[.]"); *see also* FED. R. EVID. 702.[17]

These five exhibits include: the August 16, 2006 Sworn Declaration of Dr. G. Paul Kemp[18]; the August 12, 2011 Expert Report of Dr. Kemp; a MR-GO chronology prepared by Dr. Kemp; the July 1, 2011 Sworn Declaration of Dr. Joseph N. Suhayda[19]; and the August 12, 2011 Expert

---

SPX.0522; SPX.0523; SPX.0524; SPX.0525; SPX.0526; SPX.0527; SPX.0528.   Six of these exhibits were admitted as evidence in *Robinson*.

[17] Federal Rule of Evidence 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702.

[18] Dr. George Paul Kemp is a geologist and oceanographer, and is Vice President of the National Audubon Society and Director of the Louisiana Gulf Coast Initiative.  He obtained his B.S. in Natural Resources from Cornell University, and his M.S. and Ph.D in Marine Sciences from Louisiana State University.  *See* 12/6/11 Kemp Direct at 5–19.

[19] Dr. Joseph N. Suhayda is a Coastal Hydrologist and Coastal Oceanographer with an advanced degree in Physical Oceanography.  He obtained his B.S. in Physics from California State University, Northbridge, and a Ph.D in Physical Oceanography from the University of California, San Diego, Scripps Institution of Oceanography.  *See* 12/6/11 Suhayda Direct at 4–6.

Report of Dr. Suhayda.  Dkt. No. 178-1, at 26.[20]  Drs. Kemp and Suhayda have extensive educational qualifications and professional experience in relevant fields.  12/12/11 TR at 188–200 (explaining Dr. Kemp's educational and professional qualifications, experience in post-Hurricane Katrina investigations, and his prior testimony in *Robinson*); 12/13/11 TR at 657–66 (explaining Dr. Suhayda's educational and professional qualifications, experience in post-Hurricane Katrina investigations, and his prior testimony in other hurricane litigation).  Therefore, the court rules that Drs. Kemp and Suhayda are qualified as expert witnesses under *Daubert* and that their testimony: "will help the trier of fact to understand the evidence"; "is based on sufficient facts or data"; "is the product of reliable principles and methods"; and "the expert has reliably applied the principles and methods to the facts[.]"  FED. R. EVID. 702.

The Government also objects to thirty-two of these documents on hearsay grounds.  Dkt. No. 178-1, at 26–29.  The six exhibits that are Drs. Suhayda's and Kemp's sworn declarations, expert reports, and an appendix are inadmissible hearsay.  *See* FED. R. EVID. 801(c)[21]; FED. R. EVID. 802.[22]  The remaining twenty-eight exhibits are reports on the hydrology and weather patterns of the New Orleans area that Plaintiffs' experts were "made aware of or personally observed" and that "experts in the particular field would reasonably rely on . . . in forming an opinion on the subject."  FED. R. EVID. 703 (stating that evidence meeting the aforementioned criteria "need not be admissible for the opinion to be admitted" into expert testimony).  And, the court rules that these twenty-eight reports satisfy the public records and business records exceptions to the hearsay prohibition.  *See* FED. R. EVID. 803(8) (public records exception); FED. R. EVID. 803(6) (business records exception).

Because the court already ruled above that Drs. Suhayda's and Kemp's six expert reports, sworn declarations, and appendix are inadmissible hearsay, the court need not consider the Government's RCFC 26 objections.

For these reasons, the court rules that twenty-six of the Plaintiffs' expert declarations, reports, and materials cited exhibits to which the Government objects are admitted, but six of these exhibits are not.  *See* Court Exhibit A § II.A.1.e; Court Exhibit B § II.A.1.e.

---

[20] On November 23, 2011, the Government filed separate Motions *In Limine* to exclude the testimony of Drs. Kemp and Suhayda that the court denied on December 2, 2011.  At trial, the court informed the parties that it would rule on the admissibility of the testimony of Drs. Kemp and Suhayda when it issued a final opinion.  12/13/11 TR at 667.

[21] Federal Rule of Evidence 801(c) provides, "'Hearsay' means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  FED. R. EVID. 801(c).

[22] Federal Rule of Evidence 802 provides, "Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court [of the United States]."  FED. R. EVID. 802.

####       f.        Plaintiffs' Declarations And Depositions.

Plaintiffs proffered fifty-two depositions and declarations.  The Government objects to forty-six[23] of these exhibits.  Dkt. No. 178-1, at 29–34.  The Government objects to twelve of these exhibits on hearsay grounds and to SPX.0586 on grounds of relevance and cumulativeness.  Dkt. No. 178-1, at 29–30, 32–33.  In addition, the Government objects to thirty-three exhibits as whole documents, but not to those portions previously admitted.  Dkt. No. 178-1, at 29–34.

As to SPX.0586, the court rules that it "has a tendency to make a fact more or less probable" and that "the fact is of consequence in determining the action."  FED. R. EVID. 401; *see also* FED. R. EVID. 402 (stating that "relevant evidence is admissible").  And, the court rules that the "probative value" of this exhibit is not "substantially outweighed by [the] danger of . . . needlessly presenting cumulative evidence."  FED. R. EVID. 403.  Therefore, SPX.0586 is admitted.

As to hearsay, the twelve exhibits are four sworn declarations, one technical report, four photograph exhibits, and three letters.  Dkt. No. 178-1, at 29–30, 32–33.  The four sworn declarations are inadmissible hearsay.  *See* FED. R. EVID. 801(c); FED. R. EVID. 802.  In addition, because Plaintiffs did not properly authenticate the photographs in SPX.0580–83, these exhibits are inadmissible.  *See* FED. R. EVID. 901.[24]  But, SPX.0570 is a technical report prepared by the Army Corps that the court rules is admissible under the public records and business records exceptions to the hearsay prohibition.  *See* FED. R. EVID. 803(8) (public records exception); FED. R. EVID. 803(6) (business records exception).  SPX.0584, SPX.0588, and SPX.0590 are letters sent by government officials that also satisfy the public records and business records exceptions to the hearsay prohibition.  *See* FED. R. EVID. 803(8) (public records exception); FED. R. EVID. 803(6) (business records exception).

As to the thirty-three exhibits to which the Government objects with exception to those portions designated and previously admitted, the Government does not present a "specific ground" or a ground that is "apparent from the context."  FED. R. EVID. 103(a)(1)(B); *see also* Dkt. No. 178-1, at 29–34.  Therefore, the court rules that these exhibits are admissible in their entirety.

For these reasons, the court rules that thirty-eight of Plaintiffs' declarations and depositions exhibits to which the Government objects are admitted, but eight of these exhibits are not.  *See* Court Exhibit A § II.A.1.f; Court Exhibit B § II.A.1.f.

---

[23] The forty-six exhibits are: SPX.0529; SPX.0530; SPX.0531; SPX.0533; SPX.0536; SPX.0537; SPX.0538; SPX.0539; SPX.0540; SPX.0542; SPX.0547; SPX.0548; SPX.0556; SPX.0557; SPX.0558; SPX.0560; SPX.0563; SPX.0564; SPX.0566; SPX.0568; SPX.0570; SPX.0571; SPX.0573; SPX.0574; SPX.0575; SPX.0577; SPX.0578; SPX.0579; SPX.0580; SPX.0581; SPX.0582; SPX.0583; SPX.0584; SPX.0586; SPX.0588; SPX.0590; SPX.0594; SPX.0597; SPX.0598; SPX.0603; SPX.0609; SPX.0613; SPX.0615; SPX.0617; SPX.0618; SPX.0624.  Five of these exhibits were admitted in their entirety in *Robinson*.

[24] Federal Rule of Evidence 901 provides, "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  FED. R. EVID. 901.

g.      **Congressional Documents.**

Plaintiffs proffered ten congressional documents, of which the Government objects to nine[25] on the grounds of relevance and that they are cumulative.  Dkt. No. 178-1, at 37–38.

As to relevance, the nine congressional document exhibits to which the Government objects include hearing statements and reports on Hurricane Katrina and the Army Corps' response.  Dkt. No. 178-1, at 37–38.  The court rules that these exhibits are relevant, because they "ha[ve] a tendency to make a fact more or less probable" and "the fact is of consequence in determining the action."  FED. R. EVID. 401; *see also* FED. R. EVID. 402 (stating that "relevant evidence is admissible").

In addition, the court rules that the "probative value" of these exhibits is not "substantially outweighed by [the] danger of . . . needlessly presenting cumulative evidence."  FED. R. EVID. 403.

For these reasons, the court rules that the congressional document exhibits are admitted.  *See* Court Exhibit A § II.A.1.g.

h.      **St. Bernard Parish Studies.**

Plaintiffs proffered twenty-one St. Bernard Parish studies, to five[26] of which the Government objects on hearsay grounds.  Dkt. No. 178-1, at 38–39.  Two exhibits were written by St. Bernard Parish, and three exhibits were prepared by a private company on behalf of St. Bernard Parish.  *Compare* SPX.0715 *and* SPX.0722, *with* SPX.0719, SPX.0720, *and* SPX.0721.  The court rules that these exhibits fall within the public records and business records exceptions to the hearsay prohibition.  *See* FED. R. EVID. 803(8) (public records exception); FED. R. EVID. 803(6) (business records exception).

For these reasons, the court rules that the St. Bernard Parish studies are admitted.  *See* Court Exhibit A § II.A.1.h.

i.      **Additional Reports.**

Plaintiffs proffered twenty-one additional reports, to nineteen[27] of which the Government objects.  Dkt. No. 178-1, at 39–42.  The Government objects to seventeen exhibits on hearsay

---

[25] The nine congressional exhibits are: SPX.0687; SPX.0688; SPX.0689; SPX.0690; SPX.0692; SPX.0693; SPX.0696; SPX.0697; SPX.0698.  Four of these exhibits were admitted in their entirety in *Robinson*.  Dkt. No. 178-1, at 37–38.

[26] The five St. Bernard Parish studies are: SPX.0715; SPX.0719; SPX.0720; SPX.0721; SPX.0722.

[27] The nineteen additional reports are: SPX.0726; SPX.0728; SPX.0732; SPX.0733; SPX.0734; SPX.0736; SPX.0737; SPX.0741; SPX.0743; SPX.0744; SPX.0745; SPX.0746; SPX.0747; SPX.0748; SPX.0749; SPX.0750; SPX.0755; SPX.0756; SPX.0757.  Two of these exhibits were admitted in their entirety in *Robinson*, and one was admitted, in part.

grounds, to SPX.0728 on hearsay and relevance grounds, and to SPX.0732 on relevance and cumulativeness grounds. Dkt. No 178-1, at 39–42.

Fourteen of the seventeen exhibits to which the Government objects are: reports prepared by or with assistance from a state or federal government; city or parish ordinances; a government employee report; or reports prepared by the National Research Council that is funded by the federal government. Dkt. No. 178-1, at 39–42. Therefore, the court rules that these exhibits fall within the public records and business records exceptions to the hearsay prohibition. *See* FED. R. EVID. 803(8) (public records exception); FED. R. EVID. 803(6) (business records exception).

Two other exhibits, SPX.0749 and SPX.0750, are articles that analyze risk in hurricane prone areas that were coauthored by an academic and ITEP's Risk and Reliability Team Leader. SPX.0757 is an unidentified map of St. Bernard Parish properties with no known author. Therefore, the court rules that these documents are inadmissible hearsay, because SPX.0749 and SPX.0750 are articles, and SPX.0757 lacks foundation. *See* FED. R. EVID. 801(c) (hearsay definition); FED. R. EVID. 802 (hearsay prohibition).

As to relevance, SPX.0728 is an October 13, 1969 letter from the General Superintendent of the New Orleans Sewage and Water Board that discusses the modeling of historical hurricane data, and SPX.0732 is an October 20, 2000 status report of the modification of the MR-GO prepared for the Environmental Protection Agency. The court rules that these exhibits are relevant, because they "ha[ve] a tendency to make a fact more or less probable" and "the fact is of consequence in determining the action." FED. R. EVID. 401; *see also* FED. R. EVID. 402 (stating that "relevant evidence is admissible").

As to whether the SPX.0732 is cumulative, the court rules that the "probative value" of SPX.0732 is not "substantially outweighed by [the] danger of . . . needlessly presenting cumulative evidence." FED. R. EVID. 403.

For these reasons, the court rules that sixteen of these exhibits are admitted, but three exhibits are not. *See* Court Exhibit A § II.A.1.i; Court Exhibit B § II.A.1.i.

### j.     Articles.

Plaintiffs proffered thirteen newspaper articles to which the Government objects on hearsay grounds. Dkt. No. 178-1, at 42.[28]

These newspaper articles are hearsay and are not admissible for the truth of the matter asserted. *See* FED. R. EVID. 801(c); FED. R. EVID. 802; *see also Wathen v. United States*, 208 Ct. Cl. 342, 355 (1975) (holding that newspaper articles were hearsay).

For these reasons, the court rules that the newspaper articles are not admitted. *See* Court Exhibit B § II.A.1.j.

---

[28] The thirteen newspaper articles are: SPX.0758; SPX.0759; SPX.0760; SPX.0761; SPX.0762; SPX.0763; SPX.0764; SPX.0765; SPX.0766; SPX.0767; SPX.0770; SPX.0771; SPX.0772.

###### k.     Mississippi River-Gulf Outlet Closure Committee Documents.

Plaintiffs proffered twenty-eight MR-GO Closure Committee documents to which the Government objects on hearsay grounds.  Dkt. No. 178-1, at 42–44.[29]  These exhibits primarily are meeting minutes from the Committee, as well as reports and maps.  Dkt No. 178-1, at 42–44.  The MR-GO Closure Committee consists of a public policy committee and technical advisory committee "to design and develop a cost effective program to phase out the MRGO[.]"  SPX.0773, at PDF 5.  Therefore, the court rules that these exhibits fall within the public records and business records exceptions to the hearsay prohibition.  *See* FED. R. EVID. 803(8) (public records exception); FED. R. EVID. 803(6) (business records exception).

For these reasons, the court rules that the MR-GO Closure Committee documents are admitted.  *See* Court Exhibit A § II.A.1.k.

###### l.     Property Records Of Representative Plaintiffs.

Plaintiffs proffered 142 exhibits regarding the property records of representative Plaintiffs. Dkt. No. 178-1, at 44–62.  The Government objects to three of these exhibits, one without specifying a ground and two as to the "portions of the document describing or related to properties not listed in the operative complaint."  Dkt. No. 178-1, at 45.[30]  But, the Government does not present a "specific ground," and the ground is not "apparent from the context."  FED. R. EVID. 103(a)(1)(B); *see also* Dkt. No. 178-1, at 29–34.  Therefore, the court rules that these exhibits are admissible in their entirety.

For these reasons, the court rules that the exhibits regarding property records of representative Plaintiffs are admitted.  *See* Court Exhibit A § II.A.1.l.

###### m.     Multimedia And Miscellaneous Documents.

Plaintiffs proffered ninety-two multimedia and miscellaneous documents.   The Government objects to eighty-nine[31] on the following grounds: relevance; cumulativeness; hearsay; lack of foundation; RCFC 26; and *Daubert*.  Dkt. No. 178-1, at 62–68.

---

[29] The twenty-eight MR-GO Closure Committee exhibits are: SPX.0773; SPX.0774; SPX.0777; SPX.0780; SPX.0783; SPX.0785; SPX.0788; SPX.0797; SPX.0807; SPX.0817; SPX.0822; SPX.0824; SPX.0825; SPX.0826; SPX.0828; SPX.0830; SPX.0832; SPX.0845; SPX.0851; SPX.0852; SPX.0853; SPX.0854; SPX.0855; SPX.0857; SPX.0865; SPX.0867; SPX.0869; SPX.0880.  Seventeen of these exhibits were admitted in their entirety in *Robinson*.

[30] The three exhibits are: SPX.0902; SPX.0906; SPX.0907.

[31] The eighty-nine exhibits are: SPX.01042; SPX.01054; SPX.01056; SPX.01057; SPX.01058; SPX.01059; SPX.01060; SPX.01062; SPX.01063; SPX.01066; SPX.01067; SPX.01068; SPX.01069; SPX.01070; SPX.01071; SPX.01072; SPX.01073; SPX.01074; SPX.01075; SPX.01077; SPX.01079; SPX.01082; SPX.01083; SPX.01084; SPX.01086; SPX.01087; SPX.01088; SPX.01089; SPX.01090; SPX.01091; SPX.01092; SPX.01093; SPX.01095; SPX.01096; SPX.01097; SPX.01098; SPX.01099; SPX.01100; SPX.01101;

The Government objects to eighty-one of these exhibits on relevance grounds. Dkt. No. 178-1, at 62–68. The eighty-one exhibits to which the Government objects include a variety of documents discussing the MR-GO, flooding in Southeast Louisiana, and the Army Corps' response to Hurricanes Katrina and Rita. Dkt. No. 178-1, at 62–68. Therefore, the court rules that these exhibits are relevant, because they "ha[ve] a tendency to make a fact more or less probable," and "the fact is of consequence in determining the action." FED. R. EVID. 401; *see also* FED. R. EVID. 402 (stating that "relevant evidence is admissible").

The Government objects to seventy-eight of these exhibits as cumulative. Dkt. No. 178-1, at 62–68. The court rules that the "probative value" of these exhibits is not "substantially outweighed by [the] danger of . . . needlessly presenting cumulative evidence." FED. R. EVID. 403.

The Government objects to six of these exhibits, pursuant to RCFC 26, but does not identify a particular subsection of RCFC 26. Dkt. No. 178-1, at 68. These exhibits are four Storm Atlas Maps demonstrating surge levels, an undated model, and photographs from Hurricane Rita. Dkt. No. 178-1, at 68; *see also* 12/14/11 TR at 1051–53. At trial, they were included in a witnesses' binder (12/14/11 TR at 1051–53), but the court has been unable to determine whether these exhibits were properly disclosed or otherwise complied with RCFC 26. Therefore, these exhibits are not admitted.

The Government objects to fifty-three of these exhibits on hearsay grounds. Dkt. No. 178-1, at 62–68. Six of these exhibits are inadmissible, pursuant to RCFC 26, and need not be considered as to hearsay. Five of these exhibits are newspaper articles that are hearsay. *See* Fed. R. Evid. 801(c) (hearsay definition); FED. R. EVID. 802 (hearsay prohibition); *see also Wathen*, 208 Ct. Cl. at 355 (holding that newspaper articles and an investigative report are hearsay and not admissible). Three of these exhibits are government publications that fall under the public records exception to the hearsay prohibition. *See* FED. R. EVID. 803(8) (public records exception). Thirty-nine of these exhibits are emails, memoranda, reports, and other similar documents that satisfy the business records exception to the hearsay prohibition. *See* FED. R. EVID. 803(6) (business records exception). Therefore, forty-two of these exhibits are admissible hearsay, but five are inadmissible.

The Government objects to SPX.01067 and SPX.01068 for lack of foundation. Dkt. No. 178-1, at 63. Neither of these exhibits was discussed at trial, and the court is unable to determine the basis for admitting these documents. Therefore, SPX.01067 and SPX.01068 are not admitted.

---

SPX.01102; SPX.01103; SPX.01104; SPX.01106; SPX.01107; SPX.01109; SPX.01110; SPX.01112; SPX.01113; SPX.01114; SPX.01115; SPX.01116; SPX.01117; SPX.01119; SPX.01120; SPX.01121; SPX.01126; SPX.01127; SPX.01128; SPX.01130; SPX.01131; SPX.01132; SPX.01133; SPX.01134; SPX.01136; SPX.01139; SPX.01140; SPX.01141; SPX.01142; SPX.01143; SPX.01144; SPX.01145; SPX.01146; SPX.01148; SPX.01150; SPX.01151; SPX.01152; SPX.01153; SPX.01155; SPX.01157; SPX.01158; SPX.01159; SPX.01160; SPX.01161; SPX.01162; SPX.01163; SPX.01164; SPX.01165; SPX.01166; SPX.01168. Three of these exhibits were admitted in their entirety in *Robinson*. Dkt. No. 178-1, at 64.

The Government also objects SPX.01168, photographs from Hurricane Rita, based on *Daubert*. Dkt. No. 178-1, at 68. The court has ruled that this exhibit is not admitted for lack of foundation. Therefore, a *Daubert* analysis is unnecessary.

For these reasons, the court rules that seventy-nine of the ninety-two multimedia and miscellaneous documents exhibits are admissible. *See* Court Exhibit A § II.A.1.m; Court Exhibit B § II.A.1.m.

### 2.     *Robinson* Exhibits.[32]

On December 5, 2011, the Government filed a Motion To Exclude *Robinson* Material Not Independently Admissible In This Action ("Gov't Mot."). The Government objects to the "blanket admission of evidence presented in *Robinson*" on three grounds. Gov't Mot. at 1.

First, the *Robinson* record "does not address the proof elements Plaintiffs must establish in this case," because that case "involved analysis of the flooding incident to a single event—Hurricane Katrina." Gov't Mot. at 2. It is impossible to "generalize possible flooding scenarios from one storm to another," and "the physical features on the ground . . . are significantly different today[.]" Gov't Mot. at 3.

Second, the *Robinson* trial transcripts are inadmissible hearsay. Gov't Mot. at 3–5 (citing FED. R. EVID. 801(c)(1)–(2) (defining hearsay as a statement "the declarant does not make while testifying at the current trial or hearing . . . offer[ed] in evidence to prove the truth of the matter asserted"); *Anderson v. United States*, 417 U.S. 211, 219–20 (1974) (holding that prior trial testimony is not admissible to prove the truth of the matter asserted); *Trs. of Univ. of Pa. v. Lexington Ins. Co.*, 815 F.2d 890, 905 (3d Cir. 1987) (same); *United States v. Arias*, 575 F.2d 253, 254 n.1 (9th Cir. 1978) (same)). In addition, the Government "had neither the opportunity nor similar motive to examine any witness who testified in *Robinson*," so the *Robinson* testimony does not satisfy Rule 804(b) of the Federal Rules of Evidence. Gov't Mot. at 5 (citing FED. R. EVID. 804(b)(1)(A)–(B) (excepting from the hearsay rule testimony "given as a witness at trial, hearing, or lawful deposition, whether given during the current proceeding or a different one," if the party against whom the testimony is now offered had "an opportunity and similar motive to develop [the testimony] by direct, cross-, or redirect examination")).

Third, Plaintiffs failed to "designate[] any specific testimony from [*Robinson*] to offer as evidence in this trial" or to "make . . . disclosures of any of the *Robinson* reports." Gov't Mot. at 5–6 (citing RCFC App. A ¶ 15(b) ("Any party intending to present substantive evidence by way of deposition testimony . . . shall serve and file a separate motion for leave to file the transcript of such testimony."); RCFC 26(a) (governing the duty to disclose during discovery)). This contravenes the RCFC's and Federal Rules of Evidence's attempts to prevent such "last minute and undisclosed disclosure." Gov't Mot. at 7.

In this case, Plaintiffs seek to admit testimony and expert reports from *Robinson*. The Government first argues that *Robinson* analyzed only Hurricane Katrina, whereas this case involves multiple flooding events. Gov't Mot. at 2–3. But, complete identity of issues is not

---

[32] For a list of *Robinson* exhibits, see Court Exhibit A § II.A.2.

relevant to a hearsay analysis. *See* 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2150 (3d ed.) ("[S]ubstantial identity of issues, rather than precisely the same subject matter, is all that is required.").

Much of the *Robinson* evidence proffered by Plaintiffs in this case was testimony by Government employees or experts. As such, it is not hearsay. *See* FED. R. EVID. 801(d)(2)(C) (stating that statements "offered against an opposing party" and "made by the party's agent or employee on a matter within the scope of that relationship and while it existed" are not hearsay). Other *Robinson* evidence was given under "circumstantial guarantees of trustworthiness," *i.e.*, at trial; is "offered as evidence of a material fact," *e.g.*, the Army Corps constructed the MR-GO; "is more probative . . . than any other evidence" reasonably obtainable; and "will best serve the . . . interests of justice," *e.g.*, judicial efficiency and a comprehensive factual record. *See* FED. R. EVID. 807(a). As such, this evidence is admissible under the residual exception to the hearsay rule.

Moreover, on February 25, 2011, the court notified the parties that it planned to admit the *Robinson* record, but the Government did not object for over nine months. 2/25/11 TR at 10–11. Thus, the Government's argument that the *Robinson* evidence constituted a last-minute and undefined disclosure is inaccurate. The parties cited *Robinson* in their briefs and prepared for trial with the understanding that *Robinson* evidence would be admitted. Dkt. No. 144, at 42 (Government Pre-Trial Brief); 11/1/10 TR at 13–14 (explaining that Plaintiffs would "need to redepose some people," if the *Robinson* materials were inadmissible). As such, the Government waived its argument that the *Robinson* record should not be admitted. *See United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 882 (Fed. Cir. 1997) (holding that the United States Court of Appeals for the Federal Circuit "places waiver within the discretion of the trial court, consistent with its broad duties in managing the conduct of cases pending before it").

Finally, the court has taken judicial notice of the *Robinson* record. Federal Rule of Evidence 201(b) provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Even though "[m]atters of record in other courts are usually denied notice," 2 MCCORMICK ON EVIDENCE § 330 (7th ed. 2013), the United States Court of Appeals for the Federal Circuit has taken judicial notice of proceedings before other courts and tribunals. *See, e.g.*, *Old Reliable Wholesale, Inc. v. Cornell Corp.*, 635 F.3d 539, 549 (Fed. Cir. 2011) ("[T]his court can take judicial notice of the fact that the [Patent and Trademark Office] . . . issued a notice of intent to issue a reexamination certificate confirming the patentability of all claims of the '950 patent."); *Advanced Software Design Corp. v. Fed. Reserve Bank*, 583 F.3d 1371, 1379 n.3 (Fed. Cir. 2009) (taking judicial notice of bid protest proceedings at the Government Accountability Office but "stat[ing] no view on the merits"); *Phonometrics, Inc. v. Hospitality Int'l, Inc.*, 120 F. App'x 341, 344–45 (Fed. Cir. 2005) (holding that the district court did not err in taking judicial notice of "facts in another case," because the court "merely recognized that the transcripts of prior court proceedings were sources 'whose accuracy cannot reasonably be questioned'"). The Government has not argued that the *Robinson* evidence's accuracy can reasonably be questioned. As such, the court rules that the proffered evidence from *Robinson* is "not subject to reasonable dispute" and is subject to judicial notice. FED. R. EVID. 201(b).

For these reasons, the court rules that the *Robinson* exhibits are admissible. *See* Court Exhibit A § II.A.2.

### B.    Court Exhibit.[33]

During trial, the court marked Dr. G. Paul Kemp's testimony from *Robinson* as Court Exhibit 9.  12/12/11 TR at 203.  Because the court rules that the *Robinson* exhibits are admissible, Court Exhibit 9 is admitted.  *See* Court Exhibit A § II.B.

## III.    THE PARTIES' EXPERT WITNESSES.

The parties each proffered the testimony of two expert witnesses for the December 12, 2011 to December 15, 2011 liability trial.  The court ruled above that Plaintiffs' experts, Dr. Joseph N. Suhayda and Dr. G. Paul Kemp, were qualified as experts.  *See* Section II.A.1.e.  The Government proffered Dr. Louis D. Britsch III[34] and Dr. Donald T. Resio[35] as experts.  Both Drs. Britsch and Resio have extensive educational qualifications and professional experience in relevant fields.  Therefore, the court rules that Drs. Britsch and Resio are qualified as expert witnesses and that their testimony: "will help the trier of fact to understand the evidence"; "is based on sufficient facts or data"; "is the product of reliable principles and methods"; and "the expert has reliably applied the principles and methods to the facts[.]"  FED. R. EVID. 702.

## IV.    CONCLUSION.

The documents listed in Court Exhibit A are admitted as evidence.  *See* Court Exhibit A.  The documents listed in Court Exhibit B are not admitted as evidence.  *See* Court Exhibit B.

The entire record submitted in this case contains additional documents, and this Memorandum Opinion And Final Order On Evidentiary Issues does not withdraw these other documents from the record of this case.  In addition to the documents identified above, the record of this case includes documents attached to multiple pleadings.  By way of example, these documents include those submitted in briefing related to the Government's October 4, 2006 Motion To Dismiss (Dkt. Nos. 27–34); briefing related to the Government's November 7, 2008

---

[33] The Government previously objected to the wholesale admission of *Robinson* trial evidence in this matter and objects to the use of Court Exhibit 9 in this case for the truth of the matter asserted.

[34] Dr. Louis D. Britsch, III is a geologist who manages the Geology Unit of the New Orleans District of the United States Army Corps of Engineers.  He obtained his B.S. in Geology from Nicholls State University, his M.S. in Geology from Tulane University, and his Ph.D in Coastal Geology from the University of New Orleans.  He has worked for the Army Corps for the past twenty-seven years.  *See* 12/8/11 Britsch Direct at 1.

[35] Dr. Donald T. Resio is the Director, Taylor Engineering Research Institute, at the University of North Florida.  He obtained an undergraduate, masters, and doctoral degrees from the University of Virginia.  His doctorate is in Environmental Science: Earth Sciences.  *See* 12/8/11 Resio Direct at 2–4.

Motion For Summary Judgment (Dkt. Nos. 67, 70, 74); briefing related to the the Government's June 3, 2011 Motion For Summary Judgment (Dkt. Nos. 106, 107, 113, 114, 118, 119); briefing related to the Government's October 8, 2011 Motion To Dismiss The Claims Of Plaintiffs Tommoso "Tommy" G. Tommaseo And Gwendolyn And Henry Adams (Dkt. Nos. 127, 148, 153); briefing related to Plaintiffs' June 22, 2010 Motion For Class Certification (Dkt. Nos. 91, 207); and briefing related to the Government's September 26, 2013 Motion For Partial Summary Judgment Regarding Federal Grant Offsets (Dkt. Nos. 222, 235).

The Government's December 5, 2011 Motion To Exclude is now moot.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**